# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLAINTIFFS ) | |
| ) | |
| HAROLD D. LONG ) | |
| SHERRIE K. LONG ) | CIVIL CASE NO:_____ |
| 1937 Delaroche Drive West ) | |
| JACKSONVILLE, FL 32210 ) | |
| (904) 783-6423 ) | |
| ) | COMPLAINT FOR CIVIL DAMAGES |
| ) | |
| V. ) | UNDER 26 USC §7432 and §7433 |
| ) | |
| DEFENDANTS ) | |
| ) | (Jury Trial Requested) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| 1111 Constitution Avenue, NW ) | |
| Washington, DC 20224 ) | |
| _____ | |

# **COMPLAINT**

1. Plaintiffs Sherrie K. Long and Harold D. Long complain of Defendants United States of America and Internal Revenue Service and seek damages for Illegal Tax Collections under 26 U.S.C. 7433 and for an illegal tax lien under 26 U.S.C. 7432.

**INTRODUCTION**

2. This complaint is being filed under FRCP 4.

3. Plaintiffs request trial by jury, pursuant to FRCP 38.

4. This is an action brought under 26 U.S.C. 7432 and 7433.

5. Defendant is a federal agency, and Plaintiff is a citizen and resident of Duval County, Florida.

6. This Court has jurisdiction to hear this case. "The United States may be named a party in any civil action or suit in any district court... (1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 USC §2410. When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action. *Brewer v. C.I.R.*, 430 F. Supp. 2d 1254, 1255 (S.D. Ala. 2006).

7. Taxpayer's allegations that the Internal Revenue Service (IRS) imposed tax liens to collect taxes that he did not actually owe, that the IRS failed to release those liens despite taxpayer's requests that it do so, and that the IRS failed to develop proper procedures governing the collection of unpaid taxes alleged misconduct in connection with the collection of income taxes, such that taxpayer's claims for damages based on these allegations fell within the limited waiver of sovereign immunity in statute permitting taxpayer suits for damages for misconduct in the collection of tax. *Buaiz v. U.S.*, D.D.C.2007, 471 F.Supp.2d 129. United States ⇐ 125(20)

8. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 as this action involves federal statutes and Defendant Internal Revenue Service is a federal agency.

9. I.R.C. § 7432 waives the government's sovereign immunity for private causes of action for civil damages arising from the IRS's failure to release a lien.

10. "If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 USC § 7432.

11. Defendant is liable to the plaintiff for damages in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of (1) actual, direct economic damages sustained by the Plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and (2) the costs of the action – for illegal Internal Revenue Service levies on plaintiff's assets, return of monies illegally taken plus interest. 26 U.S.C.A. § 7433(b) and § 301.7433-1.

12. This complaint involves Defendant's failure to release a lien against Plaintiffs' real property and Defendant's liability to plaintiffs for damages and costs. The facts and the law will clearly show that Defendant interfered with Plaintiffs' right to use and dispose of their property while Defendant did not follow legally prescribed methods in placing liens on Plaintiffs' home.

**FACTS**

13. On November 30, 2004, Plaintiffs were supposed to close on the sale of their home so that they could move to another state to take care of Mrs. Long's father who is ill and living by himself. They packed up their four bedroom house, garage and attic. At the closing, they were told by an attorney that they could sell their home, but they would have to turn over the money to the IRS.

14. Plaintiffs learned that the IRS unlawfully placed five Notices of Liens on their home totaling $52,617.29. Plaintiffs were shocked since they did not previously receive a notice for any liens and did not become aware of them until the closing.

15. Plaintiffs, their daughter, and Mrs. Long's father were very upset by this disturbing news and suffered severe and unnecessary hardship. If they had known about the liens, they surely would not have placed their home on the market, packed up all their belongings, went through the process of showing their home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

16. The illegal liens caused the cancellation of a closing on the sale of Plaintiffs' home, prevented Plaintiffs from selling their property but still incurred immense costs – such as real property taxes, legal fees, maintenance, etc.

17. One of the major maintenance issues at Plaintiffs' home is a 17 by 43 foot beautiful in-ground pool. At the time of the closing, it was in a perfect condition. Since Plaintiffs could not close on their home, they had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, Plaintiffs had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, Plaintiffs have a dirt hole with concrete around it. It breaks their hearts every time they see their backyard in this manner.

18. Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with Defendant's illegal actions caused Plaintiffs anxiety, emotional distress, mental anguish, severe health problems.

19. The five liens on Plaintiffs' home could be described as follows:

   1) Lien A with a serial # 599731923 was issued on March 13, 1997 (Exhibit A on the List of Exhibits to be filed separately).

   2) Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000 (Exhibit B, see list of exhibits).

   3) Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77 (Exhibit C, see list of exhibits).

4) Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500 (Exhibit D, see list of exhibits).

5) Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80 (Exhibit E, see list of exhibits).

20. Every day the invalid liens are attached to Plaintiffs' property, Plaintiffs are financially and emotionally damaged. Plaintiffs bring this action against Defendant seeking (1) removal of these illegal liens, (2) costs for Defendant's failure to remove the unlawful liens, and (3) monetary damages.

**LEGAL ARGUMENT**

21. Today, the IRS has five tax liens against Plaintiffs' property which are defective or illegal. A prospective purchaser of Plaintiffs' home would be misled by these liens which harm Plaintiffs in many ways. These liens are illegal and should be removed.

22. First, the tax liens were invalid simply because Defendant failed to notify Plaintiffs as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify Plaintiffs in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

23. 26 U.S.C. § 6320 and 26 U.S.C. § 6330 extend different rights to a taxpayer. Section 6320 provides for an administrative hearing and administrative appeal after the IRS files a notice of a federal tax lien. See 26 U.S.C. § 6320(a)(3)(B) & (C). Section 6330 provides for an administrative hearing and a court appeal before the IRS can actually levy on the property. See id. § 6330(b) & (d).

24. Section 6320 specifies the timing and content of a notice to a taxpayer upon filing a notice of lien and grants the right to a fair hearing upon request. See 26 U.S.C. § 6320(a) & (b). The hearing must be conducted by an IRS employee who has had no prior involvement with respect to the unpaid tax unless the taxpayer waives that requirement. Id. § 6320(b)(3).

25. Section 6320 also sets forth procedures applicable to afford protections for taxpayers in lien situations. Section 6320(a)(1) establishes the requirement that the Secretary notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323. This notice required by section 6320 must be sent not more than 5 business days after the notice of tax lien is filed and must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals. Sec. 6320(a)(2) and (3). Section 6320(b) and (c) grants a taxpayer, who so requests, the right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).

26. Defendant failed to issue Plaintiffs a notice as required by 26 USC § 6320 (a)(2). Defendants' failure caused Plaintiffs to miss an opportunity for an administrative review of the matter or to request a fair hearing under 26 USC § 6320(b). Plaintiffs do certainly want to be heard.

27. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394; *Louisville & N. R. Co. v. Schmidt*, 177 U.S. 230, 236, 44 S. L. ed. 747, 750, 20 Sup. Ct. Rep. 620; *Simon v. Craft*, 182 U.S. 427, 436, 45 S. L. ed. 1165, 1170, 21 Sup. Ct. Rep. 836. "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552. (1965). "The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Matthews v. Eldridge*, 424 U.S. 319 (1976).

28. Plaintiffs request that this Court orders the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1)(D)

29. Plaintiffs request that this Court orders the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any lien imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal and must be removed.

30. "Language borrowed from the United States Supreme Court in another tax case, which illuminates the duty owed by the Government under appropriate circumstances is: 'If that which the sovereign retains was unjustly taken in violation of its own statute, the withholding is wrongful. The unjust detention is immoral and amounts in law to a fraud on the taxpayer's rights.' *Bull v. United States*, 295 U.S. 247, 260, 261, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935)." Id.

31. "If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 USC § 7432.

32. In addition, the recording of three notices of federal tax lien against taxpayer in the public record involved the "collection of a federal tax" by the Internal Revenue Service (IRS), within the meaning of statute providing exclusive remedy for intentional, reckless, or negligent disregard of tax code in connection with the collection of federal tax. *Evans v. U.S.*, D.D.C.2007, 2007 WL 869039. <u>Internal Revenue 4915</u>

33. On that basis, the recording of five illegal liens in public record against Plaintiffs' property can be defined as an unauthorized collection of federal tax – and therefore entitles Plaintiffs for damages under 7432 for the illegal lien and under 7433 for unauthorized collection.

34. It is clear that Defendant is not following the prescribed methods in acquiring Plaintiffs' assets. Therefore, Plaintiffs must be compensated for the improper tax collection practices taken against them.

35. Since the liens are unquestionably invalid, they should be removed. Keeping these incorrect liens on record harms Plaintiffs in many ways. Plaintiffs request from this court to order (Writ of Mandamus) the Secretary (the IRS) to issue a Certificate of Release and notify the county clerk to release the NFTL.

**EXHAUST ADMINISTRATIVE REMEDIES**

36. Since the time of the wrongful lien, Plaintiff had sent the IRS dozens of letters. The IRS was clearly notified several times that the liens were illegal because Plaintiffs never received their notice.

37. Plaintiffs have exhausted their administrative remedies by filing many administrative claims. Please refer to Exhibits G through AC (see list of exhibits).

38. In addition to these administrative claims, Plaintiffs also engaged in correspondence with courts, departments, and officials.

**DAMAGES**

39. Claim that IRS agent failed to release illegal liens with knowledge or negligence alleged sufficient facts to assert damages against the United States; government was sufficiently apprised of alleged conduct to defend itself. *Kersting v. U.S.*, D.Hawai'i 1992, 818 F.Supp. 297, affirmed 206 F.3d 817. Internal Revenue ⚖4915

40. According to 26 U.S.C.A. § 7433(b) and § 301.7433-1, Defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of— (1) actual, direct economic damages sustained by the Plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and (2) the costs of the action.

41. According to 26 U.S.C.A. § 7432(b), and upon a finding of liability, "the defendant shall be liable to the plaintiff in an amount equal to the sum of - (1) actual, direct economic damages sustained by the plaintiff which, but for the actions of the defendant, would not have been sustained, plus (2) the costs of the action."

42. Plaintiffs have exhausted their administrative remedies and are entitled to damages.

43. The illegal liens caused the cancellation of a closing on the sale of a piece of property owned by Plaintiffs who were unable to sell the property but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

44. Plaintiffs are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate. They have no alternative remedy by law.

45. The injuries for this claim include severe and unnecessary hardship to Plaintiffs' family. The cancellation of the sale of their home prevented them from moving to another state to take care of Mrs. Long's father. They were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

46. Due to reasons outlined herein, Plaintiffs suffered a number of damages due to the reckless, intentional, or negligent actions committed by Defendant or its officer, employee, or agent. The illegal IRS actions caused immense financial hardship to them.

47. Further, Plaintiffs were forced to hire and retain tax professionals to assist them, to write letters and explain avenues of contesting some IRS illegal measures against them. Plaintiffs experienced immense costs in attempting to remove illegal liens. Plaintiffs have expended a vast amount of time and resources in contesting these invalid liens.

48. The illegal liens on plaintiffs' real property, the cancellation of the closing, and other illegal collection measures taken against Plaintiffs caused severe and unnecessary financial hardship to Plaintiffs and their family. They were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

49. Plaintiffs lost use of their money, plus reasonable interest.

50. Plaintiffs' damages include, but not limited to:

   A. The illegal liens on Plaintiffs' home for the amount of $52,617.29;

   B. Costs for the cancellation of the sale and contesting the illegal liens;

   C. Damages permitted under Sections 7432 and 7433 and other relief the Court deems appropriate;

   D. Attorney's fees and costs.

51. Plaintiffs request that damages permitted under Sections 7432 and 7433 be <u>multiplied</u> by the number of IRS violations committed against Plaintiffs.

52. This Court should grant Plaintiffs the damages they seek and other relief authorized by law and/or this Court deems appropriate.

## **CONCLUSION**

53. The Congress of the United States enacted the Unauthorized Tax Collection Act as part of the Taxpayer Bill of Rights II. The elected representatives of the people passed remedial legislation governing the conduct of IRS agents in collecting taxes. In order to encourage citizens like plaintiff who were aggrieved, Congress made this a self-help enactment with ample provisions for attorney fees and damages, similar to other federal bounty hunter statutes.

54. This Court should encourage government attorneys to expediently resolve and settle cases, instead of fighting them while knowing that the IRS is

at fault. To encourage quick settlement, judicial economy, and fairness to common citizens, this court should maximize damages against Defendant.

55. Plaintiffs requests that this Honorable Court do grant the removal of the illegally issued notices of federal tax lien from Plaintiffs' property, consider these notices null and void, and grant Plaintiffs damages, fees, costs, and other relief allowed by law or the Court deems appropriate.

WHEREFORE Plaintiffs request that this Honorable Court do grant the relief herein requested, along with fees, costs, and other relief the Court deems appropriate.


__/s/Elias Aoun_____                    Date: May 16, 2008

**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**E-mail: Lawyer2008@yahoo.com**
**Cell Phone 202-257-7796**

# CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

## I (a) PLAINTIFFS
Harold D. Long
Sherrie K. Long

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Duval County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)  88888

## DEFENDANTS
United States of America, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Elias Aoun
1730 N. Lynn Street # A-22
Arlington, VA 22209-2004
(202) 257-7796

Case: 1:08-cv-00849
Assigned To : Friedman, Paul L.
Assign. Date : 5/16/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)**   OR   **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☒ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
26 USC 7432 & 26 USC 7433 -- Damages for illegal tax collection measures.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐  NO ☒   If yes, please complete related case form.

DATE May 16, 2008   SIGNATURE OF ATTORNEY OF RECORD *Elias Aoun*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.