# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAROLD D. LONG | ) | |
| SHERRIE K. LONG | ) | CIVIL CASE NO: **1:08-cv-00849** |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | LIST OF EXHIBITS AND EXHIBITS |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# LIST OF EXHIBITS AND EXHIBITS

Plaintiffs file this "List of Exhibits and Exhibits" to accompany their complaint filed on May 16, 2008.

Following are the exhibits as listed in the Complaint with the numbers/letters, a brief description, and dates:

**Part I:**     **Notices of Federal Tax Liens**

A.    Exhibit A:   IRS Notice of Federal Tax Lien with a serial # 599731923 and issued on March 13, 1997 for the amount of $6,690.72.

B.    Exhibit B:   IRS Notice of Federal Tax Lien with a serial # 599855578 and issued on September 29, 1998 for the amount of $3,000.

C.    Exhibit C:   IRS Notice of Federal Tax Lien with a serial # 599857629 and issued on December 9, 1998 for the amount of $3,500.77.

D.    Exhibit D:   IRS Notice of Federal Tax Lien with a serial # 599961650; issued on August 23, 1999 for the amount of $5,500.

E.     Exhibit E:   IRS Notice of Federal Tax Lien with a serial # 141294803; issued on October 29, 2003 for the amount of $33,925.80.

F.     Exhibit F:   (omitted/removed)

**Part II:     <u>Plaintiffs' Administrative Letters sent to the IRS</u>**

G.     Exhibit G:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on June 21, 2007 to the IRS office in Atlanta, GA.

H.     Exhibit H:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on June 25, 2007 to the IRS office in Atlanta, GA.

I.     Exhibit I:   A "Request for Release of Lien" letter sent by Plaintiffs on July 2, 2007 to the IRS office in Jacksonville, FL.

J.     Exhibit J:   A "Request for Release of Lien" letter sent by Plaintiffs on July 30, 2007 to the IRS office in Tallahassee, FL.

K.     Exhibit K:   A "Request for Release of Lien" letter sent by Plaintiffs on July 30, 2007 to the IRS office in Maitland, FL.

L.     Exhibit L:   A "Request for Release of Lien" letter sent by Plaintiffs on July 30, 2007 to the IRS office in Gainesville, FL.

M.     Exhibit M:  A "Request for Release of Lien" letter sent by Plaintiffs on July 30, 2007 to the IRS office in Tampa, FL.

N.     Exhibit N:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on January 31, 2008 to the IRS office in Atlanta, GA.

O.   Exhibit O:  A "Request for Release of Lien" letter sent by Plaintiffs on January 31, 2008 to the IRS office in Jacksonville, FL.

P.   Exhibit P:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on February 20, 2008 to the IRS office in Atlanta, GA.

Q.   Exhibit Q:  A "Request for Release of Lien" letter sent by Plaintiffs on February 20, 2008 to the IRS office in Jacksonville, FL.

R.   Exhibit R:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on April 22, 2008 to the IRS office in Jacksonville, FL.

S.   Exhibit S:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on April 22, 2008 to the IRS office in Atlanta, GA.

T.   Exhibit T:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on April 22, 2008 to the IRS office in Gainesville, FL.

U.   Exhibit U:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on April 22, 2008 to the IRS office in Tampa, FL.

V.   Exhibit V:  An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on April 22, 2008 to the IRS office in Maitland, FL.

W.     Exhibit W: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiffs on April 22, 2008 to the IRS office in Tallahassee, FL.

X.     Exhibit X:   A "Request for Release of Lien" letter sent by Plaintiffs on April 23, 2008 to the IRS office in Tampa, FL.

Y.     Exhibit Y:   A "Request for Release of Lien" letter sent by Plaintiffs on April 23, 2008 to the IRS office in Atlanta, GA.

Z.     Exhibit Z:   A "Request for Release of Lien" letter sent by Plaintiffs on April 23, 2008 to the IRS office in Jacksonville, FL.

AA.    Exhibit AA: A "Request for Release of Lien" letter sent by Plaintiffs on April 23, 2008 to the IRS office in Tallahassee, FL.

BB.    Exhibit AB: A "Request for Release of Lien" letter sent by Plaintiffs on April 23, 2008 to the IRS office in Gainesville, FL.

CC.    Exhibit AC: A "Request for Release of Lien" letter sent by Plaintiffs on April 23, 2008 to the IRS office in Maitland, FL.

**CERTIFICATE OF SERVICE:** I hereby certify that this document was served on May 27, 2008, on Defendant by electronic service.

Respectfully submitted,

_/s/  Elias Aoun_____                    Date: May 27, 2008
**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**Cell Phone 202-257-7796**

Exhibit A

Form 668 (Y)(c)
(Rev. October 1999)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| NORTH FLORIDA | 599731923 | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Book 8571   Pg   651**

Bk: 8571
Pgs   651
DocH 97057291
Filed & Recorded
03/19/97
06:49:20 A.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

| Name of Taxpayer | HAROLD D LONG |
|---|---|

| Residence | 1937 DELAROCHE DR W<br>JACKSONVILLE, FL  32210-2429 |
|---|---|

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ended<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/93 | 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 | 11/18/96 | (12/18/06) | 6690.72 |
| | | | | *Exp* | |

Place of Filing
CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE,  FL  32202

| Total | $ | 6690.72 |
|---|---|---|

This notice was prepared and signed at  **Jacksonville, FL** , on this,

**13th** day of  **March** , 19 **97**

STOP 5730 SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST  STE 35046
JACKSONVILLE FL  32202-4437

| Title | MANAGER 59-01-0000 |
|---|---|

NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien
(Ref. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office        Form 668 (Y) (c) (Rev. 10/99)

Form 668 (Y)(c)
(Rev. 1997)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

**Exhibit B**

| | | | |
|---|---|---|---|
| District | NORTH FLORIDA | **Serial Number** 599855578 | For Optional Use by Recording Office |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Book 9092    Pg   1348

Bk: 9092
Pg: 1348
Doc# 98244617
Filed & Recorded
10/07/98
10:07:18 A.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

**Name of Taxpayer**   HAROLD D LONG

**Residence**   PO BOX 6381
JACKSONVILLE, FL 32236

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| CIVP | 12/31/1985 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1986 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1987 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1988 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1989 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1990 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |

E+P

| Place of Filing | | | |
|---|---|---|---|
| | CLERK OF CIRCUIT COURT DUVAL COUNTY JACKSONVILLE, FL 32202 | Total $ | 3000.00 |

This notice was prepared and signed at   Jacksonville, FL   , on this,
the   29th   day of   September   1998.

STOP 5750 SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 32202-4437

| Signature | Title | Revenue Officer 59-01-1118 (904) 279-1672 |
|---|---|---|
| W. C. WALKER | | |

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - KEPT BY RECORDING OFFICE

Form 668 (Y) (c)  (Rev. 8-97)
CAT. NO 60025X

Exhibit C

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| | Serial Number | For Optional Use by Recording Office |
|---|---|---|

FLORIDA

599857629

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Book 9164  Pg  1067

Bks  9164
Pg  1067
Doc# 98306650
Filed & Recorded
12/17/98
02:32:35 P.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

Name of Taxpayer  HAROLD D LONG

PO BOX 6381
JACKSONVILLE, FL 32236

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|
| 12/31/1991 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1992 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1993 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1994 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1995 | 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 | 09/07/1998 | 10/07/2008 | 1000.77 |
| 12/31/1996 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |

Exp

CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total $  3500.77

This notice was prepared and signed at Jacksonville, FL

on this, 595th day of December 1998

STOP 5750  SP/FL/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST  STE 35045
JACKSONVILLE FL 32202-4437

Title  Revenue Officer 59-01-1115
(904) 279-1672

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - KEPT BY RECORDING OFFICE

Form 668 (Y)(c)  (Rev. 6-97)
CAT. NO 60025X

**Exhibit D**

Form 668 (Y)(c)
(Rev. August 1997)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

NORTH FLORIDA

Serial Number

For Optional Use by Recording Office

599961650   Book 9401   Pg   368

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer   SHERRIE K LONG

Bk:   9401
Pg:   368
Doc# 98819070
Filed & Recorded
09/01/98
09:08:17 A.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

Residence   PO BOX 6381
JACKSONVILLE, FL 32236-6381

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6702 | 12/31/1985 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1986 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1987 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1988 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1989 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1990 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1991 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1992 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 6702 | 12/31/1993 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 6702 | 12/31/1994 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 6702 | 12/31/1995 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |

Exp

Place of Filing   CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total $   5500.00

This notice was prepared and signed at Jacksonville, FL, on this,
25th day of   August   1998.

Signature   Title

STOP 5780 SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 32202-4437

Revenue Officer 59-01-1115
(904) 279-1672

(Note: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - Kept by Recording Office

Form 668 (Y) (c)   (Rev. 8-97)
CAT. NO 60025X

1008

**Department of the Treasury - Internal Revenue Service**

# Notice of Federal Tax Lien

668 (Y)(c)
(October 2000)

**Exhibit E**

| Area: | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| WAGE & INVESTMENT AREA #3 Lien Unit Phone: (800) 829-7650 | 141294803 | |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Doc# 2003386935

Filed & Recorded
11/25/2003   03:44:38 PM
JIM FULLER
CLERK CIRCUIT COURT
DUVAL COUNTY
RECORDING        $   5.00
TRUST FUND       $   1.00

**Name of Taxpayer** HAROLD D LONG

**Residence**     PO BOX 6381
JACKSONVILLE, FL 32236-6381

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1992 | 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 | 02/10/2003 | 03/12/2013 | 8532.56 |
| 1040 | 12/31/1994 | 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 | 03/03/2003 | 04/02/2013 | 6453.89 |
| 1040 | 12/31/1995 | 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 | 03/10/2003 | 04/09/2013 | 18939.35 |

Doc# 2003386935
Book: 11496
Page: 1657
Filed & Recorded
11/25/2003  03:44:38 PM
JIM FULLER
CLERK CIRCUIT COURT
DUVAL COUNTY
RECORDING        $   5.00
TRUST FUND       $   1.00

**Place of Filing**

CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

**Total** $     33925.80

This notice was prepared and signed at _____ JACKSONVILLE, FL _____ , on this,

the __29th__ day of __October__ __2003__

INTERNAL REVENUE SERVICE
STOP 5720, ACS LIENS
400 W BAY STREET #701
JACKSONVILLE FL 32202

Signature _Deborah J MacMillan_     Title ACS     (800) 829-7650     13-00-0000

for E RAVENAL

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409.)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60026X

**Exhibit G**

Harold & Sherrie Long
P.O. Box 6381
Jacksonville, Florida 32236

June 21, 2007

Certified Mail  Return Receipt Requested # 7004 1350 0001 5583 7937

IRS
Attn: Compliance Technical Support Manager
IRS Office
Atlanta, Georgia 39901-0002

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS § 7433 & 26 CFR § 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC §7433 and CFR §301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), We are required to
exhaust our administrative remedies. This letter is to satisfy that purpose. We intend to file
a civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against us.

Under CFR 301.7433 (e) (2), We must inform you of the following:

1. Our name and address is above. Our telephone number and identification number are
below. The best time to call me is from 12:00 p.m. to 5:00 p.m.

2. The grounds of our claim for damages include:

A. IRS unlawfully placed five Notices of Liens on our home the amount of $53,000. We
did not find this out until we went to sell our packed up home and went to the closing. We
had no notice from anyone for any of the five notices.

B. The amount of the Notices of Federal Tax lien totaled was $53,000. With this kind of
money involved someone should have sent us a letter or something!!!

C. IRC 6320 (a) (2) requires the IRS to notify the taxpayer in 5 business days of filing
any notice of federal tax lien. You failed to do that.

D. The signature on these Notices of Liens was the signature of an IRS agent. The IRS
also violated the Uniform Federal Lien and Registration Act which requires that a

certification signed by a delegated federal agent must accompany all federal liens.

3. The injuries for this claim include:

A. Severe and unnecessary hardship to us and our family. We were denied the sale of our home. Twenty-seven years of marriage was already packed up to move, so we could help take care of Sherrie's father in another state. Further, we were forced to move back in and try to figure out where everything was clothes, items needed daily. Then, we had to write letters to change our address back to what it had been.

B. This robbery of our home caused anxiety, emotional distress, mental anguish, severe health problems, etc. for me, my wife, daughter and Sherrie's Father. Sherrie will never be the same person.

C. Also, we were unable to pay our bills, as Harold quit his job to move and had to find another job to pay house payments (so the mortgage company would not foreclose), electricity, water phone, etc.

4. The dollar amount of the claim includes:

A. $24,000 for the illegal liens you placed on our home, which prevented the sale from going through and all the costs for the cancellation of the sale of our home and moving.

B. $40,000 for mental anguish, emotional distress, anxiety, etc.

C. $100, 000 minimum statutory damages.


In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.


Yours:
Harold and Sherrie Long

*Harold D Long*          *Sherrie Long*

Telephone Number (904)-783-6423
Identification Numbers  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    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

Harold & Sherrie Long
P.O. Box 6381
Jacksonville, Florida 32236

**Exhibit H**

June 25, 2007

IRS
Attn: Compliance Technical Support Manager
IRS Office
Atlanta, Georgia 39901-0015

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS § 7433 & 26 CFR § 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC §7433 and CFR §301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), We are required to
exhaust our administrative remedies. This letter is to satisfy that purpose. We intend to file
a civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against us.

Under CFR 301.7433 (e) (2), We must inform you of the following:

1. Our name and address is above. Our telephone number and identification number are
below. The best time to call me is from 12:00 p.m. to 5:00 p.m.

2. The grounds of our claim for damages include:

A. IRS unlawfully placed five Notices of Liens on our home the amount of $53,000. We
did not find this out until we went to sell our packed up home and went to the closing. We
had no notice from anyone for any of the five notices.

B. The amount of the Notices of Federal Tax lien totaled was $53,000. With this kind of
money involved someone should have sent us a letter or something!!!

C. IRC 6320 (a) (2) requires the IRS to notify the taxpayer in 5 business days of filing
any notice of federal tax lien. You failed to do that.

D. The signature on these Notices of Liens was the signature of an IRS agent. The IRS
also violated the Uniform Federal Lien and Registration Act which requires that a

certification signed by a delegated federal agent must accompany all federal liens.

3. The injuries for this claim include:
A. Severe and unnecessary hardship to us and our family. We were denied the sale of our home. Twenty-seven years of marriage was already packed up to move, so we could help take care of Sherrie's father in another state. Further, we were forced to move back in and try to figure out where everything was clothes, items needed daily. Then, we had to write letters to change our address back to what it had been.

B. This robbery of our home caused anxiety, emotional distress, mental anguish, severe health problems, etc. for me, my wife, daughter and Sherrie's Father. Sherrie will never be the same person.

C. Also, we were unable to pay our bills, as Harold quit his job to move and had to find another job to pay house payments (so the mortgage company would not foreclose), electricity, water phone, etc.

4. The dollar amount of the claim includes:
A. $24,000 for the illegal liens you placed on our home, which prevented the sale from going through and all the costs for the cancellation of the sale of our home and moving.

B. $40,000 for mental anguish, emotional distress, anxiety, etc.

C. $100,000 minimum statutory damages.


In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.


Yours:
Harold and Sherrie Long

*Harold Long*          *Sherrie Long*

Telephone Number (904)-783-6423
Identification Numbers 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   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

State of Florida)

County of Duval ) Certificate of Mailing

I , the underscribed witness, hereby certify that on the date listed below as date of mailing, I in fact witnessed the undersigned sender mail and post in the facilities of the US Postal Service the attached letter.

Prior to witnessing the sender mailing the said envelope, I personally witnessed the below sender place the attached letter in the aforementioned envelope. I certify to the fact that the attached letter was actually contained in the envelope/package.

I certify that the sender prepared the envelope with the proper amount of postage, with his correct return address, and the envelope was addressed as stated below.

Sender: Harold & Sherrie Long

Date of Mailing: June 27, 2007

Addressee/Agency: IRS Attn. Compliance Technical Support Manager

Address Sent to: IRS Office Atlanta, Georgia 39901-0015

Witness Signature: Pam Vann

Date of Certificate: June 27, 2007

Witness Name (printed) Pam Vann

**Exhibit I**

Harold D. Long
Sherrie K. Long
P.O. Box 6381
Jacksonville, FL 32236

July 2, 2007

Area Director of the IRS or Region of Florida
400 Bay Street
Jacksonville, FL 32202

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for damages for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are below. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A.  IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NTFL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

_Harold D. Long_ _____ 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
Harold D. Long

_Sherrie K. Long_ _____ 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
Sherrie K. Long

904-783-6423

State of Florida)

County of Duval ) Certificate of Mailing

I , the underscribed witness, hereby certify that on the date listed below as date of mailing, I in fact witnessed the undersigned sender mail and post in the facilities of the US Postal Service the attached letter.

Prior to witnessing the sender mailing the said envelope, I personally witnessed the below sender place the attached letter in the aforementioned envelope. I certify to the fact that the attached letter was actually contained in the envelope/package.

I certify that the sender prepared the envelope with the proper amount of postage, with his correct return address, and the envelope was addressed as stated below.

Sender: _Harold D + Sherrie Long_

Date of Mailing: _July 3, 2007_

Addressee/Agency:
_Area Director of IRS ∽ Region of Florida_

Address Sent to: _400 W. Bay Street Jacksonville, FL 32202_

Witness Signature: _Pamela A. Vann_

Date of Certificate: _July 3, 2007_

Witness Name (printed) _Pamela A. Vann_

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Form 668 (Y) (c)
(Rev. October 1999)

1052

For Optional Use by Recording Office

**Serial Number** 599731983

Book 8871   Pg 651

Pks 8871
Pg 651
Doc# 97067891
Filed & Recorded
03/19/97
08:49:03 A.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

District of FLORIDA

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer HAROLD D LONG

Residence 1937 DELAROCHE DR W
JACKSONVILLE, FL 32210-2424

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/93 | 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 | 11/18/96 | 12/18/06 | 6690.72 |

Place of Filing
CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total $ 6690.72

This notice was prepared and signed at Jacksonville, FL , on this,

13th day of March , 19 97 .

Signature E. O'Neal    Title MANAGER 59-01-0000

STOP 5780 SFFLIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 32202-4437

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668 (Y) (c) (Rev. 10/97)

Lein A

Form 3828 (Y) (c)
(Rev. 1997)

**Department of the Treasury - Internal Revenue Service**

## Notice of Federal Tax Lien

*For Optional Use by Recording Office*

Serial Number    **599659679**

Book 9092    Pg 1343

...TH FLORIDA

...provided by sections 6321, 6322, and 6523 of the Internal Revenue
...we are giving a notice that taxes (including interest and penalties)
...n assessed against the following-named taxpayer. We have made
...nd for payment of this liability, but it remains unpaid. Therefore,
...a lien in favor of the United States on all property and rights to
...rty belonging to this taxpayer for the amount of these taxes, and
...nal penalties, interest, and costs that may accrue.

Bk: 9092
Pg: 1343
Dec# 98448617
Filed & Recorded
10/07/98
10:07:13 A.M.
HENRY CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

...Taxpayer    HAROLD D LONG

...ress    PO BOX 5351
JACKSONVILLE, FL 32236                    0

IMPORTANT RELEASE INFORMATION: For each assessment listed below,
unless notice of lien is refiled by the date given in column (e), this notice shall,
on the day following such date, operate as a certificate of release as defined in
IRC 6325(a).

| ...f Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| | | | | | 500.00 |
| ...VP | 12/31/1985 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1986 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1987 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1988 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| ...VP | 12/31/1989 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CTVP | 12/31/1990 | 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 | 06/22/1998 | 07/22/2008 | |

...e of Filing
CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total    $    3000.00

...notice was prepared and signed at _____ Jacksonville, FL _____ , on this,

___29th___ day of _____September_____ , 1998

STOP 5750 SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STR 35045
JACKSONVILLE FL 32202-4437

... W. D WALKER

Title    Revenue Officer 59-01-1115
(904) 279-1672

...e signature of certain officers...ho take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - Kept by Recording Office

Form 668 (Y) (c)    (Rev. 9-97)
CAT. NO 60025X

LienB

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| 1082 | | | For Optional Use by Recording Office |

Serial Number

599857629

FLORIDA

...by sections 6321, 6322, and 6323 of the Internal Revenue
...giving a notice that taxes (including interest and penalties)
...assessed against the following-named taxpayer. We have made
...for payment of this liability, but it remains unpaid. Therefore,
...lien in favor of the United States on all property and rights to
...belonging to this taxpayer for the amount of these taxes, and
...additional penalties, interest, and costs that may accrue.

...payer    HAROLD D LONG

PO BOX 6351
JACKSONVILLE, FL 32236

Book 9164    Pg    1067

Bk: 9164
Pg: 1067
DOCH 99084250
08/30/99 P.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below,
...less notice of lien is refiled by the date given in column (e), this notice shall,
...the day following such date, operate as a certificate of release as defined in
...6325(a).

| Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|
| 12/31/1991 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1992 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1993 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1994 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1995 | 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 | 09/07/1998 | 10/07/2008 | 1000.77 |
| 12/31/1996 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |

| | CLERK OF CIRCUIT COURT DUVAL COUNTY JACKSONVILLE, FL 32202 | Total | $ | 3500.77 |

This notice was prepared and signed at Jacksonville, FL , on this,

STOP 5750  SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST  STE 38045
JACKSONVILLE, FL 32202-4437

...th day of December 1999 .

| Title | Revenue Officer 59-01-1115 (904) 279-1672 |

Form 668 (Y)(c)  (Rev. 5-97)
CAT. NO 60065X

PART 1 - Kept by Recording Office

*Lien C*

1008

**Department of the Treasury - Internal Revenue Service**

## Notice of Federal Tax Lien

For Optional Use by Recording Office

| | |
|---|---|
| INVESTMENT AREA #3 | Serial Number 141294803 |
| Phone: (800) 829-7650 | |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  HAROLD D LONG

Residence   PO BOX 6381,
JACKSONVILLE, FL 32236-6381

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1992 | 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 | 02/10/2003 | 03/12/2013 | 8532.56 |
| 1040 | 12/31/1994 | 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 | 03/03/2003 | 04/02/2013 | 6453.89 |
| 1040 | 12/31/1995 | 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 | 03/10/2003 | 04/09/2013 | 18939.35 |

Book 11436
Page 1637
Filed & Recorded
11/25/2003 02:46:28 PM
JIM FULLER
CLERK CIRCUIT COURT
DUVAL COUNTY
RECORDING      $   5.00
TRUST FUND     $   1.00

| Place of Filing | CLERK OF CIRCUIT COURT<br>DUVAL COUNTY<br>JACKSONVILLE, FL 32202 | Total | $ 33925.80 |
|---|---|---|---|

This notice was prepared and signed at  JACKSONVILLE,  FL                           , on this,

29th  day of  October      2000

Signature  Deborah S Maxwille        Title  ACS (800) 829-7650        13-00-0000

for E RAVENAL

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)        Part 1 - Kept By Recording Office        Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60026X

LIEN D

| | | 1052 | Department of the Treasury - Internal Revenue Service | | | | | |
|---|---|---|---|---|---|---|---|---|

**Notice of Federal Tax Lien**

Serial Number

For Optional Use by Recording Office

599961550    Book   9401    Pg   368

NORTH FLORIDA

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Bk:   9401
Pn:   368
Doc# 98119070
Filed & Recorded
09/01/98
02:06:17 P.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC  $ 6.00

Taxpayer    SHERRIE K LONG

PO BOX 6381
JACKSONVILLE, FL 32236-6381

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 702 | 12/31/1985 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 702 | 12/31/1986 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 702 | 12/31/1987 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 702 | 12/31/1988 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 702 | 12/31/1989 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 702 | 12/31/1990 | 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 | 06/22/1998 | 09/30/2008 | 500.00 |
| 702 | 12/31/1991 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 702 | 12/31/1992 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 702 | 12/31/1993 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 702 | 12/31/1994 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 702 | 12/31/1995 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |

E+P

Place of Filing

CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total  $   5500.00

This notice was prepared and signed at Jacksonville, FL , on this,

23rd day of   August   1998 .

STOP 5760 SFF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 322024437

Signature                     Title   Revenue Officer 59-01-1115
                                      (904) 279-1672

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - Kept by Recording Office                    Form 668 (Y) (c)   (Rev. 6-97)
                                                     CAT. NO 60025X

*Lien E*

Exhibit J

Harold D. Long
Sherrie K. Long
P.O. Box 6381
Jacksonville, FL 32236

July 30, 2007

Area Director of the IRS or Region of Florida
227 N. Bronough Street
Tallahassee, Florida 32301

Attn: Compliance Technical Support Manager
Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for damages for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are below. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A.  IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NTFL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

*Harold D. Long*    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
Harold D. Long

*Sherrie K. Long*
Sherrie K. Long    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

904-783-6423

**Exhibit K**

Harold D. Long
Sherrie K. Long
P.O. Box 6381
Jacksonville, FL 32236

July 30, 2007

Area Director of the IRS or Region of Florida
850 Trafalgar Ct.
Maitland, Florida
32751

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for damages for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are below. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A. IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NTFL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

*Harold D. Long*     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
Harold D. Long

*Sherrie K. Long*
Sherrie K. Long     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

904-783-6423

Exhibit L

Harold D. Long
Sherrie K. Long
P.O. Box 6381
Jacksonville, FL 32236

July 30, 2007

Area Director of the IRS or Region of Florida
104 North Main Street
Gainesville, Florida 32601

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for **damages** for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are below. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A. IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NFTL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

Harold D. Long     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

Sherrie K. Long     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

04-783-6423

State of Florida)

County of Duval ) Certificate of Mailing

I , the underscribed witness, hereby certify that on the date listed below as date of mailing, I in fact witnessed the undersigned
sender mail and post in the facilities of the US Postal Service the attached letter.

Prior to witnessing the sender mailing the said envelope, I personally witnessed the below sender place the attached letter in the aforementioned envelope. I certify to the fact that the attached letter was actually contained in the envelope/package.

I certify that the sender prepared the envelope with the proper amount of postage, with his correct return address, and the envelope was addressed as stated below.

Sender: Harold D. + Sherrie Long

Date of Mailing: July 31, 2007

Addressee/Agency: IRS Area Director

Address Sent to: 104 N. Main Street Gainesville, Florida 32601

Witness Signature: Pamela A. Vann

Date of Certificate: July 30, 2007

Witness Name (printed) Pamela A. Vann

## Exhibit M

Harold D. Long
Sherrie K. Long
P.O. Box 6381
Jacksonville, FL 32236

July 30, 2007

Area Director of the IRS or Region of Florida
3848 W. Columbus Drive
Tampa, Florida
33607

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for damages for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are below. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A.   IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NTFL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

*Harold D. Long*    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
Harold D. Long

*Sherrie K. Long*
Sherrie K. Long    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

904-783-6423

**Exhibit N**

Harold & Sherrie Long
P.O. Box 6381
Jacksonville, Florida 32236

January 31, 2008

IRS
Attn: Compliance Technical Support Manager
IRS Office
Atlanta, Georgia 39901-0015

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS § 7433 & 26 CFR § 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC §7433 and CFR §301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), We are required to exhaust our administrative remedies. This letter is to satisfy that purpose. We intend to file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against us.

Under CFR 301.7433 (e) (2), We must inform you of the following:

1. Our name and address is above. Our telephone number and identification number are below. The best time to call me is from 12:00 p.m. to 5:00 p.m.

2. The grounds of our claim for damages include:

A. IRS unlawfully placed five Notices of Liens on our home the amount of $53,000. We did not find this out until we went to sell our packed up home and went to the closing. We had no notice from anyone for any of the five notices.

B. The amount of the Notices of Federal Tax lien totaled was $53,000. With this kind of money involved someone should have sent us a letter or something!!!

C. IRC 6320 (a) (2) requires the IRS to notify the taxpayer in 5 business days of filing any notice of federal tax lien. You failed to do that.

D. The signature on these Notices of Liens was the signature of an IRS agent. The IRS also violated the Uniform Federal Lien and Registration Act which requires that a

certification signed by a delegated federal agent must accompany all federal liens.

3. The injuries for this claim include:
A. Severe and unnecessary hardship to us and our family. We were denied the sale of our home. Twenty-seven years of marriage was already packed up to move, so we could help take care of Sherrie's father in another state. Further, we were forced to move back in and try to figure out where everything was clothes, items needed daily. Then, we had to write letters to change our address back to what it had been.

B. This robbery of our home caused anxiety, emotional distress, mental anguish, severe health problems, etc. for me, my wife, daughter and Sherrie's Father. Sherrie will never be the same person.

C. Also, we were unable to pay our bills, as Harold quit his job to move and had to find another job to pay house payments (so the mortgage company would not foreclose), electricity, water phone, etc.

4. The dollar amount of the claim includes:
A. $24,000 for the illegal liens you placed on our home, which prevented the sale from going through and all the costs for the cancellation of the sale of our home and moving.

B. $40,000 for mental anguish, emotional distress, anxiety, etc.

C. $100,000 minimum statutory damages.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Yours:
Harold and Sherrie Long

*Harold Long*                    *Sherrie K. Long*

Telephone Number (904)-783-6423
Identification Numbers  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     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

**Exhibit O**

Harold & Sherrie Long

PO Box 6381

Jacksonville, FL 32236

January 31, 2008

Area Director of the IRS or Region of Florida

400 Bay Street

Jacksonville, Fl 32202

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a **Request for Release** of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for damages for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are above. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A. IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NTFL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

Harold D. Long

Sherrie Long

State of Florida)

County of Duval ) Certificate of Mailing

I , the underscribed witness, hereby certify that on the date listed below as date of mailing, I in fact witnessed the undersigned sender mail and post in the facilities of the US Postal Service the attached letter.

Prior to witnessing the sender mailing the said envelope, I personally witnessed the below sender place the attached letter in the aforementioned envelope. I certify to the fact that the attached letter was actually contained in the envelope/package.

I certify that the sender prepared the envelope with the proper amount of postage, with his correct return address, and the envelope was addressed as stated below.

Sender: _Harold - Sherrie Long_

Date of Mailing: _January 31. 2008_

Addressee/Agency:
_IRS Area Director_

Address Sent to:
_400 W. Bay Street Jacksonville, FL 32202_

Witness Signature: _Pamela A. Vann_

Date of Certificate: _1-31-07_

Witness Name (printed) _Pamela A. Vann_

**Exhibit P**

Harold & Sherrie Long
P.O. Box 638
Jacksonville, Florida 32236

February 20, 2008

IRS
Attn: Compliance Technical Support Manager
IRS Office
Atlanta, Georgia 39901-0015

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS § 7433 & 26 CFR § 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC §7433 and CFR §301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), We are required to
exhaust our administrative remedies. This letter is to satisfy that purpose. We intend to file
a civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against us.

Under CFR 301.7433 (e) (2), We must inform you of the following:

1. Our name and address is above. Our telephone number and identification number are
below. The best time to call me is from 12:00 p.m. to 5:00 p.m.

2. The grounds of our claim for damages include:

A. IRS unlawfully placed five Notices of Liens on our home the amount of $53,000. We
did not find this out until we went to sell our packed up home and went to the closing. We
had no notice from anyone for any of the five notices.

B. The amount of the Notices of Federal Tax lien totaled was $53,000. With this kind of
money involved someone should have sent us a letter or something!!!

C. IRC 6320 (a) (2) requires the IRS to notify the taxpayer in 5 business days of filing
any notice of federal tax lien. You failed to do that.

D. The signature on these Notices of Liens was the signature of an IRS agent. The IRS
also violated the Uniform Federal Lien and Registration Act which requires that a

certification signed by a delegated federal agent must accompany all federal liens.

3. The injuries for this claim include:

A. Severe and unnecessary hardship to us and our family. We were denied the sale of our home. Twenty-seven years of marriage was already packed up to move, so we could help take care of Sherrie's father in another state. Further, we were forced to move back in and try to figure out where everything was clothes, items needed daily. Then, we had to write letters to change our address back to what it had been.

B. This robbery of our home caused anxiety, emotional distress, mental anguish, severe health problems, etc. for me, my wife, daughter and Sherrie's Father. Sherrie will never be the same person.

C. Also, we were unable to pay our bills, as Harold quit his job to move and had to find another job to pay house payments (so the mortgage company would not foreclose), electricity, water phone, etc.

4. The dollar amount of the claim includes:

A. $24,000 for the illegal liens you placed on our home, which prevented the sale from going through and all the costs for the cancellation of the sale of our home and moving.

B. $40,000 for mental anguish, emotional distress, anxiety, etc.

C. $100, 000 minimum statutory damages.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Yours:
Harold and Sherrie Long

Telephone Number (904)-783-6423
Identification Numbers  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    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

**Exhibit Q**

Harold & Sherrie Long

PO Box 6381

Jacksonville, FL 32236

February 20, 2008

Area Director of the IRS or Region of Florida

400 Bay Street

Jacksonville, Fl 32202

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC § 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), I am required to exhaust my administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is my method of doing that.

I will soon file a civil action in US District Court under IRC § 7432 for the wrongful and illegal collections actions against me by failure to remove liens. This letter (request to remove liens) is part of my exhausting my administrative remedies. Next I will send you an administrative claim for damages for your failure to remove said liens.

Under 26 CFR 401.6325-1(f), I must give you the following information and make the following requests:

1. A certificate of release with respect to all the Notices of Federal Tax Lien against me recorded in the clerk's office in the county of Duval, including the ones listed below as liens A, B, C, D, and E.

2. My name and address is above. My telephone number and identification number are above. The best time to call me is during normal business hours.

3. Attached are copies of the Notice of Federal Tax Liens which affect the property:

A. The NFTL filed in Duval County on March 19, 1997 for the tax year 1993, against Harold for 1040 taxes (hereafter Lien A).

B. Lien filed in Duval County on October 7, 1998 for tax year 1985 through 1990 against Harold for civil penalties (hereafter Lien B).

C. Lien filed in Duval County on December 17, 1998 for tax year 1991 through 1996 against Harold for 6702 penalties (hereafter Lien C).

D. Lien filed in Duval County on November 25, 2003 for tax year 1992, 1994 and 1995 against Harold for 1040 taxes (hereafter Lien D).

E. Lien filed in Duval County on August 1, 1999 for tax year 1985 through 1995 against Sherrie for 6702 penalties (hereafter Lien E.)

4. The grounds upon which the issuance of a release is sought, including:

A. IRS unlawfully filed invalid tax liens against me for tax years above in the amount of approximately $53,000.

B. The tax liens were illegal or invalid because the IRS did not send me a notice of collection due process hearing as required by IRC § 6320. Federal law requires that I receive my Notice of my right to a hearing within five business days of the filing of the NTFL. I did not receive a hearing notice or an opportunity to request a CDP hearing for the tax liens listed above.

C. IRC § 6320 requires that the IRS must send me a copy of the tax lien filed against me within five business days of the filing. They did not do this, which caused me immense hardship.

D. The IRS does not have proof that they sent me these two notices, i.e. the Notice of CDPH and the Notice of filing of the NFTL, or that I received them.

D. We did not know about the liens being placed against us. We sold our house and planned to move a thousand miles to another state. We packed everything up, then prepared for the sale and closing on our house. Harold quit his job in preparation for the move. After changing our address, we had to change it back.

The sale did not go through because of the excessive and illegal liens.

E. We suffered immense financial harm due to the canceled sale and moving. Also, Sherrie's father does not have her to take care of him in his declining years.

F. This caused immense emotional distress, anxiety, mental anguish, humiliation, embarrassment, severe health problems, etc. for our family.

5. For the above reasons, the liens are unenforceable. Under IRC § 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is my request for certificate of release of the NFTL's listed above because they are unenforceable, etc.

Yours,

Harold D. Long

Sherrie Long

Exhibit R

## Harold D. & Sherrie K. LONG

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS# 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
Sherrie SS#: 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

April 22, 2008

Area Director of the IRS For Florida
400 Bay Street
Jacksonville, FL 32202

Attn: Compliance Technical Support Manager

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC 7433 and CFR 301.7433-1, for an illegal tax lien under IRC 6320.

Under said law in section (d) (1) and said regulation in section (d), we are required to
exhaust our administrative remedies. This letter is our method of doing so. We will file a
civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against me.

Under CFR 301.7433 (e) (2), we must inform you of the following:

1.     Our name and address is above. Our telephone number and identification number
       are above. The best time to call me is during normal business hours.

2.     **The grounds of our claim for damages include:**

       a.  On November 30, 2004, we were supposed to close on the sale of our home so
           that we could move to another state to take care of Mrs. Long's father
           who is ill and living by himself. We packed up our four bedroom house,
           garage and attic. At the closing, we were told by an attorney that we could
           sell their home, but we would have to turn over the money to the IRS.

       b.  We learned that the IRS unlawfully placed five Notices of Liens on our home
           totaling $52,617.29. We were shocked since we did not previously receive
           a notice for any liens and did not become aware of them until the closing.

       c.  Our family was very upset by this disturbing news and suffered severe and
           unnecessary hardship. If we had known about the liens, we surely would

not have placed our home on the market, packed up all our belongings, went through the process of showing our home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

d.  The illegal liens caused the cancellation of a closing on the sale of our home, prevented us from selling our property but still incurred immense costs – such as real property taxes, legal fees, maintenance, etc.

e.  One of the major maintenance issues at our home is a 17 by 43 foot beautiful in-ground pool. At the time of the closing, it was in a perfect condition. Since we could not close on their home, we had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, we had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, we have a dirt hole with concrete around it. It breaks our hearts every time we see their backyard in this manner.

f.  Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with the IRS's illegal actions caused us anxiety, emotional distress, mental anguish, and severe health problems.

The five liens on our home could be described as follows:

A.  Lien A with a serial # 599731923 was issued on March 13, 1997.

B.  Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.  Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D.  Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.  Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are financially and emotionally

being damaged. We are asking for the (1) removal of these illegal liens, (2) costs for IRS failure to remove the unlawful liens, and (3) monetary damages.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

### 3.    The injuries for this claim include:

The illegal liens caused the cancellation of a closing on the sale of our home. We were unable to sell the house but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

We are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate. We have no alternative remedy by law.

The injuries for this claim include severe and unnecessary hardship to our family. The cancellation of the sale of the home prevented us from moving to another state to take care of Mrs. Long's father. We were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

Due to reasons outlined herein, we have suffered a number of damages due to the reckless, intentional, or negligent actions committed by the IRS or its officer, employee, or agent. The illegal IRS actions caused immense financial hardship to us.

We were forced to hire and retain tax professionals to assist us, to write letters and explain

avenues of contesting some IRS illegal measures. We experienced immense costs in attempting to remove illegal liens. We have expended a vast amount of time and resources in contesting these invalid liens.

The illegal liens on our property, the cancellation of the closing, and other illegal collection measures taken against us caused severe and unnecessary financial hardship to our family. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

4.    **The dollar amount of the claim includes:**

    I.   The illegal liens on our home for the amount of $52,617.29;
    II.  Costs for the cancellation of the sale and contesting the illegal liens;
    III. Damages permitted under Sections 7432 and 7433 and other relief the Court deems appropriate;
    IV. Attorney's fees and costs.

We seek damages and any other relief authorized by law. We ask that damages permitted under Sections 7432 and 7433 be **multiplied** by the number of IRS violations committed against us.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Sincerely yours,

*Harold D. Long*
Harold D. Long
SS#: 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

*Sherrie K. Long*
Sherrie K. Long
SS#: 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

Exhibit S

### Harold D. & Sherrie K. LONG

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS# 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
Sherrie SS#: 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

April 22, 2008

Area Director of the IRS For Florida
IRS
Atlanta, GA 39901-0015

Attn: Compliance Technical Support Manager

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC 7433 and CFR 301.7433-1, for an illegal tax lien under IRC 6320.

Under said law in section (d) (1) and said regulation in section (d), we are required to
exhaust our administrative remedies. This letter is our method of doing so. We will file a
civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against me.

Under CFR 301.7433 (e) (2), we must inform you of the following:

1.      Our name and address is above. Our telephone number and identification number
        are above. The best time to call me is during normal business hours.

2.      **The grounds of our claim for damages include:**

        a.  On November 30, 2004, we were supposed to close on the sale of our home so
            that we could move to another state to take care of Mrs. Long's father
            who is ill and living by himself. We packed up our four bedroom house,
            garage and attic. At the closing, we were told by an attorney that we could
            sell their home, but we would have to turn over the money to the IRS.

        b.  We learned that the IRS unlawfully placed five Notices of Liens on our home
            totaling $52,617.29. We were shocked since we did not previously receive
            a notice for any liens and did not become aware of them until the closing.

        c.  Our family was very upset by this disturbing news and suffered severe and
            unnecessary hardship. If we had known about the liens, we surely would

not have placed our home on the market, packed up all our belongings, went through the process of showing our home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

d.   The illegal liens caused the cancellation of a closing on the sale of our home, prevented us from selling our property but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

e.   One of the major maintenance issues at our home is a 17 by 43 foot beautiful in-ground pool. At the time of the closing, it was in a perfect condition. Since we could not close on their home, we had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, we had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, we have a dirt hole with concrete around it. It breaks our hearts every time we see their backyard in this manner.

f.   Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with the IRS's illegal actions caused us anxiety, emotional distress, mental anguish, and severe health problems.

The five liens on our home could be described as follows:

A.   Lien A with a serial # 599731923 was issued on March 13, 1997.

B.   Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.   Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D.   Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.   Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are financially and emotionally

being damaged. We are asking for the (1) removal of these illegal liens, (2) costs for IRS failure to remove the unlawful liens, and (3) monetary damages.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

## 3.    The injuries for this claim include:

The illegal liens caused the cancellation of a closing on the sale of our home. We were unable to sell the house but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

We are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate.  We have no alternative remedy by law.

The injuries for this claim include severe and unnecessary hardship to our family. The cancellation of the sale of the home prevented us from moving to another state to take care of Mrs. Long's father. We were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

Due to reasons outlined herein, we have suffered a number of damages due to the reckless, intentional, or negligent actions committed by the IRS or its officer, employee, or agent. The illegal IRS actions caused immense financial hardship to us.

We were forced to hire and retain tax professionals to assist us, to write letters and explain

avenues of contesting some IRS illegal measures. We experienced immense costs in attempting to remove illegal liens. We have expended a vast amount of time and resources in contesting these invalid liens.

The illegal liens on our property, the cancellation of the closing, and other illegal collection measures taken against us caused severe and unnecessary financial hardship to our family. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

4.    **The dollar amount of the claim includes:**

    I.   The illegal liens on our home for the amount of $52,617.29;

    II.  Costs for the cancellation of the sale and contesting the illegal liens;

    III. Damages permitted under Sections 7432 and 7433 and other relief the Court deems appropriate;

    IV. Attorney's fees and costs.

We seek damages and any other relief authorized by law. We ask that damages permitted under Sections 7432 and 7433 be underlined multiplied by the number of IRS violations committed against us.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

Exhibit T

### Harold D. & Sherrie K. LONG

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS# 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
Sherrie SS#: 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

April 22, 2008

Area Director of the IRS For Florida
104 North Main Street

Gainesville, Florida  32601

Attn: Compliance Technical Support Manager

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC 7433 and CFR 301.7433-1, for an illegal tax lien under IRC 6320.

Under said law in section (d) (1) and said regulation in section (d), we are required to
exhaust our administrative remedies. This letter is our method of doing so. We will file a
civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against me.

Under CFR 301.7433 (e) (2), we must inform you of the following:

1.      Our name and address is above. Our telephone number and identification number
        are above. The best time to call me is during normal business hours.

2.      **The grounds of our claim for damages include:**

        a.   On November 30, 2004, we were supposed to close on the sale of our home so
             that we could move to another state to take care of Mrs. Long's father
             who is ill and living by himself. We packed up our four bedroom house,
             garage and attic. At the closing, we were told by an attorney that we could
             sell their home, but we would have to turn over the money to the IRS.

        b.   We learned that the IRS unlawfully placed five Notices of Liens on our home
             totaling $52,617.29. We were shocked since we did not previously receive
             a notice for any liens and did not become aware of them until the closing.

c.  Our family was very upset by this disturbing news and suffered severe and unnecessary hardship. If we had known about the liens, we surely would not have placed our home on the market, packed up all our belongings, went through the process of showing our home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

d.  The illegal liens caused the cancellation of a closing on the sale of our home, prevented us from selling our property but still incurred immense costs – such as real property taxes, legal fees, maintenance, etc.

e.  One of the major maintenance issues at our home is a 17 by 43 foot beautiful in-ground pool. At the time of the closing, it was in a perfect condition. Since we could not close on their home, we had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, we had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, we have a dirt hole with concrete around it. It breaks our hearts every time we see their backyard in this manner.

f.  Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with the IRS's illegal actions caused us anxiety, emotional distress, mental anguish, and severe health problems.

The five liens on our home could be described as follows:

A.  Lien A with a serial # 599731923 was issued on March 13, 1997.

B.  Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.  Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D.  Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.  Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are financially and emotionally being damaged. We are asking for the (1) removal of these illegal liens, (2) costs for IRS failure to remove the unlawful liens, and (3) monetary damages.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

### 3.    The injuries for this claim include:

The illegal liens caused the cancellation of a closing on the sale of our home. We were unable to sell the house but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

We are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate.  We have no alternative remedy by law.

The injuries for this claim include severe and unnecessary hardship to our family. The cancellation of the sale of the home prevented us from moving to another state to take care of Mrs. Long's father. We were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

Due to reasons outlined herein, we have suffered a number of damages due to the reckless, intentional, or negligent actions committed by the IRS or its officer, employee, or

agent. The illegal IRS actions caused immense financial hardship to us.

We were forced to hire and retain tax professionals to assist us, to write letters and explain avenues of contesting some IRS illegal measures. We experienced immense costs in attempting to remove illegal liens. We have expended a vast amount of time and resources in contesting these invalid liens.

The illegal liens on our property, the cancellation of the closing, and other illegal collection measures taken against us caused severe and unnecessary financial hardship to our family. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

4.    **The dollar amount of the claim includes:**

    I.   The illegal liens on our home for the amount of $52,617.29;

    II.  Costs for the cancellation of the sale and contesting the illegal liens;

    III. Damages permitted under Sections 7432 and 7433 and other relief the Court deems appropriate;

    IV.  Attorney's fees and costs.

We seek damages and any other relief authorized by law. We ask that damages permitted under Sections 7432 and 7433 be multiplied by the number of IRS violations committed against us.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

Exhibit U

## Harold D. & Sherrie K. LONG

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS# 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
Sherrie SS#: 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

April 22, 2008

Area Director of the IRS For Florida
3848 W. Columbus Drive

Tampa, Florida    33607

Attn: Compliance Technical Support Manager

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC 7433 and CFR 301.7433-1, for an illegal tax lien under IRC 6320.

Under said law in section (d) (1) and said regulation in section (d), we are required to
exhaust our administrative remedies. This letter is our method of doing so. We will file a
civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against me.

Under CFR 301.7433 (e) (2), we must inform you of the following:

1.    Our name and address is above. Our telephone number and identification number
      are above. The best time to call me is during normal business hours.

2.    **The grounds of our claim for damages include:**

      a.   On November 30, 2004, we were supposed to close on the sale of our home so
           that we could move to another state to take care of Mrs. Long's father
           who is ill and living by himself. We packed up our four bedroom house,
           garage and attic. At the closing, we were told by an attorney that we could
           sell their home, but we would have to turn over the money to the IRS

      b.   We learned that the IRS unlawfully placed five Notices of Liens on our home
           totaling $52,617.29. We were shocked since we did not previously receive
           a notice for any liens and did not become aware of them until the closing.

      c.   Our family was very upset by this disturbing news and suffered severe and
           unnecessary hardship. If we had known about the liens, we surely would

not have placed our home on the market, packed up all our belongings, went through the process of showing our home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

d.   The illegal liens caused the cancellation of a closing on the sale of our home, prevented us from selling our property but still incurred immense costs – such as real property taxes, legal fees, maintenance, etc.

e.   One of the major maintenance issues at our home is a 17 by 43 foot beautiful in-ground pool. At the time of the closing, it was in a perfect condition. Since we could not close on their home, we had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, we had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, we have a dirt hole with concrete around it. It breaks our hearts every time we see their backyard in this manner.

f.   Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with the IRS's illegal actions caused us anxiety, emotional distress, mental anguish, and severe health problems.

The five liens on our home could be described as follows:

A.   Lien A with a serial # 599731923 was issued on March 13, 1997.

B.   Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.   Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D.   Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.   Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are financially and emotionally

being damaged. We are asking for the (1) removal of these illegal liens, (2) costs for IRS failure to remove the unlawful liens, and (3) monetary damages.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

3.     **The injuries for this claim include:**

The illegal liens caused the cancellation of a closing on the sale of our home. We were unable to sell the house but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

We are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate. We have no alternative remedy by law.

The injuries for this claim include severe and unnecessary hardship to our family. The cancellation of the sale of the home prevented us from moving to another state to take care of Mrs. Long's father. We were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

Due to reasons outlined herein, we have suffered a number of damages due to the reckless, intentional, or negligent actions committed by the IRS or its officer, employee, or agent. The illegal IRS actions caused immense financial hardship to us.

We were forced to hire and retain tax professionals to assist us, to write letters and explain

avenues of contesting some IRS illegal measures. We experienced immense costs in attempting to remove illegal liens. We have expended a vast amount of time and resources in contesting these invalid liens.

The illegal liens on our property, the cancellation of the closing, and other illegal collection measures taken against us caused severe and unnecessary financial hardship to our family. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

4.    **The dollar amount of the claim includes:**

    I.   The illegal liens on our home for the amount of $52,617.29;

    II.  Costs for the cancellation of the sale and contesting the illegal liens;

    III. Damages permitted under Sections 7432 and 7433 and other relief the Court deems appropriate;

    IV. Attorney's fees and costs.

We seek damages and any other relief authorized by law. We ask that damages permitted under Sections 7432 and 7433 be <u>multiplied</u> by the number of IRS violations committed against us.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

Exhibit V

## Harold D. & Sherrie K. LONG

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS# 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
Sherrie SS#: 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

April 22, 2008

Area Director of the IRS For Florida
850 Trafalgar Ct.

Maitland, Florida 32751

Attn: Compliance Technical Support Manager

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC 7433 and CFR 301.7433-1, for an illegal tax lien under IRC 6320.

Under said law in section (d) (1) and said regulation in section (d), we are required to
exhaust our administrative remedies. This letter is our method of doing so. We will file a
civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against me.

Under CFR 301.7433 (e) (2), we must inform you of the following:

1.     Our name and address is above. Our telephone number and identification number
       are above. The best time to call me is during normal business hours.

2.     **The grounds of our claim for damages include:**

       a.  On November 30, 2004, we were supposed to close on the sale of our home so
           that we could move to another state to take care of Mrs. Long's father
           who is ill and living by himself. We packed up our four bedroom house,
           garage and attic. At the closing, we were told by an attorney that we could
           sell their home, but we would have to turn over the money to the IRS.

       b.  We learned that the IRS unlawfully placed five Notices of Liens on our home
           totaling $52,617.29. We were shocked since we did not previously receive
           a notice for any liens and did not become aware of them until the closing.

       c.  Our family was very upset by this disturbing news and suffered severe and
           unnecessary hardship. If we had known about the liens, we surely would

not have placed our home on the market, packed up all our belongings, went through the process of showing our home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

d.  The illegal liens caused the cancellation of a closing on the sale of our home, prevented us from selling our property but still incurred immense costs – such as real property taxes, legal fees, maintenance, etc.

e.  One of the major maintenance issues at our home is a 17 by 43 foot beautiful in-ground pool. At the time of the closing, it was in a perfect condition. Since we could not close on their home, we had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, we had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, we have a dirt hole with concrete around it. It breaks our hearts every time we see their backyard in this manner.

f.  Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with the IRS's illegal actions caused us anxiety, emotional distress, mental anguish, and severe health problems.

The five liens on our home could be described as follows:

A.  Lien A with a serial # 599731923 was issued on March 13, 1997.

B.  Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.  Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D.  Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.  Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are financially and emotionally

being damaged. We are asking for the (1) removal of these illegal liens, (2) costs for IRS failure to remove the unlawful liens, and (3) monetary damages.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

### 3.    The injuries for this claim include:

The illegal liens caused the cancellation of a closing on the sale of our home. We were unable to sell the house but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

We are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate. We have no alternative remedy by law.

The injuries for this claim include severe and unnecessary hardship to our family. The cancellation of the sale of the home prevented us from moving to another state to take care of Mrs. Long's father. We were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

Due to reasons outlined herein, we have suffered a number of damages due to the reckless, intentional, or negligent actions committed by the IRS or its officer, employee, or agent. The illegal IRS actions caused immense financial hardship to us.

We were forced to hire and retain tax professionals to assist us, to write letters and explain

avenues of contesting some IRS illegal measures. We experienced immense costs in attempting to remove illegal liens. We have expended a vast amount of time and resources in contesting these invalid liens.

The illegal liens on our property, the cancellation of the closing, and other illegal collection measures taken against us caused severe and unnecessary financial hardship to our family. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

### 4.     The dollar amount of the claim includes:

    I.   The illegal liens on our home for the amount of $52,617.29;
    II.  Costs for the cancellation of the sale and contesting the illegal liens;
    III. Damages permitted under Sections 7432 and 7433 and other relief the Court
       deems appropriate;
    IV.  Attorney's fees and costs.

We seek damages and any other relief authorized by law. We ask that damages permitted under Sections 7432 and 7433 be **multiplied** by the number of IRS violations committed against us.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

Exhibit W

### Harold D. & Sherrie K. LONG

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS#  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
Sherrie SS#: 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

April 22, 2008

Area Director of the IRS For Florida
227 N. Bronough Street

Tallahassee, Florida    32301

Attn: Compliance Technical Support Manager

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions
under IRC 7433 and CFR 301.7433-1, for an illegal tax lien under IRC 6320.

Under said law in section (d) (1) and said regulation in section (d), we are required to
exhaust our administrative remedies. This letter is our method of doing so. We will file a
civil action in US District Court under IRC 7433 for the wrongful and illegal collections
actions against me.

Under CFR 301.7433 (e) (2), we must inform you of the following:

1.     Our name and address is above. Our telephone number and identification number
       are above. The best time to call me is during normal business hours.

2.     **The grounds of our claim for damages include:**

       a.   On November 30, 2004, we were supposed to close on the sale of our home so
            that we could move to another state to take care of Mrs. Long's father
            who is ill and living by himself. We packed up our four bedroom house,
            garage and attic. At the closing, we were told by an attorney that we could
            sell their home, but we would have to turn over the money to the IRS.

       b.   We learned that the IRS unlawfully placed five Notices of Liens on our home
            totaling $52,617.29. We were shocked since we did not previously receive
            a notice for any liens and did not become aware of them until the closing

       c.   Our family was very upset by this disturbing news and suffered severe and
            unnecessary hardship. If we had known about the liens, we surely would

not have placed our home on the market, packed up all our belongings, went through the process of showing our home, getting an appraisal, and going through an inspection. In addition, Mr. Long would not have quit his job in anticipation of moving to another state.

d.  The illegal liens caused the cancellation of a closing on the sale of our home, prevented us from selling our property but still incurred immense costs – such as real property taxes, legal fees, maintenance, etc.

e.  One of the major maintenance issues at our home is a 17 by 43 foot beautiful in-ground pool. **At the time of the closing, it was in a perfect condition.** Since we could not close on their home, we had to let it go green – which bred tons of frogs. The neighbors complained about the noise. As a result, we had to drain the pool, poke a hole in the bottom, and fill it up with $900 worth of dirt. Now, we have a dirt hole with concrete around it. It breaks our hearts every time we see their backyard in this manner.

f.  Also after the cancellation of closing, Mr. Long had to find another job to make house payments (such as electricity, phone, water, and mortgage payments to avoid foreclosure) and the family faced severe financial burden. The process of dealing with the IRS's illegal actions caused us anxiety, emotional distress, mental anguish, and severe health problems.

The five liens on our home could be described as follows:

A.  Lien A with a serial # 599731923 was issued on March 13, 1997.

B.  Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.  Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D.  Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.  Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are financially and emotionally

being damaged. We are asking for the (1) removal of these illegal liens, (2) costs for IRS failure to remove the unlawful liens, and (3) monetary damages.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

3.    **The injuries for this claim include:**

The illegal liens caused the cancellation of a closing on the sale of our home. We were unable to sell the house but still incurred immense costs such as real property taxes, legal fees, maintenance, etc.

We are suffering irreparable harm due to the cancellation of the closing of the sale of the real estate. We have no alternative remedy by law.

The injuries for this claim include severe and unnecessary hardship to our family. The cancellation of the sale of the home prevented us from moving to another state to take care of Mrs. Long's father. We were also unable to pay bills since Mr. Long had to quit his job in anticipation of moving to another state.

Due to reasons outlined herein, we have suffered a number of damages due to the reckless, intentional, or negligent actions committed by the IRS or its officer, employee, or agent. The illegal IRS actions caused immense financial hardship to us.

We were forced to hire and retain tax professionals to assist us, to write letters and explain

avenues of contesting some IRS illegal measures. We experienced immense costs in attempting to remove illegal liens. We have expended a vast amount of time and resources in contesting these invalid liens.

The illegal liens on our property, the cancellation of the closing, and other illegal collection measures taken against us caused severe and unnecessary financial hardship to our family. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

4.    **The dollar amount of the claim includes:**

  I.   The illegal liens on our home for the amount of $52,617.29;
  II.  Costs for the cancellation of the sale and contesting the illegal liens;
  III. Damages permitted under Sections 7432 and 7433 and other relief the Court
       deems appropriate;
  IV.  Attorney's fees and costs.

We seek damages and any other relief authorized by law. We ask that damages permitted under Sections 7432 and 7433 be **multiplied** by the number of IRS violations committed against us.

In conclusion, this is our claim for damages for wrongful actions of IRS employees. Under federal law, we are entitled to compensation.

Sincerely yours,

*Harold D. Long*

Harold D. Long
SS#: 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

*Sherrie K. Long*

Sherrie K. Long
SS#: 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

**Exhibit X**

### Harold D. & Sherrie K. Long

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS#: 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
Sherrie SS#: 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

April 23, 2008

Area Director of the IRS or Region of Florida
3848 Columbus Drive
Tampa, FL
33607

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), we are required to exhaust our administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is our method of doing that.

We will file soon a civil action in US District Court under IRC 7432 for the wrongful and illegal collections actions against us by failure to remove lien. This letter is part of exhausting our administrative remedies.

Under 26 CFR 401.6325-1(f), we must request from you the following:

(1). A certificate of release with respect to all the notices of federal tax lien against us recorded in the clerk's office in the Duval County (Florida).

(2) Our name and address is above. Our telephone number and identification number are above. The best time to call us is during normal business hours.

(3). Attached are copies of the Notice of Federal Tax liens on our property. The five liens on our home could be described as follows:

A. Lien A with a serial # 599731923 was issued on March 13, 1997.

B   Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C.  Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D   Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E.  Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

, Every day the invalid liens are attached to our property, we are being financially and emotionally damaged. We are requesting the release of these liens.

(4) The grounds upon which the issuance of a release is sought, including:

On November 30, 2004, when we were supposed to close on the sale of our home, we learned that the IRS unlawfully placed five Notices of Liens on our home totaling $52,617.29. We were shocked since we did not previously receive a notice for any liens and did not become aware of them until the closing   Our family was very upset by this disturbing news and suffered severe and unnecessary hardship.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b)  We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that

the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

The tax liens were illegal or invalid because the IRS did not send us a notice of collection due process hearing as required by IRC 6320. Federal law requires that we receive our Notice of our right to a hearing within five days of the filing of the NTFL. We did not receive a hearing notice or an opportunity to request a CDP hearing.

For the above reasons, the liens are unenforceable. Under IRC 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is our request for certificate of release of the NFTL's listed above because they are unenforceable.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

**Exhibit Y**

### Harold D. & Sherrie K. Long

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS#: 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
Sherrie SS#: 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

April 23, 2008

Area Director of the IRS or Region of Florida
IRS
Atlanta, GA
39901-0015

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), we are required to exhaust our administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is our method of doing that.

We will file soon a civil action in US District Court under IRC 7432 for the wrongful and illegal collections actions against us by failure to remove lien. This letter is part of exhausting our administrative remedies.

Under 26 CFR 401.6325-1(f), we must request from you the following:

(1). A certificate of release with respect to all the notices of federal tax lien against us recorded in the clerk's office in the Duval County (Florida).

(2) Our name and address is above. Our telephone number and identification number are above. The best time to call us is during normal business hours.

(3). Attached are copies of the Notice of Federal Tax liens on our property. The five liens on our home could be described as follows:

   A. Lien A with a serial # 599731923 was issued on March 13, 1997.

B. Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C. Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D. Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E. Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are being financially and emotionally damaged. We are requesting the release of these liens.

(4) The grounds upon which the issuance of a release is sought, including:

On November 30, 2004, when we were supposed to close on the sale of our home, we learned that the IRS unlawfully placed five Notices of Liens on our home totaling $52,617.29. We were shocked since we did not previously receive a notice for any liens and did not become aware of them until the closing. Our family was very upset by this disturbing news and suffered severe and unnecessary hardship.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that

the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1)(D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

The tax liens were illegal or invalid because the IRS did not send us a notice of collection due process hearing as required by IRC 6320. Federal law requires that we receive our Notice of our right to a hearing within five days of the filing of the NTFL. We did not receive a hearing notice or an opportunity to request a CDP hearing.

For the above reasons, the liens are unenforceable. Under IRC 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is our request for certificate of release of the NFTL's listed above because they are unenforceable.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

Exhibit Z

### Harold D. & Sherrie K. Long

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS#: 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
Sherrie SS#: 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

April 23, 2008

Area Director of the IRS or Region of Florida
400 Bay Street
Jacksonville, FL 32202

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401 6325-1(f)

Dear: Compliance Technical Support Manager

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), we are required to exhaust our administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is our method of doing that.

We will file soon a civil action in US District Court under IRC 7432 for the wrongful and illegal collections actions against us by failure to remove lien. This letter is part of exhausting our administrative remedies.

Under 26 CFR 401.6325-1(f), we must request from you the following:

(1). A certificate of release with respect to all the notices of federal tax lien against us recorded in the clerk's office in the Duval County (Florida)

(2) Our name and address is above. Our telephone number and identification number are above. The best time to call us is during normal business hours.

(3). Attached are copies of the Notice of Federal Tax liens on our property. The five liens on our home could be described as follows:

  A. Lien A with a serial # 599731923 was issued on March 13, 1997.

B. Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C. Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D. Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E. Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are being financially and emotionally damaged. We are requesting the release of these liens.

(4) The grounds upon which the issuance of a release is sought, including:

On November 30, 2004, when we were supposed to close on the sale of our home, we learned that the IRS unlawfully placed five Notices of Liens on our home totaling $52,617.29. We were shocked since we did not previously receive a notice for any liens and did not become aware of them until the closing. Our family was very upset by this disturbing news and suffered severe and unnecessary hardship.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal

would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1)(D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

The tax liens were illegal or invalid because the IRS did not send us a notice of collection due process hearing as required by IRC 6320. Federal law requires that we receive our Notice of our right to a hearing within five days of the filing of the NTFL. We did not receive a hearing notice or an opportunity to request a CDP hearing.

For the above reasons, the liens are unenforceable. Under IRC 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is our request for certificate of release of the NFTL's listed above because they are unenforceable.

Sincerely yours,

*Harold D. Long*

Harold D. Long
SS#: 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

*Sherrie K. Long*

Sherrie K. Long
SS#: 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

**Exhibit AA**

### Harold D. & Sherrie K. Long

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS#: 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
Sherrie SS#: 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

April 23, 2008

Area Director of the IRS or Region of Florida
IRS
227 N. Bronough Street
Tallahassee, FL
32301

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), we are required to exhaust our administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is our method of doing that.

We will file soon a civil action in US District Court under IRC 7432 for the wrongful and illegal collections actions against us by failure to remove lien. This letter is part of exhausting our administrative remedies.

Under 26 CFR 401.6325-1(f), we must request from you the following:

(1). A certificate of release with respect to all the notices of federal tax lien against us recorded in the clerk's office in the Duval County (Florida).

(2) Our name and address is above. Our telephone number and identification number are above. The best time to call us is during normal business hours.

(3). Attached are copies of the Notice of Federal Tax liens on our property. The five liens on our home could be described as follows:

   A. Lien A with a serial # 599731923 was issued on March 13, 1997.

B. Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C. Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D. Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E. Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are being financially and emotionally damaged. We are requesting the release of these liens.

(4) The grounds upon which the issuance of a release is sought, including:

On November 30, 2004, when we were supposed to close on the sale of our home, we learned that the IRS unlawfully placed five Notices of Liens on our home totaling $52,617.29. We were shocked since we did not previously receive a notice for any liens and did not become aware of them until the closing. Our family was very upset by this disturbing news and suffered severe and unnecessary hardship.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that

the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1) (D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

The tax liens were illegal or invalid because the IRS did not send us a notice of collection due process hearing as required by IRC 6320. Federal law requires that we receive our Notice of our right to a hearing within five days of the filing of the NTFL. We did not receive a hearing notice or an opportunity to request a CDP hearing.

For the above reasons, the liens are unenforceable. Under IRC 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is our request for certificate of release of the NFTL's listed above because they are unenforceable.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

**Exhibit AB**

**Harold D. & Sherrie R. Long**

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 781-6425

Harold SS# 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
Sherrie SS# 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

April 23, 2008

Area Director of the IRS or Region of Florida
IRS
104 N. Main Street
Gainesville, FL
32601

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear: Compliance Technical Support Manager

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (1)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), we are required to exhaust our administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is our method of doing that.

We will file soon a civil action in US District Court under IRC 7432 for the wrongful and illegal collections actions against us by failure to remove lien. This letter is part of exhausting our administrative remedies.

Under 26 CFR 401.6325-1(f), we must request from you the following.

(1). A certificate of release with respect to all the notices of federal tax lien against us recorded in the clerk's office in the Duval County (Florida)

(2) Our name and address is above. Our telephone number and identification number are above. The best time to call us is during normal business hours.

(3). Attached are copies of the Notice of Federal Tax liens on our property. The five liens on our home could be described as follows.

A. Lien A with a serial # 599731923 was issued on March 13, 1997.

B. Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C. Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D. Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E. Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are being financially and emotionally damaged. We are requesting the release of these liens.

(4) The grounds upon which the issuance of a release is sought, including:

On November 30, 2004, when we were supposed to close on the sale of our home, we learned that the IRS unlawfully placed five Notices of Liens on our home totaling $52,617.29. We were shocked since we did not previously receive a notice for any liens and did not become aware of them until the closing. Our family was very upset by this disturbing news and suffered severe and unnecessary hardship.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that

the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1)(D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

The tax liens were illegal or invalid because the IRS did not send us a notice of collection due process hearing as required by IRC 6320. Federal law requires that we receive our Notice of our right to a hearing within five days of the filing of the NTFL. We did not receive a hearing notice or an opportunity to request a CDP hearing.

For the above reasons, the liens are unenforceable. Under IRC 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is our request for certificate of release of the NFTL's listed above because they are unenforceable.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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

### Harold D. & Sherrie K. Long

1937 Delaroche Drive West • Jacksonville, FL 32210

Phone #: (904) 783-6423

Harold SS#: 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
Sherrie SS#: 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

April 23, 2008

Area Director of the IRS or Region of Florida
IRS
850 Trafalgar Court
Maitland, FL
32751

Attn: Compliance Technical Support Manager

Re: REQUEST FOR RELEASE OF LIEN UNDER 26 CFR 401.6325-1(f)

Dear Compliance Technical Support Manager:

This is a Request for Release of Federal Tax Lien made in accordance with 26 CFR 401.6325-1(f), as required by 26 CFR 301.7432-1 (f)(2)(iii). This request is for the release of the NFTL's, which are invalid and **unenforceable** for the reasons listed below.

Under 26 USC 7432 and said regulation 26 CFR 301.7432-1, in subsection (f), we are required to exhaust our administrative remedies by sending you a request for release of lien letter pursuit to CFR 401.6325-1(f). This letter is our method of doing that.

We will file soon a civil action in US District Court under IRC 7432 for the wrongful and illegal collections actions against us by failure to remove lien. This letter is part of exhausting our administrative remedies.

Under 26 CFR 401.6325-1(f), we must request from you the following:

(1). A certificate of release with respect to all the notices of federal tax lien against us recorded in the clerk's office in the Duval County (Florida).

(2) Our name and address is above. Our telephone number and identification number are above. The best time to call us is during normal business hours.

(3). Attached are copies of the Notice of Federal Tax liens on our property. The five liens on our home could be described as follows:

  A. Lien A with a serial # 599731923 was issued on March 13, 1997.

B. Lien B with a serial # 599855578 was issued on September 29, 1998 for the amount of $3,000.

C. Lien C with a serial # 599857629 was issued on December 9, 1998 for the amount of $3,500.77.

D. Lien D with a serial # 599961650 was issued on August 23, 1999 for the amount of $5,500.

E. Lien E with a serial # 141294803 was issued on October 29, 2003 for the amount of $33,925.80.

Every day the invalid liens are attached to our property, we are being financially and emotionally damaged. We are requesting the release of these liens.

(4) The grounds upon which the issuance of a release is sought, including:

On November 30, 2004, when we were supposed to close on the sale of our home, we learned that the IRS unlawfully placed five Notices of Liens on our home totaling $52,617.29. We were shocked since we did not previously receive a notice for any liens and did not become aware of them until the closing. Our family was very upset by this disturbing news and suffered severe and unnecessary hardship.

Today, the IRS has five illegal tax liens against our property. A prospective purchaser of our home would be misled by these liens which harm us in many ways. These liens should be removed.

The tax liens were invalid simply because the IRS failed to notify us as required by law. According to 26 USC § 6320 (a)(2), the Secretary shall notify us in writing "not more than 5 business days after the day of the filing of the notice of lien." Such a notification never took place.

In addition, the IRS failed to issue us a notice as required by 26 USC § 6320 (a)(2) caused us to miss an opportunity to request a fair hearing under 26 USC § 6320(b). We do certainly want to be heard.

We request the withdrawals of the notices of liens based on 26 USC 6323(j)(1)(A) which states that the Secretary may withdraw a notice of a lien if the Secretary determines that

the filing of such notice was "not in accordance with administrative procedures of the Secretary." The remaining liens meet the condition for withdrawal. Such a withdrawal would also be in the best interest of Plaintiffs and the United States. 26 USC 6323(j)(1)(D)

We request the release of the notices of liens based on 26 USC 6325 which states that the Secretary shall issue a certificate of release of any liens imposed if the Secretary finds that the liability "has become legally unenforceable." 26 USC 6325(a)(1) The existing liens are legally unenforceable because they are illegal. Therefore, they must be removed.

The tax liens were illegal or invalid because the IRS did not send us a notice of collection due process hearing as required by IRC 6320. Federal law requires that we receive our Notice of our right to a hearing within five days of the filing of the NTFL. We did not receive a hearing notice or an opportunity to request a CDP hearing.

For the above reasons, the liens are unenforceable. Under IRC 6322, the Secretary must remove the liens when they become unenforceable.

In conclusion, this is our request for certificate of release of the NFTL's listed above because they are unenforceable.

Sincerely yours,

Harold D. Long
SS#: 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

Sherrie K. Long
SS#: 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