IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROL D. LONG; <br> SHERRIE K. LONG, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; et al, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. 1:08-CV-849 <br> ) <br> ) <br> ) <br> ) |

## MOTION TO DISMISS

The United States of America and the Internal Revenue Service move to dismiss the Internal Revenue Service as a party to this action because the only proper party defendant is the United States, and to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for this motion, the United States and the Internal Revenue Service assert that the Service may not be sued *eo nomine*, and that the statute of limitations for plaintiffs' claims, which are based on 26 U.S.C. §§ 7332 and 7433, have expired. The relief sought is that plaintiffs' complaint be dismissed in full.

A memorandum of law in support of this motion and proposed order are filed herewith.

Date: July 9, 2008.

        Respectfully submitted,

           /s/ Benjamin J. Weir
        BENJAMIN J. WEIR (D.C. Bar No. 494045)
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 307-0855
        Fax: (202) 514-6866
        benjamin.j.weir@usdoj.gov
        *Counsel for Internal Revenue Service*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. LONG;<br>SHERRIE K. LONG,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 1:08-CV-849<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**

This case concerns Harold D. Long and Sherrie K. Long's complaint that asserts claims pursuant to 26 U.S.C. §§ 7432 and 7433. Plaintiffs claim that the defendant's: (1) failed to remove invalid notices of federal tax lien; and (2) Internal Revenue Service's employees engaged in unauthorized collection activities. The complaint is deficient and must be dismissed. First, the Internal Revenue Service may not be sued *eo nomine* and must be dismissed as a party to this case. Second, plaintiffs' claims are barred by the statutes of limitations contained in sections 7432 and 7433.

### I.     The United States is the only proper party defendant

The Internal Revenue Service is not authorized to sue or be sued *eo nomine*, and therefore, the Court lacks jurisdiction over the person of the Internal Revenue Service. See Enax v. United States, Case No. 8:05cv2124, 2006 U.S. Dist. LEXIS 46023 at *4 (M.D. Fla. July 7, 2006)(dismissing the Service as a named defendant because Congress has not

waived sovereign immunity and authorized it be sued *eo nomine*); Fairchild v. Internal Revenue Service, 450 F. Supp. 2d 654, 657 (M.D. La. 2006)(dismissing the Service as a party and noting that a 28 U.S.C. §2410 claim may only be brought against the United States). The only proper party respondent in this matter is the United States of America. Murphy v. United States, 493 F.3d 170, 173-74 (D.C. Cir. 2007). The Internal Revenue Service should, therefore, be dismissed as a party in this action.

## II.     The statutes of limitation have expired for plaintiffs' claims

Plaintiffs' complaint asserts claims pursuant to 26 U.S.C. §§ 7432 and 7433. Sections 7432(d)(3) and 7433(d)(3) each provide that an action "under this section. . . may be brought only within 2 years after the date the right of action accrues." Under sections 7432 and 7433, a "right of action accrues" "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1, 301.7433-1. "[A]n affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint." Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998).

Plaintiffs' complaint alleges that on November 30, 2004, they "were told by an attorney" of the Internal Revenue Service's "five Notices of Liens". (Compl. ¶¶ 13-14.) Their right of action accrued, therefore, no later than November 30, 2004. See 26 U.S.C. §§ 7432 and 7433; 26 C.F.R. §§ 301.7432-1, 301.7433-1; see also Delvecchio v. Smith, 101 A.F.T.R.2d 2008-2011, at *2008-2015 (S.D. Fla. 2008) (holding that plaintiffs' right of

action accrued pursuant to section 7433 "when they were notified that a tax lien had been placed upon their home."). Plaintiffs' complaint was not filed until May 16, 2008 - nearly three and a half years after their right of action accrued. The complaint is, therefore, barred by the statute of limitations and must be dismissed in full. Smith-Haynie, 155 F.3d at 578; 26 U.S.C. §§ 7432 and 7433; 26 C.F.R. §§ 301.7432-1, 301.7433-1.

## Conclusion

Plaintiffs' complaint must be dismissed for two reasons. First, the Internal Revenue Service may not be sued *eo nomine*, therefore, the only proper party defendant is the United States. Second, plaintiffs have admitted that they did not file their complaint until three and a half years after their right of action had accrued. Therefore, their complaint is barred by the statute of limitations.

Date: July 9, 2008.

Respectfully submitted,

　　/s/ Benjamin J. Weir
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for Internal Revenue Service*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## **CERTIFICATE OF SERVICE**

I, Benjamin J. Weir, certify that on July 9, 2008, a true and correct copy of the foregoing motion and memorandum of law were served upon the following via the Court's ECF filing protocol:

>Elias Aoun
>1730 North Lynn St., #A-22
>Arlington, VA 22209-2004
>Eliaoun@yahoo.com.

>/s/ Benjamin J. Weir
>BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAROLD D. LONG;<br>SHERRIE K. LONG, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civil No. 1:08-CV-849 |
| UNITED STATES OF AMERICA; et al, | ) <br> ) <br> ) | |
| Defendants. | ) | |

## **ORDER**

Having considered the United States and Internal Revenue Service's motion to dismiss the complaint, the memorandum of law in support, and for good cause shown, it is:

ORDERED that the United States and Internal Revenue Service's motion to dismiss is GRANTED;

ORDERED that plaintiffs' complaint is DISMISSED; and

ORDERED that the Clerk be directed to close this case.

_____
UNITED STATES DISTRICT JUDGE

3416987.1

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on July 9, 2008, a true and correct copy of the foregoing proposed order was served upon the following via the Court's ECF filing protocol:

        Elias Aoun
        1730 North Lynn St., #A-22
        Arlington, VA 22209-2004
        Eliaoun@yahoo.com.


        /s/ Benjamin J. Weir
        BENJAMIN J. WEIR