## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAROLD D. LONG; | ) | |
| SHERRIE K. LONG, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | CIVIL NO: 1:08-CV-849 |
|  | ) | |
| UNITED STATES OF AMERICA | ) | |
|  | ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE
## TO DEFENDANT'S MOTION TO DISMISS

1. Plaintiffs filed a complaint asserting claims under 26 USC 7432 and 7433. Defendant filed a motion to dismiss alleging that Plaintiffs' right of action accrued "no later than November 30, 2004" when they were told of the IRS Notices of Liens.  Since Plaintiffs' complaint was filed nearly three and a half years later, Defendant asserts that the complaint is barred by the statute of limitations contained in sections 7432 and 7433.

2. In this memorandum, Plaintiffs will prove that they meet the lowest threshold required to survive a motion to dismiss and that the complaint was filed timely.

## ANALYSIS

3. According to *Delvecchio v. Smith*, 101 A.F.T.R.2d 2008-2011 (S.D.Fla. 2008) – which Defendant cited – "A complaint should not be dismissed where there

are enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 2007). Once a complaint states all claims adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *See Twombly* at 1969. A court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 94 S.Ct. 1683, 416 U.S. 232 (1974). The threshold of sufficiency that a complaint must meet is exceedingly low. *Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir.1985); *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)."

4.  26 USC  §§ 7432(d)(3) and 7433(d)(3) state that an action may be brought within 2 years after the date the right of action accrues. 26 C.F.R. § 301.7432-1(i)(2) states that "a cause of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."

5.  What do essential elements include? Plaintiffs consider that they include compliance with 26 USC §§7432(d)(1) and 7433(d)(1) to exhaust administrative remedies prior to filing an action under that section. As acknowledged by *Delvecchio v. Smith*, 101 A.F.T.R.2d 2008-2011 (S.D. Fla. 2008), Plaintiffs must pursue administrative remedies related to the alleged unlawful placement of a federal tax lien on their home.

6.   Once Plaintiffs file their administrative remedies, the IRS must be given time to respond. Plaintiffs have to do everything required of them before filing their case, especially since they did not receive adequate notice.

7.   The statute of limitations has to take into consideration the requirement to exhaust administrative remedies, especially since both provisions are listed under the same "limitations" section of the code.

8.   Although it appears that Plaintiffs waited too long to file her claim, they had two years to send in their administrative letter after learning about the liens. They did send their letters. It could take two years by for Defendant to respond, if they respond at all.

9.   Plaintiffs did not receive their notice of their right to a collection hearing as required under CDPH law, and Plaintiffs did not receive a copy of the lien within 5 business days. As a result, the liens are invalid. Being invalid, they are unenforceable. Being unenforceable, the IRS must release them – which the IRS has not done even upon Plaintiffs' request.

10.  Plaintiffs had 10 years to send-in their letter requesting lien removal. After IRS failed to abide by their requests, Plaintiffs then sent their administrative claims. After about six months of those claims, Plaintiffs filed their lawsuit.

11.  As long as the lien is on Plaintiff's property, Plaintiffs will continue to be injured. Once the lien is removed, then the Statute of Limitations begins. Once the lien is there, it is a violation.


PLAINTIFFS EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

12. Plaintiffs had fully exhausted their administrative remedies: they filed administrative claims for unauthorized collection actions on June 21, 2007 (Exhibit G), June 25, 2007 (Exhibit H), July 2, 2007 (Exhibit I) and others as shown in Exhibits G through M. Other administrative remedies were filed in 2008 (Exhibits N through AC).

13. The IRS has not denied these applications, and six months has passed since their filing.

14. It can be concluded that Plaintiffs have sufficiently exhausted their administrative remedies in satisfaction of 26 U.S.C. § 7433(d)(1).

PLAINTIFFS ACTED WITHIN THE STATUTE OF LIMITATIONS

15. In *Wallace v. United States* (1:07-cv-01837), U.S. District Judge Ricardo M. Urbina wrote: Section 7433(a) provides in relevant part that "an action to enforce liability created under this section . . . may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). A right of action accrues under § 7433 "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2) (2004).

16. He added: "Courts vary in their interpretation of the date of accrual for a cause of action under this statute. Some courts consider the cause of action to accrue as soon as the collection action such as a levy begins, *Snyder v. Comm'r*, 1998 WL 796768, at *1 (D.D.C. Oct. 6, 1998), *Simmons v. United States*, 875 F. Supp. 318 (W.D.N.C. 1994); others hold that accrual begins when a levy is released, *Claitor v. United States*, 1999 WL 675337, at *4 (N.D.

Cal. Jul. 19, 1999); and still others make largely fact-based determinations based on reasonable notice, *Gottlieb v. IRS*, 4 Fed. Appx. 355 (9th Cir. 2001), *Mason v. United States*, 2001 WL 241799, at *2 (D.C. Cir. Feb. 2, 2001), *Chocallo v. United States*, 2007 WL 2071880, at *5 (E.D. Pa. July 16, 2007), *Tenpenny v.United States*, 490 F. Supp. 2d 852, 859 (N.D. Ohio 2007), *Bright v. United States*, 446 F. Supp. 2d 339 (E.D. Penn. 2006), *Shipley v. IRS*, 2005 WL 1334617, at *3 (D. Kan. June 6, 2005), *Anderson v. United States*, 2004 U.S. Dist. LEXIS 22021 (N.D. Cal. Oct. 14, 2004). In this case, the plaintiff brought suit well beyond two years after the levy attached, but within two years after it was released. This court agrees with previous courts' conclusions that to consider the attachment of the levy as the date of accrual would allow the defendant to continue illegal conduct indefinitely. *See Cliator*, 1999 WL 675337, at *4 (citing *Page v. United States*, 729 F.2d 818, 821 (D.C. Cir. 1984) (explaining that when a tort involves continuous injury, the cause of action accrues when the tortious conduct ceases, and to hold otherwise would be to allow the tortfeasor to acquire a right to continue its conduct by virtue of the statute of limitations)). "

17. Although the above quote refers to levies, the same principle applies to liens. Plaintiffs agree with the court that "when a tort involves continuous injury, the cause of action accrues when the tortious conduct ceases, and to hold otherwise would be to allow the tortfeasor to acquire a right to continue its conduct by virtue of the statute of limitations." The tortuous conduct by defendant against Plaintiffs continues. It would be an insult to justice to claim

that Plaintiffs have no remedy against a harm that Defendant continues to inflict on them.

18. Plaintiffs also agree with the Court's analysis: in considering the time of accrual, one of the options considered by the Court is from the date on which the plaintiff filed her first administrative claim.

19. Plaintiffs filed their complaint on May 16, 2008, which is well within two years of the dates of Plaintiffs' first administrative claims filed in 2007.

20. Plaintiffs meet the lowest threshold required to survive a motion to dismiss.

<u>U.S. Supreme Court Favors Plaintiffs' Position</u>

21. According to the U.S. Supreme Court, "Statutes of limitations are designed primarily to assure fairness to defendants; they promote justice by preventing surprises through revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Burnett v. New York Cent. R. Co., 380 U.S. 424, 85 S.Ct. 1050 (U.S. Ohio 1965).

22. In this case, no evidence has been lost, no memories have faded, and no witnesses have disappeared. All the facts needed to adjudicate this case can still be found in IRS records. There will be no surprises.

23. In Burnett, the Supreme Court stated: "Policy of repose, designed to protect defendants, is frequently outweighed where interests of justice require vindication of plaintiff's rights."

24. It would <u>not</u> be unfair to ask Defendant to cease its illegal actions against Plaintiffs and remove illegal liens. To the contrary, it would be unfair to allow illegality to continue unabated. Plaintiffs' rights must be vindicated.

25. The liens on Plaintiffs' property are unquestionably invalid and should be removed. Keeping these incorrect liens on record is harmful to Plaintiffs in many ways. This court must deny Defendant's motion to dismiss.


Respectfully submitted,

___/s/Elias Aoun_____                    Date: July 24, 2008

**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**E-mail: <u>Lawyer2008@yahoo.com</u>**
**Cell Phone 202-257-7796**

## CERTIFICATE OF SERVICE

I hereby certify that on or about July 24, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

> Benjamin J. Weir, Esq.
> Tax Division
> Department of Justice


> __/s/Elias Aoun_____
> ELIAS AOUN