IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. LONG;<br>SHERRIE K. LONG,<br><br>             Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA; et al,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 1:08-CV-849<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF THE UNITED STATES AND
INTERNAL REVENUE SERVICE'S MOTION TO DISMISS**

This case concerns Harold D. Long and Sherrie K. Long's complaint for civil damages pursuant to 26 U.S.C. §§ 7432 and 7433. Plaintiffs' allege that the Internal Revenue Service improper filed federal tax liens against them, resulting in various injuries. The United States and Internal Revenue Service moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) because the Internal Revenue Service may not be sued *eo nomine* and because the applicable statutes of limitation had expired prior to plaintiffs' filing their complaint. Plaintiffs filed their response to defendants' motion to dismiss on July 24, 2008, relying on Wallace v. United States, 2008 WL 2245731 (D.D.C. June 3, 2008), to claim that the statutes of limitation had not expired because: (1) their claims involved a "continuous injury" that tolled the limitations periods; and (2) considering the accrual date for the statutes of limitations "would allow the defendant

to continue illegal conduct indefinitely." (Pls.' Res. ¶¶16-17.) As discussed below, these arguments fail.

### I.  Harold and Sherrie Long do not challenge that the United States is the only proper party defendant

Defendants' motion to dismiss asserted that the United States is the only proper party defendant in this case. (Defs.' Mem. of Law 1-2.) Harold and Sherrie Long's response does not address defendants' argument that the United States is the only proper party defendant. The Internal Revenue Service should, therefore, be dismissed from this case. See LCvR 7(b) (permitting a motion to be treated as conceded if it is not opposed); see also Murphy v. Internal Revenue Service, 493 F.3d 170, 174 (D.C. Cir. 2007); Baur v. TRW Corp., 872 F.2d 1023, *1 (6th Cir. 1989).

### II.  Applicable statute of Limitations

Plaintiffs' response to the United States and Internal Revenue Service's motion to dismiss admits that a 2 year statute of limitations applies to their claims. (See Pls.' Opp. ¶4.) (see also Defs.' Mem. of Law 2.) The parties, however, differ on the applicability of the "continuing violation" doctrine and whether it tolls the two year statute of limitation.

### III.  The "continuing violation" doctrine does not apply to plaintiffs' claims

Harold and Sherrie Long's assertion that their claims fall within the two year statute of limitations is wholly reliant upon the opinion in Wallace v. United States, 2008 WL 2245731, No. 07-1837, (D.D.C. June 3, 2008) and the "continuing violation"

doctrine. (See Pls.' Opp. ¶¶ 15-20.)[1] Wallace relied upon Claitor v. United States, 1999 WL 675337 (N.D. Cal. Jul. 19, 1999), and Page v. United States, 729 F.2d 818 (D.C. Cir. 1984), for the proposition that a "continuing violation" analysis applies to the statute of limitation for section 7433 claims. Id. The United States submits that this reliance is misplaced, and incorrect, because: (1) the two Courts of Appeals that have ruled on the issue have determined that a continuing violation analysis is inapplicable to section 7432 and 7433 claims; (2) two additional Courts of Appeals have held that the continuing violation doctrine does not apply to actions seeking to quiet title to property on which there is a federal tax lien; and (3) because claims pursuant section 7432 and 7433 regarding liens and levies do not fulfill this Circuit's requirements for the application of the continuing violation doctrine.

### a. Two Courts of Appeals have found the "continuing violation" doctrine inapplicable to section 7432 and 7433 claims

The First and Third Circuit Court of Appeals have ruled the "continuing violation" theory inapplicable to a statute of limitation analysis under sections 7432 and 7433. Dziura v. United States, 168 F.3d 581 (1st Cir. 1999); Snyder v. United States, 260 Fed. Appx. 488 (3rd Cir. Jan. 15, 2008). There are no reported appellate decisions to the contrary.

---

[1] In Wallace, the court addressed whether the statute of limitations precluded the plaintiff's claims, even though the issue was not raised or briefed by the parties. See Wallace, 2008 WL 2245731 at *3 ("Whether the plaintiff has acted within the applicable statute of limitations is a matter less clear, and it seems to have escaped the notice of both parties.")

In <u>Dziura</u>, the Internal Revenue Service seized a painting that it intended to sell to satisfy federal tax liens. 168 F.3d at 582. However, the Service did not timely sell the painting and, as a result, held the painting for longer than legally permissible. <u>Id</u>. Plaintiff alleged that each day the Service illegally held the painting constituted a new, and continuing, violation of the law. <u>Id</u>. at 582-83. The First Circuit held that the taxpayer's theory "cannot carry the weight that they load upon it" because the "continuing violation" doctrine is inapplicable when an injury is definite, readily discoverable, and nothing prevents the injured party from seeking to redress it. <u>Id</u>. at 583. Further, "[t]o give credence to the taxpayers' continuing violation theory would, in these circumstances, scuttle a statute of limitations that Congress purposefully wrote and turn it into a dead letter." <u>Id.</u>

The Third Circuit has agreed that the "continuing violation" doctrine is inapplicable to section 7432 claims. <u>Snyder</u>, 260 Fed. Appx. at 492 (holding that "a taxpayer need not wait till a court enters a final order invalidating either the tax lien or the underlying tax liability before bringing suit under § 7432.") The Third Circuit specifically rejected the application of the continuing violation doctrine to plaintiff's section 7432 claims because the "alleged conduct of the IRS in this case appear to constitute discrete acts, which fall outside the scope of this doctrine." <u>Snyder</u>, 260 Fed. Appx. at 493.

Here, plaintiffs allege that the Internal Revenue Service filed five notices of federal tax liens against them on the following specified dates: March 13, 1997,

September 29, 1998, December 9, 1998, August 23, 1999, and October 29, 2003.  (Compl. ¶ 19.)  The crux of the allegations is that the liens were invalid, involved taxes plaintiffs claim they did not owe, which caused them various damages because they could not close on the sale of their home due to the federal tax liens.  (See generally Compl.)

Put simply, plaintiffs' claims stem from the Service's filing of five discreet notices of federal tax liens, rather than an ongoing, undifferentiated conspiracy or series of events.  Plaintiffs admit that they were aware of the filing of the five notices of federal tax liens by no later than November 30, 2004.  (Compl. ¶¶ 13-14; Defs.' Mem. of Law 2.)  The "continuing violation" doctrine, therefore, is inapplicable to this case.  See Dziura, 168 F.3d at 583; Snyder, 260 Fed. Appx. at 493; see also ,e.g.,  Paul v. Judicial Watch, 543 F. Supp. 2d 1, 10 (D.D.C. 2008) ("Under the law of this Circuit, the continuing violations doctrine will not toll the statute of limitations where plaintiff is aware of the alleged violations.")

      b.    **Two additional Courts of Appeals have found the continuing violation doctrine inapplicable to federal liens**

The Seventh and Ninth Circuit Courts of Appeals have held that the continuing violation doctrine is inapplicable to claims related to liens.  Macklin v. United States, 300 F.3d 814 (7th Cir. 2002); Nesovic v. United States, 71 F.3d 776 (9th Cir. 1995).

In Macklin, the plaintiff brought suit to quiet title regarding real property on which the United States had a federal tax lien.  300 F.3d at 817.  The plaintiff had been notified of the tax lien over six years before he brought suit.  Id. at 818.  The Seventh

Circuit affirmed the dismissal based on failure to file within the statute of limitations because the continuing violation theory is inapplicable when "a single incident merely produces a lingering injury. . . ". Id. at 824. The court held the filing of a notice of federal tax lien to be a "single alleged wrong" for which the "continuing violation doctrine has no applicability." Id.

The Ninth Circuit held similarly in Nesovic. In Nesovic, plaintiff also sought to quiet to property on which the Service had a federal tax lien. 71 F.3d at 777. Plaintiff filed suit outside the six year statute of limitations. Id. at 777-78. Plaintiff attempted to save his claims by asserting the "continuing wrong" tort doctrine. Id. at 778. The Ninth Circuit affirmed the dismissal because there was a single wrong, rather than a continuing course of improper conduct, holding that "what [plaintiff] attempts to characterize as a continuing wrong is only the 'ill effects from an original violation.'" Id.

   **c. Plaintiffs' claims regarding liens and levies do not fulfill this Circuit's standards for application of the continuing violation doctrine**

"For statute of limitation purposes, a continuing violation is 'one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period.'" Taylor v. F.D.I.C., 132 F.3d 753, 766 (D.C. Cir. 1997). "Under the law of this Circuit, the continuing violations doctrine will not toll the statute of limitations where plaintiff is aware of the alleged violations." Paul, 543 F. Supp. at 10. The continuing violation doctrine in applicable "only in certain, unusual

circumstances." Perkins v. Nash, 697 F. Supp. 527, 533 (D.D.C. 1988); See also Richards v. Duke University, 480 F. Supp. 2d 222, 236 (D.D.C. 2007) (stating that the continuing violation doctrine only applies to a "narrow set of facts. . .") Simply having an ongoing injury does not permit the applicability of the continuing violation doctrine when the tortious conduct has stopped. Id. Finally, the continuing violation theory must be "guardedly employed" to ensure that it does not obviate statutes of limitations. See Powell v. Castaneda, 3901 F. Supp. 2d 1, 9 (D.D.C. 2005).

Here, plaintiffs challenge the Internal Revenue Service's five notices of federal tax liens and injuries that, purportedly, stem from the filings. (Compl. ¶¶ 7, 12, 16-19.) Plaintiffs were admittedly aware of the filing of the liens by no later than November 30, 2004. (Compl. ¶ 13.) This precludes the application of the continuing violation doctrine. Taylor, 132 F.3d at 766; Paul, 543 F. Supp. 2d at 10.

       **d.**      **Wallace and Claitor misinterpreted and misapplied Page**

As noted above, Wallace cites Claitor and Page for the applicability of the continuing violation doctrine to claims pursuant to section 7433. Further, Claitor's only justification for its extension of the continuing violation theory is Page. The facts in Page, however, do not support the proposition that the continuing violation doctrine should be applied to federal tax liens or levies.

The factual allegations contained in Page are inapposite to this case. In Page, the plaintiff alleged a near 20-year course of medical treatment whereby his Veterans Administration physicians prescribed and mailed him various drugs without properly

monitoring his care, resulting in severe drug addiction. Page, 729 F.2d at 819. Page stated that:

> [w]hen a tort involves continuing injury, the cause of action accrues, and the limitation perioed begins to run, at the time the tortious conduct ceases. **Since usually no single incident in a continuous chain of tortious activity can 'fairly or realistically be identified as the cause of significant harm,**' it seems proper to regard the cumulative effect of the conduct as actionable.

Id. at 821-22 (emphasis added.)   The court additionally noted that the continuing tort doctrine is only available when "the tortious conduct is ongoing." Id. at 822 fn. 23.  The court held that "[w]e view the injury claimed by Page as gradual, resulting from the cumulative impact of years of allegedly tortious drug treatment." Id. at 822.

In Page, therefore, the court relied upon the cumulative effect of years of improper medical care, which led to Page's drug addiction, as grounds for implementing the continuing violation theory.  Thus, there was no definitive single act leading to plaintiff's drug addiction because it resulted from years of improper treatment.

By contrast, in this case, the Internal Revenue Service filed five notices of federal tax liens, each involved different tax years or penalties.  (Compl. ¶ 17; Compl. Exs. A-E.) There was no "continuous chain of tortious activity" and the Service's actions were not "ongoing."  Instead, the Internal Revenue Service filed individual notices of federal tax liens with which plaintiffs now take issue - over three and half years after learning they had been filed.

The facts and analysis contained in Page does not support the extension of the continuing violation theory to federal tax liens and levies.

### IV.    Plaintiffs' claims regarding the relationship between the statute of limitations and their administrative claim are specious

Plaintiffs state, unsupported by caselaw, that they had two years to file their administrative claim. (Pls.' Resp. ¶ 8.)  They then infer that this act somehow stays the statute of limitations while the taxpayer waits for the Service to render a decision on the administrative claim.  (Pls.' Resp. ¶ 8.)  These statements are incorrect for two reasons.

First, while plaintiffs state they had two years to file their administrative claims, they did not do so.  They were aware of the tax liens by no later than November 30, 2004.  (Compl. ¶ 13.)  Harold and Sherrie Long did not file their earliest administrative claim, however, until June 21, 2007 - over two and half years after they became aware of the tax liens.  (Compl. ¶ 37; Compl. Ex. G.)

Second, simply filing an administrative claim within the two year statute of limitations does not toll the statute.  The applicable regulations state that a party may not bring suit prior to the earlier of a ruling on their administrative claim or 30 days after their administrative claim was submitted.  26 C.F.R. § 301.7432-1(e); 26 C.F.R. § 301.7433-1(d).  However, the regulations clearly state that "If an administrative claim is filed . . . during the last 30 days of the [statute of limitations], the taxpayer may file an action in federal district court anytime after the administrative claim is filed and before the expiration of the period of limitations, without waiting for 30 days to expire or for a

decision to be rendered on the claim." Id.  Thus, Plaintiffs' assertion that they could not file their lawsuit until after a decision was reached on their administrative claim is unfounded and wholly incorrect.

## Conclusion

The United States and Internal Revenue Service's motion to dismiss should be granted for the following reasons.  First, the Internal Revenue Service may not be sued *eo nomine* and, therefore, the United States is the only proper party defendant.  Second, the "continuing violation" doctrine is inapplicable to plaintiffs' claims pursuant to 26 U.S.C. §§ 7432 and 7433.  The motion to dismiss should be granted in full.

Date: August 7, 2008.

                                          Respectfully submitted,

                                          /s/ Benjamin J. Weir
                                        BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 307-0855
                                        Fax: (202) 514-6866
                                        benjamin.j.weir@usdoj.gov
                                        *Counsel for Internal Revenue Service*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on August 7, 2008, a true and correct copy of the foregoing reply memorandum of law were served upon the following via the Court's ECF filing protocol:

>Elias Aoun
>1730 North Lynn St., #A-22
>Arlington, VA 22209-2004
>Eliaoun@yahoo.com.


>/s/ Benjamin J. Weir
>BENJAMIN J. WEIR