IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD D. LONG;<br>SHERRIE K. LONG,<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No. 1:08-CV-849<br>)<br>)<br>)<br>) |

## UNITED STATES' ANSWER AND COUNTERCLAIM

### First defense

The Internal Revenue Service may not be sued *eo nomine* and, therefore, the United States of America is the only proper party defendant.

### Second defense

The Internal Revenue Service and the United States of America respond, by its undersigned counsel, to the numbered paragraphs of plaintiffs' complaint as follows:

1. Denies the allegations contained in paragraph 1.

2. Paragraph 2 calls for a legal conclusion to which no response is required.

3. Paragraph 3 calls for a legal conclusion to which no response is required.

4. Paragraph 4 calls for a legal conclusion to which no response is required.

5. Denies that the United States is a federal agency.  Admits the remainder of the allegations contained in paragraph 5.

6. Paragraph 6 calls for a legal conclusion to which no response is required.

7. Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 7 are denied.

8. Paragraph 8 calls for a legal conclusion to which no response is required.

9. Paragraph 9 calls for a legal conclusion to which no response is required.

10. Paragraph 10 calls for a legal conclusion to which no response is required.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. Lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 13.

14. Denies that the Internal Revenue Service unlawfully filed notices of federal tax liens. Lacks sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 14.

15. Lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 15.

16. Denies that the Internal Revenue Service unlawfully filed notices of federal tax liens. Lacks sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 16.

17. Lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 17.

18. Lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 18.

19. Admits that the notices of federal tax liens referenced in paragraph 19 were issued by the Internal Revenue Service. Denies that they were filed on the dates referenced in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Paragraph 23 calls for a legal conclusion to which no response is required.

24. Paragraph 24 calls for a legal conclusion to which no response is required.

25. Paragraph 25 calls for a legal conclusion to which no response is required.

26. Denies the allegations contained in paragraph 26.

27. Paragraph 27 calls for a legal conclusion to which no response is required.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Paragraph 30 calls for a legal conclusion to which no response is required.

31. Paragraph 31 calls for a legal conclusion to which no response is required.

32. Paragraph 32 calls for a legal conclusion to which no response is required.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Admits that the plaintiffs have mailed the Internal Revenue Service letters. Denies the remainder of the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37.

38. Lacks sufficient information to admit or deny the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Paragraph 40 calls for a legal conclusion to which no response is required.

41. Paragraph 41 calls for a legal conclusion to which no response is required.

42. Admits that plaintiffs' have exhausted their administrative remedies. Denies the remainder of the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. Paragraph 51 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

52. Denies the allegations contained in paragraph 52.

53. Paragraph 53 calls for a legal conclusion to which no response is required.

54. Paragraph 54 is a request for relief to which no response is required.

55. Denies that the notices of federal tax liens were illegally issued. The remainder of paragraph 55 calls for a legal conclusion to which no response is required.

Having responded to plaintiffs' complaint, the United States of America and Internal Revenue Service request that this Court:

    a. deny the relief sought in the complaint;

    b. dismiss the complaint; and

    c. grant such other relief as this Court deems proper.

## COUNTERCLAIM

56. Pursuant to 26 U.S.C. § 7401, the United States asserts this counterclaim at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

57. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1346(c) and 26 U.S.C. § 7402.

58. This district is a proper venue under 28 U.S.C. § 1396.

### Count One

59. The United States incorporates paragraphs 1 through 58 as if set forth fully herein.

60. The Commissioner of the Internal Revenue Service assessed personal income taxes, penalties and interest against Harold D. Long on the dates and for the tax periods noted below, and the balances owed are:

| Tax Period | Assessment Date | Balance Due as of July 7, 2008 |
|---|---|---|
| 1992 | 2/10/2003 | $12,867.34 |
| 1994 | 3/3/2003 | $9,803.13 |
| 1995 | 3/10/2003 | $28,959.13 |

61. Notice and demand for payment of each of the assessments was given to Harold Long in accordance with 26 U.S.C. § 6303.

62. Statutory additions for interest and penalties have accrued and will continue to accrue.

63. Harold D. Long has failed to pay the United States the full amount owed as a result of the assessments.

64. By reason of the foregoing, as of July 7, 2008, Harold D. Long was indebted to the United States for federal income taxes, penalties and interest relating to the years 1992, 1994 and 1995 in the amount of $51,629.60 plus interest, penalties and costs that will continue accruing after that date according to law.

## Count Two

65. The United States incorporates paragraphs 1 through 64 as if set forth fully herein.

66. The Commissioner of the Internal Revenue Service assessed frivolous return penalties under 26 U.S.C. § 6702 and interest against Harold D. Long on the dates and for the tax periods noted below, and the balances owed are:

| Tax Period | Assessment Date | Balance Due as of July 7, 2008 |
|---|---|---|
| 1991 | 8/31/1998 | $999.97 |
| 1992 | 8/31/1998 | $997.08 |
| 1993 | 8/31/1998 | $997.08 |
| 1994 | 8/31/1999 | $997.08 |
| 1995 | 8/31/1998 & 9/7/1998 | $1,952.76 |
| 1996 | 8/31/1998 | $997.08 |

67. Notice and demand for payment of each of the assessments was given to Harold D. Long in accordance with 26 U.S.C. § 6303.

68. Statutory additions for interest and penalties have accrued and will continue to accrue.

69. Harold D. Long has failed to pay the United States the full amount owed as a result of the assessments.

70. By reason of the foregoing, as of July 7, 2008, Harold D. Long will be indebted to the United States for frivolous return penalties and interest in the amount of $6,941.05 plus interest and costs that will continue accruing after that date according to law.

## Count Three

71. United States incorporates paragraphs 1 through 70 as if set forth fully herein.

72. The Commissioner of the Internal Revenue Service assessed frivolous return penalties and interest against Sherrie K. Long on the dates and for the tax periods noted below, and the balances owed are:

| Tax Period | Assessment Date | Balance Due as of July 7, 2008 |
|---|---|---|
| 1991 | 8/31/1998 | $997.08 |
| 1992 | 8/31/1998 | $977.08 |
| 1993 | 8/31/1998 | $997.08 |
| 1994 | 8/31/1998 | $997.08 |
| 1995 | 8/31/1998 | $977.08 |

73. Notice and demand for payment of each of the assessments was given to Sherrie K. Long in accordance with 26 U.S.C. § 6303.

74. Statutory additions for interest and penalties have accrued and will continue to accrue.

75. Sherrie K. Long has failed to pay the United States the full amount owed as a result of the assessments.

76. By reason of the foregoing, as of July 7, 2008, Sherrie K. Long will be

indebted to the United States for frivolous return penalties and interest in the amount of $4,985.40 plus interest and costs that will continue accruing after that date according to law.

The United States of America prays that this Court:

A. Enter judgment in favor of the United States and against Harold D. Long for federal income taxes, penalties and interest relating to the years 1992, 1994, and 1995 in the amount of $51,629.60 as of July 7, 2008, plus interest, penalties and costs that will continue to accrue under law until paid; and

B. Enter judgment in favor of the United States and against Harold D. Long for federal frivolous tax return penalties and interest relating to the years 1991-1996 in the amount of $6,941.05 as of July 7, 2008, plus interest and costs that will continue to accrue under law until paid; and

C. Enter judgment in favor of the United States and against Sherrie K. Long for federal frivolous tax return penalties and interest relating to the years 1991-1995 in the amount of $4,985.40 as of July 7, 2008, plus interest and costs that will continue to accrue under law until paid;

D. Grant the United States such further relief, including its costs in prosecuting this action, as the Court deems just and equitable.

Dated: August 25, 2008

                                      Respectfully submitted,

                                      _____/s/ Benjamin J. Weir_____
                                      BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Ben Franklin Station
                                      Washington, D.C.  20044
                                      Telephone: (202) 307-0855
                                      Fax: (202) 514-6866
                                      benjamin.j.weir@usdoj.gov
                                      *Counsel for Internal Revenue Service* and
                                      *United States of America*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on August 25, 2008, a true and correct copy of the foregoing answer and counterclaim was served upon the following via the Court's ECF filing protocol:

Elias Aoun
1730 North Lynn St., #A-22
Arlington, VA 22209-2004
Eliaoun@yahoo.com.


/s/ Benjamin J. Weir
BENJAMIN J. WEIR