# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HAROLD D. LONG;        )
SHERRIE K. LONG,      )
                          )
        Plaintiffs,    )
                          )
       v.           )     CIVIL NO: 1:08-CV-849
                          )
UNITED STATES OF AMERICA  )
                          )
        Defendant.   )

_____

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS

1. Defendant filed a Reply memorandum in support of its motion to dismiss based on two reasons: (1) that the Internal Revenue Service may not be sued, and (2) that the "continuing violation" doctrine is not applicable to Plaintiffs' claims.

2. In making a determination on whether to dismiss a case, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." *Martinez v. Am. Airlines, Inc.*, 74 F.3d 247, 248 (11th Cir.1996) (quoting *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir.1993). The court must treat the complaint's factual allegations-including mixed questions of law and fact-as true and draw all reasonable inferences in the plaintiff's favor.

*Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir.2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir.2003).

## ISSUES

3.     Two main issues present themselves in this case:

      (i)     Does the IRS or the United States have a legally enforceable lien against Plaintiffs' property?

      (ii)     If yes, have Plaintiffs acted within the Statutes of limitations to protect their property rights?

4.     Plaintiffs agree that the United States is the only party defendant.  The only reason the IRS name was added is to make it a recipient of the summons and inform it about this lawsuit.

## LEGAL ANALYSIS

### I.     Defendant has no legally enforceable lien against Plaintiffs

5.     Defendant has no legally enforceable lien against Plaintiffs' property, especially since the limitation period to collect the tax in question has expired. Defendant's liens against Plaintiffs are not legally enforceable and must be released as per 26 C.F.R. 401.6325 – 1.

6.     In the present case, the tax years at issue are 1985 through 1996. The alleged tax owed has certainly been delinquent in excess of ten years. A lien cannot be enforced at the end of the ten-year period. It becomes self-

extinguished. Even some penalties were assessed in clear violation of the law, more than ten years after the fact (as seen on Exhibits B and D, already filed with the court).

7.    It must be noted that Defendant's actions are in violations of the Fair Debt Collection Practices Act (FDCPA) which states that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The false representation refers, among other things, to "the character, amount, or legal status of any debt."

8.    Defendant's alleged tax debt with Plaintiffs is not legally enforceable since the period of limitation has expired on the collection of said debt. By not formally releasing the lien and insisting on pursuing measures for its collection, Defendant is falsely misrepresenting the legal status of the alleged tax debt and implying – and potentially deceiving Plaintiffs into believing –  that the debt is legally enforceable.

9.    The FDCPA also states that "a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title." Florida state law certainly affords Plaintiffs greater protection.

10. Defendant's motion to dismiss must be denied. Plaintiffs' case has viable claims. Defendant is liable to the Plaintiffs for failure to release legally unenforceable liens under 26 USC § 7432. Defendant is also liable to the Plaintiffs for unauthorized collection measures under 26 U.S.C.A. § 7433.

## II.    Even if Defendant has legally enforceable liens, Plaintiffs' action is within the two-year period of limitations.

11. Even if Defendant has legally enforceable liens, Plaintiffs took action and contested the liens within the two-year period of limitations.

12. According to 26 CFR §301.7432-1(e):

> No civil action in federal district court prior to filing an administrative claim(1) Except as provided in paragraph (e)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates: (i) The date a decision is rendered on a claim filed in accordance with paragraph (f) of this section; or (ii) The date 30 days after the date an administrative claim is filed in accordance with paragraph (f) of this section.

13.  According to 26 CFR §301.7433-1(d):

> No civil action in federal district court prior to filing an administrative claim(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates: (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

14.  Plaintiffs did file their administrative claims, and no decision was rendered by the IRS. Plaintiffs did file this lawsuit after 30 days and after six months of their first administrative claims were mailed to the IRS.

15.  According to 26 CFR §301.7432-1(i) and 26 CFR §301.7433-1(g), the period of limitations is similar under both provisions.

> (1) Time for filing. A civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues.
>
> (2) Right of action accrues. A cause of action under paragraph (a) of this section accrues when the taxpayer has had a reasonable

opportunity to discover all essential elements of a possible cause of action.

16. Both Plaintiffs and Defendant agree on the two years Statute of limitations. They disagree on when it begins. To address this disagreement, the first question to be asked is: when did the cause of action accrue? According to Regulations, it accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Then, the subsequent questions become: (1) what would be considered "a reasonable opportunity", and (2) what are "all essential elements"? The Courts offer more than one interpretation.

## A.    Case example No. 1

17. In *Snyder v. U.S.,* Appellants filed administrative request for a lien release in June 1998. However, they did not file a civil complaint with the District Court seeking damages pursuant to I.R.C. § 7432 until January 5, 2004. The court found Appellants' claim to be time-barred because "Appellants demonstrated they <u>had sufficient knowledge and capacity </u>to file a timely lawsuit by submitting various administrative filings, including their June 1998 administrative request for a lien release." *Snyder v. U.S.*, 260 Fed.Appx. 488 at 493, (C.A.3 (Del.),2008).

18. In *Snyder*, Appellants' submission of administrative letters implied their "sufficient knowledge" to file a timely lawsuit.

- 6 -

19. It can be inferred that having sufficient knowledge, shown by submitting a certain filing, goes to a person's "reasonable opportunity to discover all essential elements."

20. In the present case, the earliest formal filings Plaintiffs did to contest their lien was by filing "Notice of Contest of Lien" with the Clerk of the Circuit Court in the County of Duval, Florida in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH). The present lawsuit was filed within two years from that date.

21. As in *Snyder*, another date that could be reflective of "sufficient knowledge" is the date Plaintiffs submitted their administrative claims starting in June 2007. This lawsuit was filed within two years from that date as well.

22. Plaintiffs acted based on the knowledge they had during the time. They took action when they learned the process, and they have not violated that process once they initiated it.

## B.  Case example No. 2

23. In *Gottlieb*, the Court said: Section 7433(d)(3) clearly provides that claims arising from the IRS's wrongful collection activities "may be brought only

within 2 years after the date of the right of action accrues." As the district court correctly explained, Gottlieb's claim accrued once he "had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Accordingly, we agree with the district court that Gottlieb's claim accrued, at the latest, on November 7, 1995, the date on which the IRS responded unfavorably to his request for administrative relief. *Gottlieb v. I.R.S.*, 4 Fed.Appx. 355, C.A.9 (Cal.), 2001.

24. The Court added: To toll the limitations period under the "continuing wrong" doctrine, Gottlieb must establish that the IRS engaged in repeated collection efforts, occurring after November 7, 1995. *See Nesovic v. United States,* 71 F.3d 776, 778 (9th Cir.1995). However, contrary to Gottlieb's counsel's assertions, [FN1] the record does not demonstrate that the IRS engaged in any collection activities after November 7, 1995. Thus, the district court correctly held that Gottlieb's claim, filed on December 1, 1998, was barred by the two-year statute of limitations under § 7433. *Id.*

25. In Gottlieb, the claim accrued when the IRS responded to the request for administrative relief. In the present case, the IRS never responded to Plaintiffs' administrative claims.

26. In addition, the IRS is engaging in "in repeated collection efforts" or continuous collection activities against Plaintiffs. The IRS never ceased its collection measures and adding new penalties. The illegal liens are continuously ruining Plaintiffs' credit – making it impossible for them to sell their property or enjoy their ownership of it.

### C.     Case example No. 3

27. According to *Kumpman,* the statutory filing period for actions brought under section 7432 and 7433 "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1(I)(2); 301.7433-1(g)(2). Here, the district court correctly found Kumpan was aware of the elements of his claim when he challenged the IRS assessment, and he did not file this action within two years of that date. *Kumpman v. U.S,* 188 F.3d 513, (C.A.9 Cal.,1999).

28. By applying *Kumpman*'s analysis, we may conclude that Plaintiffs in this case became aware of the elements when they contested the lien by filing "Notice of Contest of Lien" with the Clerk of the Circuit Court in the County of Duval, Florida in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH). This lawsuit is filed within two years from that date.

29. Another date that could be considered is the date of submitting administrative claims to the IRS, as of June 2007. This lawsuit has been filed within two years from that date as well.

### D.    Case example No. 4

30. In *Tenpenny*, both of Plaintiff's filings (certainly her federal lawsuit) required that she have a reasonable basis for the allegations they contained and demonstrate that the Plaintiff "had a reasonable opportunity to discover all essential elements" of her § 7433 cause of action. Indeed, through her filings, she declared that she had discovered the elements of the cause of action she was asserting. In this regard, the Court takes a slightly more liberal view than the Defendants, who contend that June 12, 2003 (the date the Plaintiff submitted her administrative claim to the IRS) is the latest possible accrual date. In so far as either date yields the same result, however, the distinction is immaterial. *Tenpenny v. U.S.*, 490 F.Supp.2d 852 at 858-859 (N.D.Ohio,2007)

31. In *Tenpenny*, the United States argued that the latest possible accrual date is the date Plaintiff submitted her administrative claim to the IRS. The Court argued that Plaintiff had "discovered" her cause of action, at least as of, the date on which she filed her first lawsuit to that effect. Id at 859

32. In the present case, this lawsuit is timely based on both of these analyses.

### E.    Case example No. 5

33. In *Bennett*, according to the IRS, the plaintiff had a reasonable opportunity to discover all essential elements of his causes of action by no later than February 18, 1998, when the tax liens on the plaintiff's property were released. *Bennett v. U.S.*, 366 F.Supp.2d 877 at 879 (D.Neb.,2005).

34. In the current case, the tax liens were never released. By applying this analysis, the "all essential elements" have not even accrued yet.

### F.    Case example No. 6

35. In *Nordbrock*, Plaintiffs submitted their Administrative Claim for damages on December 30, 1996. Plaintiffs do not dispute that they had available to them all the essential elements of a possible cause of action on that date. Because Plaintiffs did not file their Complaint until April 21, 1999, well beyond the two year period established by Section 7433, their action is time-barred. *Nordbrock v. U.S.*, 96 F.Supp.2d 944 at 946 (D.Ariz.,2000)

36.  Once again, the date of submitting the administrative claims is the date
     of accrual. Plaintiffs' lawsuit is timely based on this standard.


                    **G.    Case example No. 7**

37.  According to the Supreme Court, the right to a hearing embraces not
     only the right to present evidence, but also a reasonable opportunity to
     know the claims of the opposing party and to meet them. The right to
     submit argument implies that opportunity; otherwise the right may be
     but a barren one. Those who are brought into contest with the
     Government in a quasijudicial proceeding aimed at the control of their
     activities are entitled to be fairly advised of what the Government
     proposes and to be heard upon its proposals before it issues its final
     command. *Morgan v. U.S.*, 304 U.S. 1 at 18-19, 58 S.Ct. 773 at 776 (U.S.
     1938).


38.  In *Morgan*, reasonable opportunity constitutes of (1) to know the claims
     AND (2) to meet or contest them. The right to submit legal arguments in
     one's favor is implied within that definition.


39.  Plaintiffs knew about the liens on or about November 30, 2004. They did
     contest them by submitting the administrative claims and then the
     lawsuit.

### H.    Case example No. 8

40.  In *In re Oliver*, the court said: We further hold that failure to afford the petitioner a reasonable opportunity to defend himself against the charge of false and evasive swearing was a denial of due process of law. A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel.

41.  (The following decisions of this Court involving various kinds of proceedings are among the multitude that support the above statement: *Snyder v. Massachusetts*, 291 U.S. 97, 116, 54 S.Ct. 330, 336, 78 L.Ed. 674, 90 A.L.R. 575; *Powell v. Alabama*, 287 U.S. 45, 68-70, 53 S.Ct. 55, 63, 64, 77 L.Ed. 158, 84 A.L.R. 527; *Hovey v. Elliot*, 167 U.S. 409, 418, 17 S.Ct. 841, 844, 42 L.Ed. 215; *Holden v. Hardy*, 169 U.S. 366, 390, 391, 18 S.Ct. 383, 387, 42 L.Ed. 780; *Morgan v. United States*, 304 U.S. 1, 14, 15, 58 S.Ct. 773, 774, 775, 82 L.Ed. 1129, and cases there cited.) *In re Oliver*, 333 U.S. 257 at 273-274, 68 S.Ct. 499 at 507-508 (U.S. 1948).

42.  Taking plaintiffs' allegations in the light most favorable to them, this court has to conclude that Plaintiffs did prove, under at least one set

presented in these cases, that they have filed this lawsuit within the limitations period of Sections 7432 and 7433.

### III.        Plaintiffs meet the Equitable Tolling standards

43. The Supreme Court repeatedly has held that equitable tolling should be permitted in appropriate cases so as to avoid unjust results. *See Jones v. TransOhio Savings Association,* 747 F.2d 1037, 1039 (6th Cir.1984)

44. In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of a statute of limitations, provided it is in conjunction with the legislative scheme. The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court .... Equitable estoppel is a related equitable principle that looks to the conduct of one party in preventing another from exercising her rights or assuming inconsistent positions to the detriment of another. *Wiltgen v. United States,* 813 F.Supp. 1387, 1394 (N.D.Iowa 1992)

45. There is no clear precedent disallowing equitable tolling in § 7433 actions.... the Plaintiff reasonably may have been mislead and, as such, should not be completely doomed for her failure to develop expertise with

regard to knowledge of the admittedly complex regulations governing the statute of limitations applicable in § 7433 actions. *Tenpenny v. U.S.*, 490 F.Supp.2d 852, 860-861 (N.D.Ohio, 2007).

46. In this case, by filing five "Notice of Contest of Lien" with a Florida Circuit Court in the County of Duval in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH), Plaintiffs may have been misled to believe that their action would have been sufficient to remove the illegal lien and restore their rights in their property. These filings were done within the two-year period from the time they learned about the lien on or about November 30, 2004, and they should still be in court records. By failing to institute a suit to enforce its liens in response to Plaintiffs filings, Defendant's notices of liens were extinguished automatically and are no longer enforceable.

47. As the court stated in *Tenpenny*, plaintiffs in this case should not be doomed if they lack "expertise with regard to knowledge of the admittedly complex regulations governing the statute of limitations."

48. Plaintiffs had actively pursued their remedies in the manner in which they knew how.

49. Courts have ruled that "officials cannot be held to have violated rights of which they could not have known." *Pinder,* 54 F.3d at 1173 (emphasis added); *see also Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984). *Hurt v. U.S.,* 914 F.Supp. 1346 at 1352 (S.D.W.Va.,1996).

50. In that same manner, Plaintiffs cannot be held to have violated procedures of which they are not experts. They acted to the best of their abilities with the information available to them. No one would knowingly delay their own relief.

51. It should also be noted that Plaintiffs never received their notices, or given an opportunity to be heard, before the government placed a lien on their property. It is a fundamental right for a Plaintiff to be heard (and even fairly advised) before the government issues its final command.

52. In addition, Defendant's collection measures have not ceased in November 2004. These measures continue. Each collection attempt is a new violation. The IRS never ceased its collection measures, continues to contact Plaintiffs and add new penalties. The illegal liens are continuously ruining Plaintiffs' credit – making it impossible for them to sell their property or enjoy their ownership of it.

53. An inability to seek legal relief on time cannot be used as an excuse to deny that relief, while Defendant's inability to act properly in placing a lien is left unhindered. Plaintiffs' inability to know of their rights does not justify Defendant's continuation in depriving them of their property rights. The protection of Plaintiffs' rights to their property, and the fact that said property was liened using unauthorized measures, has more constitutional relevance than Plaintiffs' expertise about statute of limitations.

### IV. Defendant misinterpreted "continuing violation"

54. Defendant quoted *Page* by stating the following: "[w]hen a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases. Since usually no single incident in a continuous chain of tortious activity can 'fairly or realistically be identified as the cause of significant harm,' it seems proper to regard the cumulative effect of the conduct as actionable. *Page*, 729 F.2d at 821-22 (emphasis added.)"

55. Defendant added: "The court additionally noted that the continuing tort doctrine is only available when "the tortious conduct is ongoing." Id. at 822 fn. 23. The court held that "[w]e view the injury claimed by Page as gradual, resulting from the cumulative impact of years of allegedly tortious drug treatment." Id. at 822. In *Page*, therefore, the court relied upon the cumulative effect of years of improper medical care, which led

to Page's drug addiction, as grounds for implementing the continuing violation theory. Thus, there was no definitive single act leading to plaintiff's drug addiction because it resulted from years of improper treatment."

56. Plaintiffs disagree with Defendant's analysis of *Page*. In *Page*, no single act lead to Plaintiff's drug addiction, but a repeat of the same or similar acts over a period of time. In this case, there was a repeat of the same act over a period of time that created the continuous chain of tortuous activity. There were five notices of federal tax liens, not one. As Defendant admits, "each involved different tax years or penalties." Each notice was issued on a different date.

57. One lien by itself is a single act. Five liens, on five different dates, cannot be logically considered a single act – but five different acts leading to Defendants' "improper treatment" of Plaintiffs. All these liens were unauthorized and issued without following proper collection measures. Cumulatively, these liens created the harm suffered by Plaintiffs.

58. There was not a single wrong, but a continuing course of improper conduct. The effect on Plaintiffs from five different liens, each adding to the amount allegedly owed to the previous one, cannot be classified as one violation.

59. Defendant's "one violation" argument could have been used if all these notices reflected the same tax years, and filed on the same day. However,

many of them have varied amount allegedly owed, as well as differ in tax year alleged obligations.

60. There is not a single wrong, but a continuing wrong, and a continuing course of improper conduct. These wrongs are not the "ill effects from an original violation", but an addition to the original violation.

61. In its argument, Defendant is acknowledging that they did commit a violation. They are only arguing that it is one-time, and not continuous.

**CONCLUSION**

62. Plaintiffs were not sent all of the appropriate notices, they were not informed of their due process rights, and were not given the opportunity to request for a CDPH hearing. The IRS attached a lien, despite the fact that it recklessly, intentionally, or by reason of negligence pursued unauthorized collection measures. Defendant violated, among other things, the five-day rule under 26 U.S.C. 6320.

63. Now, Defendant is claiming that Plaintiffs' case should be dismissed for failing to follow procedure (i.e., abide by the two year limitation) while Defendant sees no violation of procedure in a lien without proper notice and a hearing.

64. It appears acceptable for the IRS to not follow procedure and refuse to remove a lien, while not permissible to a Plaintiff, less knowledgeable

about the law than IRS agents, to suffer for not acting "properly" under the same outlined standards. It is illogical to expect of Plaintiffs to abide by standards in a better fashion than those who are hired to implement these standards.

65. The purpose of Plaintiff's lawsuit is to end an illegal lien. Defendant's action cannot be based on unauthorized methods and then justify the continuation of these unauthorized methods by quoting legal authorities.

66. The authorities from the earliest time to the present unanimously hold that no court will lend its assistance in any way towards carrying out illegal measures. This Court cannot permit the continuation of illegality. For the Court to rule in Defendant's favor, then the wrong done against Plaintiffs would be seriously compounded.

67. Plaintiffs did not procrastinate. They acted based on whatever knowledge they had and within the period of limitations according to at least one of the standards presented by case examples outlined above.

68. The lien was illegal due to lack of notice and extending an opportunity for a hearing. Being illegal, it is unenforceable. Being legally unenforceable, then the lien must be released under 26 C.F.R. 401.6325 – 1. The IRS

lien should not have been placed from the beginning. Every day the lien continues, Plaintiffs' harm continues.

69. Plaintiffs request that this Honorable Court do grant the removal of the illegally issued notices of federal tax lien from Plaintiffs' property, consider these notices null and void, and grant Plaintiffs damages, fees, costs, and other relief allowed by law or the Court deems appropriate. This court must deny Defendant's motion to dismiss.

WHEREFORE Plaintiffs request that this Honorable Court do grant the relief herein requested, along with fees, costs, and other relief the Court deems appropriate.

Respectfully submitted,

__/s/Elias Aoun_____                    Date: August 26, 2008

**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**E-mail: Lawyer2008@yahoo.com**
**Cell Phone 202-257-7796**

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about August 26, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

        Benjamin J. Weir, Esq.
        Tax Division
        Department of Justice

        __/s/Elias Aoun_____
        ELIAS AOUN

**Exhibit DD**

## NOTICE OF CONTEST OF LIEN
(Section 713.22(2), F.S.)

**STATE OF FLORIDA**
COUNTY OF Duval

To:
Van E. O'Neal    IRS Agent who filed NTFL

Internal Revenue Service
Stop 5750 Attn: Liens
550 Water Street #701
Jacksonville, FL 32202

I HEREBY CERTIFY THAT A COPY OF THIS NOTICE HAS BEEN MAILED BY REGISTERED MAIL TO THE LIEN CLAIMANT AT THE ADDRESS SHOWN ABOVE THIS 26th DAY OF SEPTEMBER, 2006.

JIM FULLER, CLERK OF CIRCUIT COURT

DEPUTY CLERK

You are notified that the undersigned contests the claim of lien filed by you on March 13, 1997 and recorded in **Document number 97057291, Book 8571, Page 651** of the public records of Duval County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice. Dated this 21 day of September, 2006.

Signed: *Harold D Long*

Your Name, Printed or Typed: *Harold D Long*

Your Address: *P.O. Box 6381*
*Jacksonville, Florida 32236*

STATE OF FLORIDA,
COUNTY OF Duval (Florida Statute 117.05)

Sworn to (or affirmed) and subscribed before me this 21 day of *SEPTEMBER*, 2006, by

*HAROLD D. LONG*

MARK V. STEPHENS
MY COMMISSION #DD277288
EXPIRES JANUARY 24, 2008

(NOTARY SEAL)

Personally Known _____ OR Produced Identification ✓

Type of Identification Produced

*DRIVER LICENCE # L520-344-48-343-0*

Form 868 (Y) (a)
Rev. October 1993)    1092

**Department of the Treasury - Internal Revenue Service**

## Notice of Federal Tax Lien

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|

NORTH FLORIDA

599731923

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  **HAROLD D LONG**

Residence   **1937 DELAROCHE DR W**
**JACKSONVILLE, FL  32210-2429**

Bk: 8571
Pg: 651
DocH 97057291
Filed & Recorded
03/19/97
06:49:20 A.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

**Book 8571    Pg   651**

*on Doug's credit Report*

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/93 | 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 | 11/18/96 | 12/18/06 | 6690.72 |

*Exp*

Place of Filing    **CLERK OF CIRCUIT COURT**
**DUVAL COUNTY**
**JACKSONVILLE, FL  32202**

| Total | $ | 6690.72 |

This notice was prepared and signed at ___Jacksonville, FL___, on this,

13th day of ___March___, 19__97__

Title

STOP 5750  SPF/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST  STE 35045
JACKSONVILLE FL  32202-4437

**MANAGER 59-01-0000**

NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien
(Rev. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**          Form 868 (Y) (c) (Rev. 10/93

3,000.00
3,500.00
6,500.00  NOTON
CR

6670.72
5900.00
3392500
$16075.72  place ... JohnCR
+ 6,500.00
$52,615.72 all total

✗



**Print Date:**
9/26/2006 8:43:14 AM

Transaction #: **895639**
Receipt #: **853483**
Cashier Date: **9/26/2006**
___ :24 AM
(SGRAVES)

Jim Fuller
Clerk Circuit Court
Duval County
330 E. Bay Street Rm 103
Jacksonville, FL 32202
(904) 630-2044

| ___ omer Information | Transaction Information | Payment Summary | |
|---|---|---|---|
| ◌ HAROLD D LONG<br>◌ BOX 6381<br>JACKSONVILLE, FL 32236 | DateReceived: 09/26/2006<br>Source Code: MAIN OFFICE<br>Q Code: MAIN OFFICE<br>Return Code: Mail<br>Trans Type: Recording<br>Agent Ref Num: | Total Fees<br>Total Payments | $20.00<br>$20.00 |

**Payments**

CHECK 238985675 1                                                                    $20.00

**Recorded Items**

(LN) LIEN

*BK/PG: 13541/1870   CFN:2006335269*
*Date:9/26/2006 8:41:22 AM*
*From: LONG HAROLD D To: UNITED STATES*
*GOV INT REV*

| INDEXING | 2 | $0.00 |
|---|---|---|
| RECORDING | 1 | $10.00 |
| CLERK FEE | 1 | $10.00 |

**Search Items**

**0 Miscellaneous Items**

Exhibit EE

## NOTICE OF CONTEST OF LIEN
### (Section 713.22(2), F.S.)

**STATE OF FLORIDA**
COUNTY OF Duval

To:
Van E. O'Neal

Internal Revenue Service
Stop 5750 Attn: Liens
550 Water Street #701
Jacksonville, FL 32202

I HEREBY CERTIFY THAT A COPY OF THIS NOTICE HAS BEEN MAILED BY REGISTERED MAIL TO THE LIEN CLAIMANT AT THE ADDRESS SHOWN ABOVE THIS 1st DAY OF NOVEMBER, 2006.

JIM FULLER, CLERK OF CIRCUIT COURT

BY _____
DEPUTY CLERK

You are notified that the undersigned contests the claim of lien filed by you on October 7, 1998 and recorded in **Document number 98244617, Book 9092, Page 1348,** of the public records of Duval County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice. Dated this _26_ day of October, 2006.

Signed: _Harold D Long_

Your Name, Printed or Typed: _Harold D Long_

Your Address: _P.O. Box 6381_
_JAX. Fl. 32236_

STATE OF FLORIDA,
COUNTY OF Duval (Florida Statute 117.05)

Sworn to (or affirmed) and subscribed before me this _26_ day of _OCTOBER_, 2006, by

_HAROLD D. LONG_

_MARK V. STEPHENS_

MARK V. STEPHENS
MY COMMISSION #DD277288
EXPIRES: JANUARY 24, 2008

(NOTARY SEAL)

Produced Identification ✓

Type of Identification Produced

Driver License # L-520-344-48-343-0

#2

Form 668 (Y) (c)
(Rev. 1997)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| FLORIDA | 599855578 | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Book 9092   Pg   1348

Name of Taxpayer   HAROLD D LONG

Residence   PO BOX 5581
JACKSONVILLE, FL 32236

Bk: 9092
Pg: 1348
Doc# 98244617
Filed & Recorded
10/07/98
10:07:18 A.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| CIVP | 12/31/1985 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1986 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1987 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1988 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| CIVP | 12/31/1989 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| | 12/31/1990 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |

E + P

| Place of Filing | | | | | |
|---|---|---|---|---|---|
| | CLERK OF CIRCUIT COURT DUVAL COUNTY JACKSONVILLE, FL 32202 | | | Total | $ 3000.00 |

This notice was prepared and signed at    Jacksonville, FL                          , on this,

the   29th   day of   September   1998

Signature   for W. G. WALKER

Title   Revenue Officer 59-01-1115
(904) 279-1672

STOP 5750 SPFIJENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35045
JACKSONVILLE FL 32202-4437

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - Kept by Recording Office

Form 668 (Y) (c)   (Rev. 6-97)
CAT. NO 60025X

**Exhibit FF**

# NOTICE OF CONTEST OF LIEN
### (Section 713.22(2), F.S.)

**STATE OF FLORIDA**
COUNTY OF Duval

To:
Van E. O'Neal

Internal Revenue Service
Stop 5750 Attn: Liens
550 Water Street #701
Jacksonville, FL 32202

Doc # 2008380933, OR BK 13615 Page 2058,
Number Pages: 1
Filed & Recorded 11/01/2006 at 12:54 PM.
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY
RECORDING $10.00

You are notified that the undersigned contests the claim of lien filed by you on December 17,

1998 and recorded in **Document number 98306650 , Book 9164, Page 1067,** of the

public records of Duval County, Florida, and that the time within which you may file suit to

enforce your lien is limited to 60 days from the date of service of this notice. Dated this

____26____ day of October, 2006.

Signed: *Harold D Long*

Your Name, Printed or Typed: *Harold D Long*

Your Address: *P.O. Box 6381*

*JAX. Fl. 32236*

STATE OF FLORIDA,
COUNTY OF Duval (Florida Statute 117.05)

Sworn to (or affirmed) and subscribed before me this ___26___ day

of ___October___, 2006, by

*HAROLD D. LONG*

MARK V. STEPHENS
MY COMMISSION #DD277288
EXPIRES: JANUARY 24, 2008

(NOTARY SEAL)

Produced Identification ✓

Type of Identification Produced

Driver License # L-520-344-48-343-0

I HEREBY CERTIFY THAT A COPY OF THIS
NOTICE HAS BEEN MAILED BY REGISTERED
MAIL TO THE LIEN CLAIMANT AT THE ADDRESS
SHOWN ABOVE THIS 1st DAY OF NOVEMBER, 2006

JIM FULLER, CLERK OF CIRCUIT
COURT

DEPUTY CLERK

#3

(1)(c)   1052

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| | Serial Number | For Optional Use by Recording Office |
|---|---|---|

FLORIDA

provided by sections 6321, 6322, and 6323 of the Internal Revenue are giving a notice that taxes (including interest and penalties) assessed against the following-named taxpayer. We have made for payment of this liability, but it remains unpaid. Therefore, lien in favor of the United States on all property and rights to belonging to this taxpayer for the amount of these taxes, and penalties, interest, and costs that may accrue.

599857629

Book 9164   Pg   1067

Bk:   9164
Pg:   1067
Doc# 98306650
Filed & Recorded
12/17/98
02:32:35 P.M.
HENRY W. COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, FL
REC. $ 6.00

of Taxpayer      HAROLD D LONG

PO BOX 6381
JACKSONVILLE, FL 32236

TANT RELEASE INFORMATION: For each assessment listed below, these notice of lien is refiled by the date given in column (e), this notice shall this day following such date, operate as a certificate of release as defined in 6325(a).

| Tax Period Ended (b) | Identifying Number | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|
| 12/31/1991 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1992 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1993 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1994 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 12/31/1995 | 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 | 08/31/1998 | 09/30/2008 | |
| 12/31/1995 | 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 | 09/07/1998 | 10/07/2008 | 1000.77 |
| 12/31/1996 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |

Exp

| CLERK OF CIRCUIT COURT DUVAL COUNTY JACKSONVILLE, FL 32202 | | Total | $ | 3500.77 |
|---|---|---|---|---|

notice was prepared and signed at Jacksonville, FL.

9th day of December 1998

STOP 5750  SP/LIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE 35042
JACKSONVILLE FL 32202-4437

| | Title | Revenue Officer 59-01-1115 (904) 279-1672 |
|---|---|---|

Certificate of officer authorized to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 1 - Kept by Recording Office

Form 668 (Y)(c)  (Rev. 8-97)
CAT. NO 60025X

Exhibit GG

# NOTICE OF CONTEST OF LIEN
(Section 713.22(2), F.S.)

**STATE OF FLORIDA**
**COUNTY OF Duval**

I HEREBY CERTIFY THAT A COPY OF THIS
NOTICE HAS BEEN MAILED BY REGISTERED
MAIL TO THE LIEN CLAIMANT AT THE ADDRESS
SHOWN ABOVE THIS 31st DAY OF OCTOBER,
2006.

To:
Van E. O'Neil

JOHN FULLER, CLERK OF CIRCUIT
COURT

Internal Revenue Service
Stop 5750 Attn: Liens
550 Water Street #701
Jacksonville, Fl. 32202

BY: _____
DEPUTY CLERK

You are notified that the undersigned contests the claim of lien filed by you on September

1999 and recorded in **Document number 99219070, Book _____, Page _____,** of the

public records of Duval County, Florida, and that the time within which you may file suit to

enforce your lien is limited to 60 days from the date of service of this notice. Dated this

_24th_ day of October, 2006.

Signed: _Sherrie K. Long_

Your Name Printed or Typed: _Sherrie K. Long_

Your Address: _P.O. Box 6381_
_Jacksonville, Florida 32236_

**STATE OF FLORIDA,**
**COUNTY OF Duval** (Florida Statute 117.05)

Sworn to (or affirmed) and subscribed before me this _24_ day
of _October_, 2006, by

_Geraldine D. Waddell_

GERALDINE D. WADDELL
MY COMMISSION # DD 498492
EXPIRES: December 8, 2009
Bonded Thru Notary Public Underwriters

(NOTARY SEAL)

Produced Identification _Florida Driver License_

Type of Identification Produced:  Driver License # L-520-791-59-878-0

Form 668 (Y)(c)
(Rev August 1997)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| NORTH FLORIDA | 599951650 | Book 9401 Pg 368 |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer     SHERRIE K LONG

Bk: 9401
Pg: 368
Book 09819070
FILED & Recorded
02/01/99
09:08:47 A.M.
HENRY W COOK
CLERK CIRCUIT COURT
DUVAL COUNTY, COURT
REC. $ 6.00

Residence
PO BOX 6381
JACKSONVILLE, FL 32236-6381


on Sherries credit report

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6702 | 12/31/1985 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1986 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1987 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1988 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1989 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1990 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1991 | 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 | 06/22/1998 | 07/22/2008 | 500.00 |
| 6702 | 12/31/1992 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 6702 | 12/31/1993 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 6702 | 12/31/1994 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |
| 6702 | 12/31/1995 | 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 | 08/31/1998 | 09/30/2008 | 500.00 |

Exp

Place of Filing
CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total $ 5500.00

This notice was prepared and signed at Jacksonville, FL , on this,

23rd day of August 1998

STOP 5750 SFFLIENS
INTERNAL REVENUE SERVICE
400 W BAY ST STE SR048
JACKSONVILLE FL 32202-4437

Signature                    Title    Revenue Officer 59-01-1TTS
                                      (904) 279-1672

Note: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax lien Rev Rul 71-466, 1971-2 C.B. 409)

PART 1 - Kept at Recording Office

Form 668 (Y)(c) (Rev 8-97)
CAT. NO 60025X





**Print Date:**
10/31/2006 1:26:24 PM

Transaction #: 910691
Receipt #: 868383
Cashier
Date: 10/31/2006
1:26:23 PM
(SGRAVES)

Jim Fuller
Clerk Circuit Court
Duval County
330 E. Bay Street Rm 103
Jacksonville, FL 32202
(904) 630-2044

| Customer Information | Transaction Information | Payment Summary |
|---|---|---|
| C SHERRIE LONG<br>P O BOX 6381<br>JACKSONVILLE, FL  32236 | DateReceived: 10/31/2006<br>Source Code: MAIN OFFICE<br>Q Code: MAIN OFFICE<br>Return Code: Mail<br>Trans Type: Recording<br>Agent Ref Num: | Total Fees $20.00<br>Total Payments $20.00 |

**1  Payments**

| | |
|---|---|
| MON ORD 238986160 | $20.00 |

**1  Recorded Items**

| (NOTCONT) NOTICE CONTEST OF LIEN | BK/PG: 13613/300   CFN:2006379235<br>Date: 10/31/2006 1:26:23 PM<br>From: LONG SHERRIE K To: INTERNAL REVENUE SERV | | |
|---|---|---|---|
| INDEXING | | 2 | $0.00 |
| RECORDING | | 1 | $10.00 |
| CLERK FEE | | 1 | $10.00 |

**0  Search Items**

**0  Miscellaneous Items**

Exhibit HH

# NOTICE OF CONTEST OF LIEN
(Section 713.22(2), F.S.)

STATE OF FLORIDA
COUNTY OF Duval

To:
Deborah J. Macmillan

Internal Revenue Service
Stop 5750 Attn: Liens
550 Water Street #701
Jacksonville, FL 32202

Doc # 2006386934, OR BK 13615 Page 2059,
Number Pages: 1
Filed & Recorded at 11/01/2006 at 12:54 PM,
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY
RECORDING $10.00

You are notified that the undersigned contests the claim of lien filed by you on November 25, 2003 and recorded in **Document number 2003386935, Book 11496, Page 1652,** of the public records of Duval County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice. Dated this 26 day of October, 2006.

Signed: *Harold D Long*

Your Name, Printed or Typed: Harold D Long

Your Address: P.O. Box 6381

Jax. Fl. 32236

STATE OF FLORIDA,
COUNTY OF Duval (Florida Statute 117.05)

Sworn to (or affirmed) and subscribed before me this 26 day of OCTOBER, 2006, by Harold D. Long

MARK V. STEPHENS
MY COMMISSION #DD277258
EXPIRES: JANUARY 24, 2008

(NOTARY SEAL)

Produced Identification ✓

Type of Identification Produced

Driver License # L-520-344-48-343-0

I HEREBY CERTIFY THAT A COPY OF THIS NOTICE HAS BEEN MAILED BY REGISTERED MAIL TO THE LIEN CLAIMANT AT THE ADDRESS SHOWN ABOVE THIS 1ST DAY OF NOVEMBER, 2006.

JIM FULLER, CLERK OF CIRCUIT COURT

BY
DEPUTY CLERK

1868

668 (Y)(c)
(Rev. October 2000)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

#5

| INVESTMENT AREA #3<br>Unit Phone: (800) 829-7650 | Serial Number<br>141294803 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer HAROLD D LONG

Residence
PO BOX 6381
JACKSONVILLE, FL 32236-6381

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1992 | 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 | 02/10/2003 | 03/12/2013 | 8532.56 |
| 1040 | 12/31/1994 | 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 | 03/03/2003 | 04/02/2013 | 6453.89 |
| 1040 | 12/31/1995 | 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 | 03/10/2003 | 04/09/2013 | 18939.35 |

Doc# 2003386935
Book: 11496
Pages: 1657
Filed & Recorded
11/25/2003 03:44:30 PM
JIM FULLER
CLERK CIRCUIT COURT
DUVAL COUNTY
RECORDING        $    9.00
TRUST FUND       $    1.00

Place of Filing
CLERK OF CIRCUIT COURT
DUVAL COUNTY
JACKSONVILLE, FL 32202

Total  $  33925.80

This notice was prepared and signed at   JACKSONVILLE, FL   , on this,

the   29th   day of   October   , 2003

INTERNAL REVENUE SERVICE
Signature   Deborah J. Macmillan
for E RAVENAL

Title
ACS
(800) 829-7650     13-00-0000

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X