# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAROLD D. LONG | ) | |
| SHERRIE K. LONG | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL CASE NO: 1:08-cv-00849 |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# PLAINTIFFS' MOTION FOR MAXIMUM DAMAGES

Plaintiff hereby files this motion for maximum damages.

1. Our founding fathers created three branches of government. The judicial branch was not only independent, but judges were appointed for life and generally are beyond the control of politicians. The fifty independent state republics drew their own Constitutions with almost identical provisions. Obviously, the more than three hundred million people in this country feel this is an excellent system with an independent judiciary.

2. The United States Congress has studied bureaucratic misconduct in governmental agencies, such as the IRS, and decided to take action. Congress passed many laws for a private right of action including the Unauthorized Tax Collection Act IRC §7433. These "federal bounty hunter statutes" authorize statutory damages to give the bureaucracies incentive to obey the laws that Congress has passed. Further, the elected

representatives of the people want the courts to award maximum damages to give incentives to the people to file complaints in federal courts and to enforce the laws that Congress wants enforced.

3. Our elected representatives, after careful deliberation, have decided that the best remedy for the tendency of government agencies to make errors or actual wrongdoing is remedial litigation in the form of citizens' self-help statutes. For over 130 years, our Congress has passed many "Private Attorney General Statutes" authorizing private citizens to file suit in federal courts, and upon prevailing collect their fees and costs.

4. The Bounty Hunter Statutes soon followed and provided incentive for citizen action. Congress and the experts feel this is the best motivation for the federal agencies to obey laws which incidentally cost the taxpayers a lot of money to be enacted.

5. The Unauthorized Tax Collection Act and its sister laws are part of the IRS Reform and Restructuring Act of 1998. These remedial statutes were passed after much research and study. The principle advisor to this and all legislation are the top authorities at the Department of Justice. No statute of this type would pass with the opposition of the Attorney General. The Unauthorized Tax Collection Act was supported and authorized by the legislative and executive branches.

6. After the Judiciary holds the IRS accountable, IRS supervisors would be motivated to better obey the law and supervise their employees. A large

damage award would cause the IRS to stop pursuing certain illegal tactics and activities.

7. In this case, the following facts can be asserted:

    a. The tax liens were illegal based on lack of due process because the government did not follow the procedures of notice and demand. Plaintiffs were not aware of the illegal liens on their property until November 30, 2004 when they were supposed to close on the sale of their home.

    b. The government made no determination on Plaintiffs' many administrative claims.

    c. The IRS placed liens based on assessment made without notice and demand.

    d. The IRS failed to release liens which were based on illegal assessment.

    e. The IRS failed to notify Plaintiffs "not more than 5 business days after the day of the filing of the notice of lien." 26 USC 6320(a)(2).

    f. The IRS failed to provide for an administrative hearing and administrative appeal.

    g. The IRS did not withdraw notices of liens filed "not in accordance with administrative procedures of the Secretary."   26 USC 6323(j)(1)(A).

    h. The IRS did not issue certificates of release of lien that were illegal and thus legally unenforceable. 26 USC 6325(a)(1).

     i.  Plaintiffs' inability to close on the sale of their home, in addition to other incurred expenses resulting from the liens, clearly amounts to damages.

     j.  Plaintiffs were caused real and substantive injury due to IRS actions.

8.  As a result of these reckless, intentional, or negligent acts, Defendant is certainly liable to Plaintiffs for damages. Plaintiffs did suffer direct, economic damages. The fact that they could not sell their property was directly attributable to Defendant's liens.

9.  Plaintiffs submitted jurisdictionally mandated administrative claims required by 26 USC 7432(d)(1) which requires plaintiffs to exhaust the administrative remedies available to such plaintiffs with the IRS. Plaintiffs had also filed Administrative Claims for relief from wrongful collection actions pursuant to 26 USC § 7433(e). In its Answer of August 25, 2008, Defendant admitted (in paragraphs 37 and 42) that Plaintiffs have exhausted their administrative remedies.

10.  In their pleading of August 26, 2008 (Plaintiffs' response to Defendant's memorandum in support of the motion to dismiss), Plaintiffs outlined how their challenge of Defendant's actions was within the statute of limitations.

11.  Defendant did not prove that they followed proper procedural measures in enforcing the liens. Instead of resolving the matter with least expense for all parties, Defendant filed a motion to dismiss as if Plaintiffs have no

rights at all with them – incurring more anguish and expense on Plaintiffs, and more expense to the government.

12. In addition, Defendant filed a counterclaim against Plaintiffs making allegations of "frivolous return penalties". A similar counterclaim, with almost word for word similarities in certain parts, was also filed in another case represented by Plaintiffs' attorney (1:08-cv-00914-PLF). Whether these counterclaims are legitimated or intended to harass Plaintiffs' attorney from filing similar lawsuits in the future against IRS unauthorized collection measures would be for the Court to judge.

13. The Department of Justice is clearly harassing Plaintiffs and their attorney with these counterclaims. The DOJ is not interested in justice, or intending to win by legal argument. Apparently, the DOJ's strategy is to raise the costs to indigent Plaintiffs and their attorney to force them to drop the case.

14. Plaintiffs' case does have merit. Plaintiffs do ask this court to use its discretion to grant interim award of counsel fees for Plaintiffs' attorney to represent them.

## Conclusion

15. Section 7433(b) was amended on July 30, 1996 to increase the maximum recoverable damages from $ 100,000 to $ 1,000,000. *Gandy Nursery, Inc. v. United States,* 318 F.3d 631, 638 (5th Cir.2003).

16. Due to the reasons listed above, Plaintiffs seek the maximum damages of $1,000,000 along with other relief the court deems appropriate including

attorney fees and costs. Plaintiffs are entitled to damages under IRC §
7432 and to the statutory maximum in damages under IRC § 7433.

17. The U.S. Congress has passed many private attorney general statutes,
which relate to a private party who brings a lawsuit that is considered to
be in the public interest, i.e. benefiting the general public and not just
the plaintiff. The private attorney general is entitled to recover attorney's
fees if he or she prevails. The purpose of this principle is to provide extra
incentive to private citizens to pursue suits that may be of benefit to
society at large.

18. For this Court to award maximum damages would rightfully compensate
Plaintiffs for their economic and other losses or damages due to IRS
actions.  It would give bureaucracies, such as the IRS, incentives to be
more watchful so that they do not pursue unauthorized collection
measures. It would also encourage citizens to file complaints in courts
when their rights have been trespassed upon.

19. This mistreatment of the citizen must be stopped. Strong action by one
federal judge will cause Defendant to be more responsive to taxpayers
and have more respect to the citizens' suffering from IRS wrongdoings.
As this Court well knows, a remedy to this problem exists.


WHEREFORE Plaintiffs requests that this Honorable Court do grant the relief
herein requested and other relief the Court deems appropriate.

Respectfully submitted,

_/s/  Elias Aoun_____                    Date: September 15, 2008
**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**Cell Phone 202-257-7796**

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about September 15, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

> Benjamin J. Weir, Esq.
> Tax Division
> Department of Justice

> __/s/Elias Aoun_____
> ELIAS AOUN