# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ) | | |
| HAROLD D. LONG | ) | |
| SHERRIE K. LONG | ) | |
| | ) | |
|     Plaintiffs/Counterdefendants, | ) | |
| v. | ) | CIVIL CASE NO: 1:08-cv-00849 |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
|     Defendant/Counterclaimants. | ) | |
| | ) | |

_____

## <u>PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S ANSWER AND COUNTERCLAIM</u>

1.  Defendant filed an Answer to Plaintiffs' complaint containing general denials. Since there is no clarity for reasons behind the denials, Plaintiff opposes and denies all of Defendant's denials. Plaintiffs never considered or intended the government to be a federal agency.

2.  Plaintiffs submit this motion to dismiss Defendant's answer and counterclaim. The counterclaim contains misstatement of facts, and it is considered by Plaintiffs to be a form of harassment.

## I.  Defendant's misrepresentation of facts

3.  Defendant's counterclaim states that notice and demand for payment of each of the assessments was given to Plaintiffs.

4.   Defendant never submitted copies of what exactly was given and on what date(s). Plaintiffs were not aware of the illegal liens on their property until November 30, 2004 when they were supposed to close on the sale of their home.

5.   Once again, to confirm Plaintiffs' story, Plaintiffs' lawyer asked: "Is it correct that you never received notice and demand about the liens?" Plaintiff Sherrie Long answered: "Yes that is correct.  We never received anything in the mail, left at our home or anything signed by a judge to take our property. I found out at the lawyers office."

6.   Based on the available evidence, Defendant did not act in accordance with 26 USC 6303, but violated it. The burden of proof is on the United States to prove that the IRS did in fact send out the notices and demand as the counterclaim falsely proclaims.


## II.   IRS Actions are invalid

7.   Defendant's counterclaim argues that "the Commissioner of the Internal Revenue Service assessed frivolous return penalties under 26 USC 6702 and interest" against Plaintiffs.

8.   The Due Process Clause of the Constitution mandates that the IRS strictly comply with the statutory process established by Congress before it is authorized to make any collection efforts against a taxpayer. Where the requirements of law have not been followed, the defects taint the collection process and render the IRS actions invalid.

9.  In this case, the tax liens were illegal based on lack of due process because the government did not follow the procedures of notice and demand. Defendant stated in its Counterclaim that notice and demand were given to Plaintiffs. Defendant never submitted copies of what exactly was given and on what date(s). Plaintiffs were not aware of the illegal liens on their property until November 30, 2004 when they were supposed to close on the sale of their home.

10.  Once again, to confirm Plaintiffs' story, Plaintiffs' lawyer asked: "Is it correct that you never received notice and demand about the liens?" Plaintiff Sherrie Long answered: "Yes that is correct.  We never received anything in the mail, left at our home or anything.... to take our property. I found out at the lawyers office."

11.  In *Gandy*, the Court wrote: Whether or not the government's position was substantially justified is determined from a reasonable person standard. More specifically, the government's position is "justified to a degree that would satisfy a reasonable person." *Nalle v. Comm'r,* 55 F.3d 189, 191 (5th Cir.1995). "To meet this standard, the government's position must have a reasonable basis in law and fact." *Wilkerson, supra,* 67 F.3d at 119 *citing Bouterie v. Comm'r,* 36 F.3d 1361, 1367 (5th Cir.1994); *Hanson v. Comm'r,* 975 F.2d 1150, 1153 (5th Cir.1992). "In essence, the inquiry focuses on the reasonableness of the government's position prior to the onset of litigation." *Wilkerson, supra,* 67 F.3d at 119.  *Gandy Nursery,*

*Inc. v. U.S.,* not Reported in F.Supp.2d, 2004 WL 838070 (E. D. Tex., 2004).

12. In this case, it is not reasonable that the government has made no determination on Plaintiffs' many administrative claims prior to this counterclaim.

13. It is not reasonable that Defendant placed liens based on assessment made without notice and demand.

14. It is not reasonable that Defendant fails to release the liens based on illegal assessment.

15. It is not reasonable that Defendant failed to notify Plaintiffs "not more than 5 business days after the day of the filing of the notice of lien." 26 USC 6320(a)(2).

16. It is not reasonable that Defendant failed to provide for an administrative hearing and administrative appeal.

17. It is not reasonable for Defendant not to withdraw the notices of liens filed "not in accordance with administrative procedures of the Secretary." 26 USC 6323(j)(1)(A).

18. It is not reasonable for Defendant not to issue a certificate of release of lien that is illegal and thus legally unenforceable. 26 USC 6325(a)(1).

19. It is not reasonable to presume that Plaintiffs' inability to close on the sale of their home, in addition to other incurred expenses resulting from the liens, is not damages.

20. It is not reasonable to presume that Plaintiffs were not caused real and substantive injury due to Defendant's actions.

21. It would not be reasonable for Defendant to commit all these reckless, intentional, or negligent acts without the Court finding defendant liable to Plaintiffs for damages.

22. It would not be reasonable for the Court to dismiss Plaintiff's case knowing that Defendant had committed all these reckless, intentional, or negligent acts.

23. Plaintiffs did suffer direct, economic damages from Defendant's failure to provide them notice. The fact that they could not sell their property was directly attributable to Defendant's liens.

24. Plaintiffs submitted jurisdictionally mandated administrative claims required by 26 USC 7432(d)(1) which requires plaintiffs to exhaust the administrative remedies available to such plaintiffs with the IRS. Plaintiffs had also filed Administrative Claims for relief from wrongful collection actions pursuant to 26 USC § 7433(e). In its Answer of August 25, 2008, Defendant admitted (in paragraphs 37 and 42) that Plaintiffs have exhausted their administrative remedies.

25. In their pleading of August 26, 2008 (Plaintiffs' response to Defendant's memorandum in support of the motion to dismiss), Plaintiffs outlined how their challenge of Defendant's actions was within the statute of limitations.

26. Defendant did not prove that they followed proper procedural measures in enforcing the liens. Instead of resolving the matter with least expense for all parties, Defendant filed a motion to dismiss as if Plaintiffs have no rights at all with them – incurring more anguish and expense on Plaintiffs, and more expense to the government.

27. In addition, a similar counterclaim, with almost word for word similarities in certain parts, was also filed in another case represented by Plaintiffs' attorney (1:08-cv-00914-PLF). Whether these counterclaims are legitimated or intended to harass Plaintiffs' attorney from filing similar lawsuits in the future against IRS unauthorized collection measures would be for the Court to judge.

28. The Department of Justice is clearly harassing Plaintiffs and their attorney with this counterclaim. The DOJ is not interested in justice, or intending to win by legal argument. Apparently, the DOJ's strategy is to raise the costs to indigent Plaintiffs and their attorney to force them to drop the case.

29. Plaintiffs' case does have merit. Plaintiffs do ask this court to use its discretion to grant interim award of counsel fees for Plaintiffs' attorney to represent them.

### III.  Conclusion

30. Defendant's counterclaim was based on unsubstantiated and frivolous arguments. In so doing, Defendant's actions are in violations of the Fair

Debt Collection Practices Act (FDCPA) which states that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The false representation refers, among other things, to "the character, amount, or legal status of any debt."

WHEREFORE Plaintiffs requests that this Honorable Court do dismiss the United States' Answer and Counterclaim and grant other relief the Court deems appropriate.

Respectfully submitted,

_/s/  Elias Aoun_____                Date: September 15, 2008
**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**Cell Phone 202-257-7796**

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about September 15, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

        Benjamin J. Weir, Esq.
        Tax Division
        Department of Justice

        __/s/Elias Aoun_____
        ELIAS AOUN