# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAROLD D. LONG | ) | |
| SHERRIE K. LONG | ) | |
| | ) | |
| Plaintiffs/Counterdefendants, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO: 1:08-cv-00849 |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants/Counterclaimants) | | |
| | ) | |

_____

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

1. On August 25, 2008, the United States filed an answer and counterclaim. On September 15, 2008, Plaintiffs filed a motion to dismiss the counterclaim. On September 22, 2008, Defendants filed an opposition to Plaintiffs' motion to dismiss the counterclaim.

2. Plaintiffs hereby file this reply memorandum in the support of their motion to dismiss the United States' counterclaim under Rule 12(b)(6). Plaintiffs' motion is intended to dismiss Defendants' counterclaim which fails to state a claim upon which relief can be granted as a counterclaim to Plaintiff's action. Defendant's counterclaim is not plausible on its face, contains unsupported allegations, and does not arise out of the transaction or occurrence that is the subject matter of Plaintiffs' claim.

I.        **Defendant's counterclaim violates FRCP Rule 13**

3.    FRCP Rule 13 requires that a counterclaim "arises out of the transaction
      or occurrence that is the subject matter of the opposing party's claim...."

4.    Plaintiffs' complaint is an action brought under 26 U.S.C. § 7433 and
      7432.

5.    Defendants' counterclaim did not state the Code provision under which
      they are filing their Counterclaim for the alleged assessed taxes and so-
      called "frivolous" returns (under their Count I and Count III). They
      alleged violation of 26 U.S.C. § 6702 under Count II.

6.    Plaintiffs' original complaint is seeking damages for willful, reckless,
      intentional, or negligent conduct by Defendants against Plaintiffs. On the
      other hand, Defendants' counterclaim is based on assessments and
      penalties. Regardless of what Plaintiffs allegedly owe, whether Plaintiffs
      owed $100 or $100 Million, the amount in itself is irrelevant or does not
      justify Defendants' unauthorized measures.

7.    Defendants' Counterclaim does not arise from Sections 7433 and 7432.
      In Counts I and III, it is not stated from which Code sections the
      Counterclaim arises.

8.    Defendants cannot sue without specifying the Code section under which
      they are suing. Section 7401 only discusses acquiring the Secretary's
      authority to sue. Also, they cannot do so as a counterclaim to Plaintiffs'
      complaint on an unrelated matter. Therefore, Defendants' counterclaim
      must be dismissed.

**II.**        **Defendant's counterclaim is not in accordance with Rule 10**

9. Although the IRS is supposed to be a new party to the counterclaim of August 25, Defendant United States had failed to include the IRS' name in the caption as required by FRCP Rule 10 that a pleading "must name all the parties" and to indicate the inclusion of the new party.

**III.**        **Defendant's counterclaim is not plausible on its face**

10. For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In other words, a plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Igbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (internal quotation marks omitted).

11. Defendant's counterclaim is not plausible on its face, does not survive the basic test for a valid counterclaim, and must be dismissed for the following reasons:

Reason No. 1

12. Defendants did not state under what provision of the Code they are making their claims for Counts I and III.

Reason No. 2

13. For Count II, Defendants alleged violation of 26 USC 6702 for frivolous return penalties. Count III makes similar allegations.

14. However, according to 6702(c ),  "The Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has identified as being frivolous...." Plaintiffs do not have such a list, and Defendants have not provided it to them or to the Court so that Plaintiffs could ascertain what exactly they are being accused of.

15. If a person of ordinary intelligence cannot determine accurately all scenarios that would constitute a "frivolous return", then the accusation is void for vagueness. Plaintiffs must be given adequate definitions so that they are aware of the charge against them, so they can properly defend themselves against those charges.   Defendants' apparent intentional, consistent, and repeated accusations of "frivolous" without providing any specifics of what exactly Plaintiffs did that was "frivolous" is aimed at robbing Plaintiffs of rights under the color of law.

16. Defendants must make clear the cause and nature of the accusation. Otherwise, their undefined and unclear accusations amount to fraud, illegality, bad faith, dishonesty, and unfairness.

Reason No. 3

17. According to Section 6702(a), a person shall pay a penalty if "such person files....." a frivolous return.

18. Defendants have not proven how they could penalize plaintiffs for "frivolous return penalties" when they did not prove that (1) returns were actually filed for the years listed in the counterclaim, and (2) how these returns fall under Section 6702(c) to be considered frivolous.

19. Counts II and III "frivolous return penalties" do not apply to Plaintiffs and are based on a faulty premise.

Reason No. 4

20. Even if section 6702 does apply to Plaintiffs, it is not clear whether Defendants had fulfilled their obligation under section 6702(b)(3) by providing Plaintiffs with a notice that their submissions were frivolous and an opportunity to withdraw those submissions within 30 days so that the penalties would not apply.

Reason No. 5

21. Defendants failed to furnish copies of the record of assessment to ensure that the sums being sought for collection and presented in the counterclaim are consistent with the record of assessment as per 26 USC 7214(a).

Reason No. 6

22. It is doubtful that the counterclaim is timely for years 1991 through 1996.

23. 26 USC 6533(1) says: "For period of limitation in respect of civil actions for fines, penalties, and forfeitures, see section 2462 of Title 28 of the United States Code."

24. According to 28 USC Section 2462: " Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued......"

25. The claim for any penalties for tax years 1991 through 1996 accrued on April 15, 1992 through April 15, 1997. The current counterclaim for penalties is beyond five years from these dates.

Reason No. 7

26. Defendants did not offer evidence that notice and demand for such penalties was given as required by Section 6671(a).

27. Defendants claimed that notice and demand were given in accordance with 26 USC 6303. However, Defendants did not offer any evidence that such notices were given within 60 days from the assessment or to

confirm their claim that the notices were even sent at all – especially since the Internal Revenue Service is the party with all the records.

Reason No. 8

28. Under Count II, although they named the provision imposing the penalty, Defendants disregarded 26 USC 6751(a) by failing to attach the notice of penalty, the name of the penalty, and how they computed the penalties they wish the court to impose.

Reason No. 9

29. Under Count III, Defendants totally disregarded 26 USC 6751(a) by failing to even name the provision imposing the penalty.

Reason No. 10

30. Defendants disregarded 26 USC 6751(b)(1) by failing to attach a written verification that the penalties have received supervisory approval.

Reason No. 11

31. Defendants violated 26 USC 7491(c) by not producing any evidence with respect to the alleged Plaintiff's liability for the imposed penalties.

Reason No. 12

32. According to 26 USC 6212, "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail...."

33. Defendants offered no evidence that they fulfilled this step before filing a counterclaim against Plaintiffs – which reflects that the counterclaim is not justified when procedural measures have not yet been completed or even initiated.

Reason No. 13

34. According to 26 USC 6330(c)(2)(B), "The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

35. Have Defendants made available to Plaintiffs such an opportunity before the counterclaim?

Reason No. 14

36. Defendants' Count I was based on assessments, interest, and penalties for years 1992, 1994, and 1995. It is not clear if the mode or time for the assessment was done in accordance with Section 6202.

Reason No. 15

37. Defendants did not present to Plaintiff or the Court certificates of assessments for each year in question and evidence of their accuracy.

38. If any of the reasons listed herein is inaccurate, then Defendants must offer evidence to prove the inaccuracies. In the absence of any valid evidence in the next court filing by Defendants would indicate that all Plaintiffs' allegations are true, and this Court must grant the relief sought by Plaintiffs Harold and Sherrie Long.

## IV.        Defendants' counterclaim contains unsupported allegations

39. It is very evident that Defendants' counterclaim is not plausible. Defendants are making general conclusory allegations without offering any evidence, verification, or additional documents to support them.

40. Defendants simply accuse plaintiffs of owing certain amounts and penalties and want the court to grant those amounts and penalties without any documented evidence and without Defendants' compliance with procedural requirements.

41. Conclusory allegations, without any supporting evidence, are not enough. The counterclaim must adduce specific facts or it will not satisfy a relaxed pleading standard.

42. Even if the amounts listed are true, and Plaintiff's attorney cannot verify that they are true for lack of documentation, the IRS failed to allege sufficiently that they had adequately performed their own obligations

prior to the counterclaim. For example, have they responded to Plaintiff's administrative claims? Have they followed proper procedure? Have they offered Plaintiff an opportunity for a collection due process hearing?

**V.    Defendants' counterclaim confirms Plaintiffs' allegations of IRS illegal measures**

43.   Defendants excluded 1985 thru 1990 (as listed in Exhibits B & D) from their Count II & III computations. Doing so indicates that Defendants had abandoned those years, probably since the amounts for those years are not legally enforceable.

44.   To abandon 1985 thru 1990 penalties in the counterclaim is an indication that Defendants were pursuing unauthorized collection measures – as Plaintiffs had previously alleged – by seeking to enforce notices of levies that are not legally enforceable since liens self-extinguish at the end of a ten-year period.

45.   Being legally unenforceable, the liens must be released as per 26 C.F.R. 401.6325 – 1.

46.   By not formally releasing the liens and insisting on pursuing measures for their collection, Defendants are falsely misrepresenting the legal status of the alleged tax debt and implying – and potentially deceiving Plaintiffs into believing –  that the debt is legally enforceable.

47.   Defendants' actions are in violations of the Fair Debt Collection Practices Act (FDCPA). Defendants are liable to the Plaintiffs for failure to release

legally unenforceable liens under 26 USC § 7432. Defendants are also liable to the Plaintiffs for willful, reckless, intentional, or negligent collection measures under 26 U.S.C.A. § 7433.

48. Defendants' omission of 1985 through 1990 from their counterclaim counts reasserts the validity of Plaintiffs' claim and Plaintiffs' eligibility for damages.

**VI.          Defendants are in violation of 26 USC Section 7214(a)**

49. With Defendants' counterclaim, unsupported accusations or arguments, and attempts to dismiss the case without negating the validity of Plaintiff's claims with any evidence, Defendants' employees and officers have failed to perform their duties in properly applying revenue laws in violation of section 7214(a)(3), and sought to dismiss (and therefore cover-up) allegations of wrongdoing by the IRS against Plaintiff instead of reporting these wrongdoings (in writing) to the Secretary as required by section 7214(a)(8).

50. According to Defendants, the listed amounts allegedly owed in Counts I, I, and III were made with the full knowledge of the Chief Counsel for the Internal Revenue Service, the US Attorney General, and under the supervision of Department of Justice Attorney Jeffrey A. Taylor (being Of Counsel on the record).

51. Failure to provide Plaintiff and the Court with verification <u>in writing</u> by an authorized personnel, failure to offer any evidence to said claims, and

failure to show the legality of the penalties are violations of Section 7214(a)(2) by the individuals named herein who are employed by the Internal Revenue Service, the U.S. Government, and the Department of Justice.

## VII.      Another inaccuracy by the Department of Justice

52. On page 3 of "Defendants' Opposition to Plaintiffs' Motion to Dismiss" of September 22, 2008, Defendants wrote that Plaintiffs did not provide "any caselaw in support of their motion" to dismiss the counterclaim. That is not true.

53. In Plaintiffs' motion to dismiss the counterclaim filed on September 15, 2008, Plaintiffs quoted *Nalle v. Comm'r,* 55 F.3d 189, 191 (5th Cir.1995); *Wilkerson, supra,* 67 F.3d at 119 *citing Bouterie v. Comm'r,* 36 F.3d 1361, 1367 (5th Cir.1994); *Hanson v. Comm'r,* 975 F.2d 1150, 1153 (5th Cir.1992); and *Wilkerson, supra,* 67 F.3d at 119. All of these cases were quoted from *Gandy Nursery, Inc. v. U.S.,* not Reported in F.Supp.2d, 2004 WL 838070 (E. D. Tex., 2004).

## VIII.     Plaintiffs' Complaint is timely

54. Defendants alleged on the first line of their Opposition that Plaintiffs' complaint is time-barred. So as not to leave Defendants' claim un-rebutted, the attached Addendum and exhibits would prove that Plaintiffs' action is timely.

**IX.        Conclusion**

55.   For reasons stated herein, Defendants' counterclaim is not plausible and contains unsupported allegations. In addition, Defendants' counterclaim does not arise from the subject matter of Plaintiff's complaint and must be dismissed.

56.   Defendants' counterclaim and failure to comply with procedural requirements before the court is another evidence of their failure in complying with similar requirements with plaintiffs outside of the court. Defendants' actions are another series of willful, reckless, intentional, or negligent measures taken against Plaintiff. That being the case, the damages sought by Plaintiffs' complaint under section 7433 and 7432 are duly justified. Plaintiffs request that these damages be multiplied by the number of violations committed by Defendants.


WHEREFORE Plaintiffs request from this Honorable Court to dismiss Defendants' Counterclaim and grant the relief herein requested.


Respectfully submitted,


____/s/ Elias Aoun_____                    Date: October 2, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on or about October 2, 2008 a true and correct copy of the

foregoing document was served upon the following via the Court's ECF filing

Protocol:

> Yonatan Gelblum, Esq.
> Tax Division
> Department of Justice
> P. O. Box 227
> Washington, DC 20044

> __/s/Elias Aoun__
> ELIAS AOUN