# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAROLD D. LONG | ) | |
| SHERRIE K. LONG | ) | |
| | ) | |
| Plaintiffs/Counterdefendants, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO: 1:08-cv-00849 |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants/Counterclaimants) | | |

# ADDENDUM
## TO THE REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

Defendants alleged on the first line of their Opposition to Plaintiffs' motion to dismiss the counterclaim of September 22, 2008 that Plaintiffs' complaint is time-barred. So as not to leave Defendants' claim un-rebutted, this Addendum and attached exhibits would prove that Plaintiffs' action is timely.

## I.   Plaintiffs' action is not time-barred

1.   First, it would be important to state that Plaintiffs were not sent all of the appropriate notices, they were not informed of their due process rights, and were not given the opportunity to request for a CDPH hearing. The IRS attached liens, despite the fact that it recklessly, intentionally, or by reason of negligence pursued unauthorized collection measures.

Defendants violated, among other things, the five-day rule under 26 U.S.C. 6320.

2. Plaintiffs believe that Defendants' liens are not legally enforceable. Even if they were, Plaintiffs took action and contested the liens within the two-year period of limitations.

3. According to 26 CFR §301.7432-1(e):

> No civil action in federal district court prior to filing an administrative claim(1) Except as provided in paragraph (e)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates: (i) The date a decision is rendered on a claim filed in accordance with paragraph (f) of this section; or (ii) The date 30 days after the date an administrative claim is filed in accordance with paragraph (f) of this section.

4. According to 26 CFR §301.7433-1(d):

> No civil action in federal district court prior to filing an administrative claim(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates: (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

5. Plaintiffs did file their administrative claims, and no decision was rendered by the Internal Revenue Service. Plaintiffs did file this lawsuit after 30 days and after six months of their first administrative claims were mailed to the IRS.

6. According to 26 CFR §301.7432-1(i) and 26 CFR §301.7433-1(g), the period of limitations is similar under both provisions.

(1) Time for filing. A civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues.

(2) Right of action accrues. A cause of action under paragraph (a) of this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.

7.    Both Plaintiffs and Defendant agree on the two years Statute of limitations. They disagree on when it begins. To address this disagreement, the first question to be asked is: when did the cause of action accrue? According to Regulations, it accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Then, the subsequent questions become: (1) what would be considered "a reasonable opportunity", and (2) what are "all essential elements"? The Courts offer more than one interpretation.

## A.    Case example No. 1

8.    In *Snyder v. U.S.,* Appellants filed administrative request for a lien release in June 1998. However, they did not file a civil complaint with the District Court seeking damages pursuant to I.R.C. § 7432 until January 5, 2004. The court found Appellants' claim to be time-barred because "Appellants demonstrated they <u>had sufficient knowledge and capacity </u>to file a timely lawsuit by submitting various administrative filings, including their June 1998 administrative request for a lien release." *Snyder v. U.S.*, 260 Fed.Appx. 488 at 493, (C.A.3 (Del.),2008).

9. In *Snyder*, Appellants' submission of administrative letters implied their "sufficient knowledge" to file a timely lawsuit.

10. It can be inferred that having sufficient knowledge, shown by submitting a certain filing, goes to a person's "reasonable opportunity to discover all essential elements."

11. In the present case, the earliest formal filings Plaintiffs did to contest their lien was by filing "Notice of Contest of Lien" with the Clerk of the Circuit Court in the County of Duval, Florida in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH). The present lawsuit was filed within two years from that date.

12. As in *Snyder*, another date that could be reflective of "sufficient knowledge" is the date Plaintiffs submitted their administrative claims starting in June 2007. This lawsuit was filed within two years from that date as well.

13. Plaintiffs acted based on the knowledge they had during the time. They took action when they learned the process, and they have not violated that process once they initiated it.

### B.     Case example No. 2

14. In *Gottlieb*, the Court said: Section 7433(d)(3) clearly provides that claims arising from the IRS's wrongful collection activities "may be brought only within 2 years after the date of the right of action accrues." As the district court correctly explained, Gottlieb's claim accrued once he "had a

reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Accordingly, we agree with the district court that Gottlieb's claim accrued, at the latest, on November 7, 1995, the date on which the IRS responded unfavorably to his request for administrative relief. *Gottlieb v. I.R.S.*, 4 Fed.Appx. 355, C.A.9 (Cal.), 2001.

15. The Court added: To toll the limitations period under the "continuing wrong" doctrine, Gottlieb must establish that the IRS engaged in repeated collection efforts, occurring after November 7, 1995. *See Nesovic v. United States,* 71 F.3d 776, 778 (9th Cir.1995). However, contrary to Gottlieb's counsel's assertions, <u>FN1</u> the record does not demonstrate that the IRS engaged in any collection activities after November 7, 1995. Thus, the district court correctly held that Gottlieb's claim, filed on December 1, 1998, was barred by the two-year statute of limitations under § 7433. *Id.*

16. In Gottlieb, the claim accrued when the IRS responded to the request for administrative relief. In the present case, the IRS never responded to Plaintiffs' administrative claims.

17. In addition, the IRS is engaging in "in repeated collection efforts" or continuous collection activities against Plaintiffs. The IRS never ceased its collection measures and adding new penalties. The illegal liens are continuously ruining Plaintiffs' credit – making it impossible for them to sell their property or enjoy their ownership of it.

## C.   Case example No. 3

18. According to *Kumpman*, the statutory filing period for actions brought under section 7432 and 7433 "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1(I)(2); 301.7433-1(g)(2). Here, the district court correctly found Kumpan was aware of the elements of his claim when he challenged the IRS assessment, and he did not file this action within two years of that date. *Kumpman v. U.S*, 188 F.3d 513, (C.A.9 Cal.,1999).

19. By applying *Kumpman*'s analysis, we may conclude that Plaintiffs in this case became aware of the elements when they contested the lien by filing "Notice of Contest of Lien" with the Clerk of the Circuit Court in the County of Duval, Florida in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH). This lawsuit is filed within two years from that date.

20. Another date that could be considered is the date of submitting administrative claims to the IRS, as of June 2007. This lawsuit has been filed within two years from that date as well.

## D.   Case example No. 4

21. In *Tenpenny*, both of Plaintiff's filings (certainly her federal lawsuit) required that she have a reasonable basis for the allegations they

contained and demonstrate that the Plaintiff "had a reasonable opportunity to discover all essential elements" of her § 7433 cause of action. Indeed, through her filings, she declared that she had discovered the elements of the cause of action she was asserting. In this regard, the Court takes a slightly more liberal view than the Defendants, who contend that June 12, 2003 (the date the Plaintiff submitted her administrative claim to the IRS) is the latest possible accrual date. In so far as either date yields the same result, however, the distinction is immaterial. *Tenpenny v. U.S.*, 490 F.Supp.2d 852 at 858-859 (N.D.Ohio,2007)

22. In *Tenpenny*, the United States argued that the latest possible accrual date is the date Plaintiff submitted her administrative claim to the IRS. The Court argued that Plaintiff had "discovered" her cause of action, at least as of, the date on which she filed her first lawsuit to that effect. Id at 859

23. In the present case, this lawsuit is timely based on both of these analyses.

### E.    Case example No. 5

24. In *Bennett*, according to the IRS, the plaintiff had a reasonable opportunity to discover all essential elements of his causes of action by no later than February 18, 1998, when the tax liens on the plaintiff's

property were released. *Bennett v. U.S.*, 366 F.Supp.2d 877 at 879 (D.Neb.,2005).

25.  In the current case, the tax liens were never released. By applying this analysis, the "all essential elements" have not even accrued yet.

### F.   Case example No. 6

26.  In *Nordbrock,* Plaintiffs submitted their Administrative Claim for damages on December 30, 1996. Plaintiffs do not dispute that they had available to them all the essential elements of a possible cause of action on that date. Because Plaintiffs did not file their Complaint until April 21, 1999, well beyond the two year period established by Section 7433, their action is time-barred. *Nordbrock v. U.S.*, 96 F.Supp.2d 944 at 946 (D.Ariz.,2000)

27.  Once again, the date of submitting the administrative claims is the date of accrual. Plaintiffs' lawsuit is timely based on this standard.

### G.   Case example No. 7

28.  According to the Supreme Court, the right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one. Those who are brought into contest with the Government in a quasijudicial proceeding aimed at the control of their activities are entitled to be fairly advised of what the Government

proposes and to be heard upon its proposals before it issues its final command. *Morgan v. U.S.*, 304 U.S. 1 at 18-19, 58 S.Ct. 773 at 776 (U.S. 1938).

29. In *Morgan*, reasonable opportunity constitutes of (1) to know the claims AND (2) to meet or contest them. The right to submit legal arguments in one's favor is implied within that definition.

30. Plaintiffs knew about the liens on or about November 30, 2004. They did contest them by submitting the administrative claims and then the lawsuit.


## H.    Case example No. 8

31. In *In re Oliver*, the court said: We further hold that failure to afford the petitioner a reasonable opportunity to defend himself against the charge of false and evasive swearing was a denial of due process of law. A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel.

32. (The following decisions of this Court involving various kinds of proceedings are among the multitude that support the above statement: *Snyder v. Massachusetts*, 291 U.S. 97, 116, 54 S.Ct. 330, 336, 78 L.Ed. 674, 90 A.L.R. 575; *Powell v. Alabama*, 287 U.S. 45, 68-70, 53 S.Ct. 55,

63, 64, 77 L.Ed. 158, 84 A.L.R. 527; *Hovey v. Elliot*, 167 U.S. 409, 418, 17 S.Ct. 841, 844, 42 L.Ed. 215; *Holden v. Hardy*, 169 U.S. 366, 390, 391, 18 S.Ct. 383, 387, 42 L.Ed. 780; *Morgan v. United States*, 304 U.S. 1, 14, 15, 58 S.Ct. 773, 774, 775, 82 L.Ed. 1129, and cases there cited.) *In re Oliver*, 333 U.S. 257 at 273-274, 68 S.Ct. 499 at 507-508 (U.S. 1948).

33. Taking plaintiffs' allegations in the light most favorable to them, this court has to conclude that Plaintiffs did prove, under at least one set presented in these cases, that they have filed their lawsuit within the limitations period of Sections 7432 and 7433.

## II.          **Plaintiffs meet the Equitable Tolling standards**

34. The Supreme Court repeatedly has held that equitable tolling should be permitted in appropriate cases so as to avoid unjust results. *See Jones v. TransOhio Savings Association,* 747 F.2d 1037, 1039 (6th Cir.1984)

35. In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of a statute of limitations, provided it is in conjunction with the legislative scheme. The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court .... Equitable estoppel is a related equitable principle that looks to the conduct of one party in preventing another

from exercising her rights or assuming inconsistent positions to the detriment of another. *Wiltgen v. United States,* 813 F.Supp. 1387, 1394 (N.D.Iowa 1992)

36. There is no clear precedent disallowing equitable tolling in § 7433 actions.... the Plaintiff reasonably may have been mislead and, as such, should not be completely doomed for her failure to develop expertise with regard to knowledge of the admittedly complex regulations governing the statute of limitations applicable in § 7433 actions. *Tenpenny v. U.S.*, 490 F.Supp.2d 852, 860-861 (N.D.Ohio, 2007).

37. In this case, by filing five "Notice of Contest of Lien" with a Florida Circuit Court in the County of Duval in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH), Plaintiffs may have been misled to believe that their action would have been sufficient to remove the illegal lien and restore their rights in their property.  These filings were done within the two-year period from the time they learned about the lien on or about November 30, 2004, and they should still be in court records. By failing to institute a suit to enforce its liens in response to Plaintiffs filings, Defendant's notices of liens were extinguished automatically and are no longer enforceable.

38. As the court stated in *Tenpenny*, plaintiffs in this case should not be doomed if they lack "expertise with regard to knowledge of the admittedly complex regulations governing the statute of limitations."

39.  Plaintiffs had actively pursued their remedies in the manner in which they knew how.

40.  Courts have ruled that "officials cannot be held to have violated rights of which they could not have known." *Pinder,* 54 F.3d at 1173 (emphasis added); *see also Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984). *Hurt v. U.S.*, 914 F.Supp. 1346 at 1352 (S.D.W.Va.,1996).

41.  In that same manner, Plaintiffs cannot be held to have violated procedures of which they are not experts. They acted to the best of their abilities with the information available to them. No one would knowingly delay their own relief.

42.  It should also be noted that Plaintiffs never received their notices, or given an opportunity to be heard, before the government placed a lien on their property. It is a fundamental right for a Plaintiff to be heard (and even fairly advised) before the government issues its final command.

43.  In addition, Defendants' collection measures did not cease in November 2004. These measures continued. Each collection attempt is a new violation. The IRS never ceased its collection measures, continues to contact Plaintiffs and add new penalties. The illegal liens are continuously ruining Plaintiffs' credit – making it impossible for them to sell their property or enjoy their ownership of it.

44.  An inability to seek legal relief on time cannot be used as an excuse to deny that relief, while Defendant's inability to act properly in placing a

lien is left unhindered. Plaintiffs' inability to know of their rights does not justify Defendant's continuation in depriving them of their property rights. The protection of Plaintiffs' rights to their property, and the fact that said property was liened using unauthorized measures, has more constitutional relevance than Plaintiffs' expertise about statute of limitations.

## III.        The "continuing injury" standard

45. Plaintiffs believe that the previous arguments are sufficiently in their favor. However, Plaintiffs also wish to express their interpretation of the "continuing injury" standard.

46. When a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases. *Donaldson v. O'Connor,* 493 F.2d 507, 529 (5th Cir.1974). Since usually no single incident in a continuous chain of tortious activity can "fairly or realistically be identified as the cause of significant harm," it seems proper to regard the cumulative effect of the conduct as actionable. *Page v. United States*, 729 F.2d 818, 821-22 (D.C. Cir. 1984).

47. In *Page*, no single act lead to Plaintiff's drug addiction, but a repeat of the same or similar acts over a period of time. In this case, there was a repeat of the same act over a period of time that created the continuous chain of tortuous activity. There were five notices of federal tax liens, not

one. Each involved different tax years or penalties. Each notice was issued on a different date.

48.  One lien by itself is a single act. Five liens, on five different dates, cannot be logically considered a single act – but five different acts leading to Defendants' "improper treatment" of Plaintiffs. All these liens were unauthorized and issued without following proper collection measures. Cumulatively, these liens created the harm suffered by Plaintiffs.

49.  There was not a single wrong, but a continuing course of improper conduct. The effect on Plaintiffs from five different liens, each adding to the amount allegedly owed to the previous one, cannot be classified as one violation.

50.  There is not a single wrong, but a continuing wrong, and a continuing course of improper conduct. These wrongs are not the ill effects from an original violation, but an addition to the original violation.

## IV.  CONCLUSION

51.  Would it be acceptable for the IRS to not follow procedure and refuse to remove a lien, while not permissible to a Plaintiff, less knowledgeable about the law than IRS agents, to suffer for not acting "properly" under the same outlined standards? It is illogical to expect of Plaintiffs to abide by standards in a better fashion than those who are hired to implement those standards.

52. Defendant's action cannot be based on unauthorized methods and then justify the continuation of these unauthorized methods by quoting legal authorities.

53. The authorities from the earliest time to the present unanimously hold that no court will lend its assistance in any way towards carrying out illegal measures. This Court cannot permit the continuation of illegality. For the Court to rule in Defendants' favor, then the wrong done against Plaintiffs would be seriously compounded.

54. Plaintiffs did not procrastinate. They acted based on whatever knowledge they had and within the period of limitations according to at least one of the standards presented by case examples outlined above.

Respectfully submitted,

__/s/Elias Aoun_____                    Date: October 2, 2008

**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**E-mail: Lawyer2008@yahoo.com**
**Cell Phone 202-257-7796**

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about October 2, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

> Benjamin J. Weir, Esq.
> Tax Division
> Department of Justice
> P. O. Box 227
> Ben Franklin Station
> Washington, DC 20044

> __/s/Elias Aoun_____
> ELIAS AOUN