UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAROLD D. LONG and<br>SHERRIE K. LONG, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 08-849 (PLF) |
| UNITED STATES OF AMERICA, et al., | )<br>)<br>) | |
| Defendants. | )<br>) | |

MEMORANDUM OPINION

       Plaintiffs brought this suit for damages resulting from allegedly illegal tax liens placed on their house. Defendants counterclaimed to reduce the liens to judgment. The action is presently before the Court on defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiffs' motion to dismiss the counterclaim. Upon careful consideration of the parties' papers and the entire record in the case, the Court grants defendants' motion to dismiss, and denies plaintiffs' motion to dismiss.[1]

---

[1] The papers submitted in connection with this matter include: Plaintiffs' Complaint ("Compl."); Defendants' Motion to Dismiss ("Mot."); Plaintiffs' Response to Defendants' Motion to Dismiss ("Opp."); Defendants' Reply in Support of Motion to Dismiss ("Reply"); Plaintiffs' Motion for Leave to File a Surreply; Defendants' Memorandum in Opposition to Motion for Leave to File a Surreply; Defendants' Answer and Counterclaim ("Countercl."); Plaintiffs' Motion to Dismiss Defendants' Answer and Counterclaim ("Mot. to Dismiss Countercl."); Defendants' Opposition to Plaintiffs' Motion to Dismiss; and Plaintiffs' Reply Memorandum in Support of Motion to Dismiss Defendants' Counterclaim.

I. BACKGROUND

Plaintiffs Harold D. Long and Sherrie K. Long allege that the Internal Revenue Service ("IRS") unlawfully placed five tax liens totaling $52,617.29 on their house between 1997 and 2003. See Compl. ¶¶ 14, 19. Plaintiffs further allege that they first learned of these liens on November 20, 2004, when they were scheduled to close on the sale of their house. See id. ¶¶ 13-14. At the closing, an attorney informed plaintiffs that any proceeds from the sale were due to the IRS. See id. ¶ 13. Plaintiffs allege that the illegal liens caused the cancellation of the closing and significant financial hardship. See id. ¶¶ 16-18. Plaintiffs also allege that they have exhausted their administrative remedies. See id. ¶ 37. They now seek damages for unauthorized tax collections under 26 U.S.C. § 7433 and failure to release a lien under 26 U.S.C. § 7432 against defendants, the United States of America and the Internal Revenue Service. In response, defendants assert a counterclaim to reduce to judgment plaintiffs' allegedly unpaid taxes which were the basis for the liens.

II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if plaintiffs fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that plaintiffs must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"

Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," plaintiffs must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557-58. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 570. The Court referred to this newly clarified standard as "the plausibility standard." Id. at 560 (abandoning the "no set of facts" language from Conley v. Gibson). According to the D.C. Circuit, Twombly "leaves the long-standing fundamentals of notice pleading intact." Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15.

   On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by plaintiffs if those inferences are unsupported by facts alleged in the complaint; nor must the

3

Court accept plaintiffs' legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III.  DISCUSSION

As an initial matter, the Court finds that defendants' argument that the United States is the only proper defendant under Sections 7432 and 7433 has been conceded by plaintiffs. See L. Civ. R. 7(b).  The IRS will be dismissed as a defendant.

*A. The Statute of Limitations Bars Plaintiffs' Claims*

The statutes upon which plaintiffs rely for their claims provide a two year statute of limitations.  See 26 U.S.C. § 7432(d)(3) ("an action to enforce liability created under this section . . . may be brought only within 2 years after the date of the right of action accrues."); 26 U.S.C. § 7433(d)(3) (same).  Plaintiffs' cause of action "accrue[d] when [they] had a reasonable opportunity to discover all essential elements of a possible cause of action."  26 C.F.R. § 301.7432-1(h)(i)(2); see also 26 C.F.R. § 301.7433-1(g)(2) (same).  The Court finds that plaintiffs had a reasonable opportunity to discover all of the essential elements of their cause of action when they first learned of the tax liens on November 20, 2004.  See, e.g., Delvecchio v Smith, 558 F. Supp. 2d 1243, 1250 (S.D. Fla. 2008) (cause of action under 26 U.S.C. § 7433 accrued when plaintiffs learned of federal tax lien); Bright v. United States, 446 F. Supp. 2d 339, 345 (E.D. Pa. 2006) (cause of action under 26 U.S.C. § 7433 accrued when plaintiff learned of IRS levy on his salary).  Accordingly, plaintiffs had until November 20, 2006 to commence suit.

They did not file this lawsuit until May 16, 2008, well after the two-year statute of limitations expired.[2]

Plaintiffs argue that they suffered a continuing violation and that the statute of limitations therefore should accrue on a later date. The continuing violation doctrine applies when the complained of act "'is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period,' typically because it is only its cumulative impact . . . that reveals its illegality." Taylor v. FDIC, 132 F. 3d 753, 765 (D.C. Cir. 1997) (quoting Dasgupta v. Univ. of Wis. Bd. Of Regents, 121 F. 3d 1138, 1139 (7th Cir. 1997)) (internal citation omitted). The continuing violation doctrine cannot be invoked "if a single incident merely produces a lingering injury." Macklin v. United States, 300 F. 3d 814, 824 (7th Cir. 2002). See also Felter v. Kempthorne, 473 F.3d 1255, 1260 (D.C. Cir. 2007) (citations omitted) ("a lingering effect of an unlawful act is not itself an unlawful act").

Plaintiffs have alleged that five individual liens were unlawfully placed on their house. Each of these liens, even if it has continuing effects, constitutes a single act. The liens are not subject to the continuing violation doctrine. See Macklin v. United States, 300 F.3d at 824 (the continuing violation doctrine has no applicability to a case alleging the "lingering injury of a single alleged wrong, the filing of a tax lien."); Dziura v. United States, 168 F. 3d 581, 583 (1st Cir. 1999) (tolling the accrual of the statute of limitations for a Section 7433(a) claim based

---

[2] Plaintiffs allege that they exhausted their administrative remedies. See Compl. ¶ 37. In opposition to defendants' motion, plaintiffs state that they filed their first administrative claim on June 21, 2007. See Opp. ¶ 12. Regardless of whether the filing of an administrative action tolls the statute of limitations under Sections 7432 and 7433, it could not do so in this case, because plaintiffs made their first filing after the statute of limitations already had run.

on the continuing violation doctrine is a "long-odds exception"); see also Nesovic v. United States, 71 F. 3d 776, 778 (9th Cir. 1995) ("the wrong complained of was a single act, i.e., the assessment which in turn created the lien and caused the harm").

Plaintiffs rely on Wallace v. United States, 557 F. Supp. 2d 100 (D.D.C. 2008), in which Judge Urbina applied the continuing violation doctrine to a Section 7433 case regarding a levy whose operation resulted in monthly deductions from the plaintiff's paycheck. In view of the decisions in Macklin, Dziura and Nesovic — all of which were tax cases — the Court is not convinced that Judge Urbina's analysis is correct. But even if it is arguable that monthly deductions can cause a continuing harm, plaintiffs have made no allegations that make plausible the conclusion that the five separate tax liens on their house constitute an ongoing wrong. Rather, each time a lien attaches "constitute[s] [a] discrete act[], which fall[s] outside the scope of th[e] [continuing violation] doctrine." Snyder v. United States, 260 F. App'x 488, 493 (3d. Cir. 2008). The Court concludes that plaintiffs' claims are barred by the statute of limitations.[3]

### B. Defendants' Counterclaim Will Not Be Dismissed

Defendants have asserted a counterclaim to reduce to judgment the outstanding tax obligations that resulted in the liens plaintiffs now dispute. The counterclaim alleges that

---

[3] The Court in its discretion denies plaintiffs' Motion for Leave to File a Surreply. See Baloch v. Norton, 517 F. Supp. 2d 345, 348-49 n.2 (D.D.C. 2007); Groobert v. President and Directors of Georgetown College, 219 F. Supp. 2d 1, 13 (D.D.C. 2002). Plaintiffs seek to raise a new argument in their surreply — namely, that the statute of limitations should be equitably tolled. The Court will not consider this argument. See Presbyterian Med. Ctr. of the Univ. of Pa. Health Sys. v. Shalala, 170 F.3d 1146, 1152 (D.C. Cir. 1999) (a court need not consider an argument first raised in a reply brief); Demery v. Montgomery County, Civil Action No. 08-1304, 2009 U.S. Dist. LEXIS 21825 at *14-15 n. 4 (D.D.C. Mar. 18, 2009) (same); Baloch v. Norton, 517 F. Supp. 2d at 348-49 n. 2 (same); D.L. v. District of Columbia, 450 F. Supp. 2d 11, 20 n.6 (D.D.C. 2006) (same).

Harold D. Long was indebted to the United States for failure to pay income taxes and for penalties from filing frivolous tax returns, and that Sherrie K. Long was indebted to the United States because of penalties for filing frivolous tax returns. See Countercl. ¶¶ 60, 66, 72. The counterclaim also alleges that notice and demand was given in accordance with 26 U.S.C. § 6303 and that Harold D. Long and Sherrie K. Long have failed to pay the full amounts due. See Countercl. ¶¶ 61-63, 67-68, 74-76. The counterclaim appears appropriate under Rule 13(a) of the Federal Rules of Civil Procedure because it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" — namely, the alleged tax liability — and it "does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a).

      Plaintiffs, who are not *pro se*, do not cite any of the provisions of Rule 12 of the Federal Rules of Civil Procedure as the basis for their motion to dismiss defendants' counterclaim. Instead they argue that the liens are illegal because defendants violated due process by failing to give notice to plaintiffs of their attachment. Regardless of whether plaintiffs' argument that defendants violated due process requirements has merit, it does not provide a basis for dismissal of the counterclaim. Plaintiffs also assert that the counterclaim "contains misstatements of fact" and "falsely proclaims" that the IRS gave proper notice. See Mot. to Dismiss Countercl. ¶¶ 1, 6. Such a factual dispute is inappropriate for resolution on a motion to dismiss.

      In plaintiffs' reply memorandum they raise, for the first time, a variety of other legal bases for dismissal. Plaintiffs have disregarded the structure of motions practice provided for in the Federal Rules of Civil Procedure and in the Local Rules for this district, and have

denied defendants the opportunity to respond to a host of previously unraised legal theories. Just as it declined to consider the new arguments raised in plaintiffs' surreply to defendants' motion to dismiss, the Court will not consider these arguments. See Presbyterian Med. Ctr. of the Univ. of Pa. Health Sys. v. Shalala, 170 F.3d at1152 (a court need not consider an argument first raised in a reply brief); Demery v. Montgomery County, 2009 U.S. Dist. LEXIS 21825 at *14-15 n. 4 ("Because [the] argument was raised for the first time in [defendants'] reply brief, it will not be considered."); Baloch v. Norton, 517 F. Supp. 2d at 348-49 n. 2 ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court [may] ignore those arguments. . ."); D.L. v. District of Columbia, 450 F. Supp. 2d at 20 n.6 ("Defendants should have included this argument in their motion to dismiss, rather than waiting to raise it in their Reply.").

Defendants' motion to dismiss will be granted in its entirety. Plaintiffs' motion to dismiss defendants' counterclaim will be denied. An Order consistent with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   March 31, 2009