**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harold D. Long,<br>Sherrie K. Long,<br><br>          Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>          Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)    CIVIL CASE NO: 1:08-cv-00849<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

Plaintiffs file this memorandum in support of their motion to reconsider the Court's Order of March 31, 2009 dismissing Plaintiffs' complaint while upholding Defendants' counterclaim.

**Statement of Points and Authorities**

1.  For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In other words, a plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Igbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (internal quotation marks omitted).

## The Court erred in not dismissing Defendants' counterclaim

2.  Defendants counterclaim should have been dismissed for a number of reasons, many of which were stated in Plaintiff's Reply Memorandum in Support of Motion to Dismiss Defendants' Counterclaim and its Addendum (Doc. No. 23) which the Court ignored.

3.  In its Memorandum Opinion, on page 7, the Court accused Plaintiffs of not citing "any provisions of Rule 12 of the Federal Rule of Civil Procedure as the basis for their motion to dismiss defendants' counterclaim." That statement is simply not true. Doc. No. 23 filed by plaintiffs referenced Rule 12(b)(6) and a number of other argument which the Court never considered.

4.  The Court's claims that the Reply memorandum raises "for the first time" a variety of legal bases for dismissal and denied defendants the opportunity to respond to a host of previously unraised legal theories."

5.  Firstly, nothing prohibited Defendants from filing a motion for leave to file a surreply. It was not Plaintiffs that "denied Defendants the opportunity." Defendants denied it for themselves.

6.  Secondly, if a court "need not" consider arguments first raised in a reply brief, it does not necessarily mean that the Court should or it must do

so. The Court has not stated how justice would be served by its decision. The Court has ruled in favor of injustice against Plaintiffs, not based on statutory law but its own discretion.

7.  It is evident that this Court is biased. Whatever Plaintiffs say, the Court will find excuses to deny or exclude their arguments in violation of Plaintiffs' due process. On the other hand, whatever Defendants say, even if it is false (such as regarding the frivolous returns), the Court will accept their argument as a fact without any evidence and at Plaintiffs' detriment.

8.  This Court refuses to consider arguments that are favorable to Plaintiffs and is intentionally facilitating Defendants' case in violation of judicial conduct based on impartiality.

9.  The Court has not stated how justice would be served by its decision of refusing to consider Doc. No. 23. The Court has ruled in favor of injustice against Plaintiffs – not based on statutory law, but simply its own discretion.

**Defendants counterclaim violates FRCP Rule 10**

10. Although the IRS is supposed to be a new party to the counterclaim, Defendant United States had failed to include the IRS' name in the caption as required by FRCP Rule 10 that a pleading "must name all the parties" and to indicate the inclusion of the new party.

**Defendants counterclaim is not plausible on its face**

11. Defendant's counterclaim is not plausible on its face, does not survive the basic test for a valid counterclaim, and must be dismissed for a long list of reasons outlined herein.

12. Defendants did not state under what provision of the Code they are making their claims for Counts I and III.

13. For Count II, Defendants alleged violation of 26 USC 6702 for frivolous return penalties. Count III makes similar allegations.  Defendants have not stated to the Court or Plaintiffs what is exactly frivolous about those returns.  The Court has violated Plaintiffs' due process because it assumed facts to be true and which are not supported by evidence.

14. According to Section 6702(a), a person shall pay a penalty if "such person files....." a frivolous return.  Defendants have not proven how they could penalize plaintiffs for "frivolous return penalties" when they did not prove that (1) returns were actually filed for the years listed in the counterclaim, and (2) how these returns fall under Section 6702(c) to be considered frivolous. Therefore, Counts II and III "frivolous return penalties" do not apply to Plaintiffs and are based on a faulty premise.

15. Under Count II, although they named the provision imposing the penalty, Defendants disregarded 26 USC 6751(a) by failing to attach the notice of penalty, the name of the penalty, and how they computed the penalties they wish the court to impose.

16. Under Count III, Defendants totally disregarded 26 USC 6751(a) by failing to even name the provision imposing the penalty.

17. For the sake of the argument, even if section 6702 does apply to Plaintiffs, it is not clear whether Defendants had fulfilled their obligation under section 6702(b)(3) by providing Plaintiffs with a notice that their submissions were frivolous and an opportunity to withdraw those submissions within 30 days so that the penalties would not apply.

18. Defendants failed to furnish copies of the record of assessment to ensure that the sums being sought for collection and presented in the counterclaim are consistent with the record of assessment as per 26 USC 7214(a).

19. In addition, it is doubtful that the counterclaim is timely for years 1991 through 1996.  26 USC 6533(1) says: "For period of limitation in respect of civil actions for fines, penalties, and forfeitures, see section 2462 of Title 28 of the United States Code."  According to 28 USC Section 2462: " Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued......"  The claim for any penalties for tax years 1991 through 1996 accrued on April 15, 1992 through April 15, 1997. The current counterclaim for penalties is beyond five years from these dates.

20. Moreover, Defendants did not offer evidence that notice and demand for such penalties was given as required by Section 6671(a).  Defendants claimed that notice and demand were given in accordance with 26 USC 6303. However, Defendants did not offer any evidence that such notices were given within 60 days from the assessment or to confirm their claim that the notices were even sent at all.

21. Defendants disregarded 26 USC 6751(b)(1) by failing to attach a written verification that the penalties have received supervisory approval.

22. Defendants violated 26 USC 7491(c) by not producing any evidence with respect to the alleged Plaintiff's liability for the imposed penalties.

23. According to 26 USC 6212, "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail...."  In this case, Defendants offered no evidence that they fulfilled this step before filing a counterclaim against Plaintiffs – which reflects that the counterclaim is not justified when procedural measures have not yet been completed or even initiated.

24. According to 26 USC 6330(c)(2)(B), "The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  In this case, did Defendants

make available to Plaintiffs such an opportunity before their filing of the counterclaim?

25. Defendants' Count I was based on assessments, interest, and penalties for years 1992, 1994, and 1995. It is not clear if the mode or time for the assessment was done in accordance with Section 6202.

26. Defendants did not present to Plaintiff or the Court certificates of assessments for each year in question and evidence of their accuracy.

27. If any of the reasons listed herein is inaccurate, then Defendants must offer evidence to prove the inaccuracies. In the absence of any valid evidence in the next court filing by Defendants would indicate that all Plaintiffs' allegations are true, and this Court must dismiss the counterclaim.

**Defendants' counterclaim contains unsupported allegations**

28. It is very evident that Defendants' counterclaim is not plausible. Defendants are making general conclusory allegations without offering any evidence, verification, or additional documents to support them.

29. Defendants simply accuse plaintiffs of owing certain amounts and penalties and want the court to grant those amounts and penalties without any documented evidence and without Defendants' compliance with procedural requirements.

30. Conclusory allegations, without any supporting evidence, are not enough. The counterclaim must adduce specific facts or it will not satisfy a relaxed pleading standard.

31. The IRS failed to allege sufficiently that they had adequately performed their own obligations prior to the counterclaim. For example, have they responded to Plaintiff's administrative claims? Have they followed proper procedure? Have they offered Plaintiff an opportunity for a collection due process hearing?

**Defendants' counterclaim confirms Plaintiffs' allegations of IRS illegal measures**

32. Defendants excluded 1985 thru 1990 (as listed in Exhibits B & D) from their Count II & III computations. Doing so indicates that Defendants had abandoned those years, probably since the amounts for those years are not legally enforceable.

33. To abandon 1985 thru 1990 penalties in the counterclaim is an indication that Defendants were pursuing unauthorized collection measures – as Plaintiffs had alleged – by seeking to enforce notices of levies that are not legally enforceable since liens self-extinguish at the end of a ten-year period.  Being legally unenforceable, the liens must be released as per 26 C.F.R. 401.6325 – 1.

34. By not formally releasing the liens and insisting on pursuing measures for their collection, Defendants are falsely misrepresenting the legal

status of the alleged tax debt and implying – and potentially deceiving Plaintiffs into believing – that the debt is legally enforceable.

35. Defendants are liable to the Plaintiffs for failure to release legally unenforceable liens under 26 USC § 7432. Defendants are also liable to the Plaintiffs for willful, reckless, intentional, or negligent collection measures under 26 U.S.C.A. § 7433.

36. Defendants' omission of 1985 through 1990 from their counterclaim counts reasserts the validity of Plaintiffs' claim and Plaintiffs' eligibility for damages.


**Defendants are in violation of 26 USC Section 7214(a)**

37. With Defendants' counterclaim and unsupported accusations or arguments, Defendants' employees and officers have failed to perform their duties in properly applying revenue laws in violation of section 7214(a)(3), and sought to dismiss (and therefore cover-up) allegations of wrongdoing by the IRS against Plaintiff instead of reporting these wrongdoings (in writing) to the Secretary as required by section 7214(a)(8).

38. Failure to provide Plaintiff and the Court with verification in writing by an authorized personnel, failure to offer any evidence to said claims, and failure to show the legality of the penalties are violations of Section 7214(a)(2).

**Plaintiffs claim is timely and is not barred by the Statute of Limitations**

39. Statutes of limitations are constructs of admiralty and contract law. They do not apply to common law wrongs such as murder and fraud. In this case, the Statute of Limitations is not applicable because Defendants are participating in fraud.

40. There are no statutes of limitations on the protections, rights, privileges, and immunities guaranteed to the People by the Constitution. If a man or woman is entitled to the protections guaranteed by the Constitution, then that man or woman may file a lawsuit seeking redress of grievances at any time.

41. According to the U.S. Supreme Court, in equity, delay must depend on the particular circumstances of each case. *Hayward v. Eliot Nat. Bank*, 96 U.S. 611 (1877).

42. Delay will not bar relief where it has not worked injury, prejudice or disadvantage to defendant or others adversely interested. *Shell v. Strong*, 151 F.2d 909 (1945).

43. There is no prejudice to the IRS in this case.  The IRS cheats people every single day.  If there is a delay in filing this lawsuit, it is an excusable delay.  Plaintiffs did not have the resources to pay an attorney, and they did what they could on their own based on what they knew.

44. To bar Plaintiff's action on the basis of the statute of limitations would be to reward the IRS for criminal acts – such as unjust enrichment - which contravenes the court's obligation to "do substantial justice."

45. An inability to seek legal relief on time cannot be used as an excuse to deny that relief, while Defendant is left with the fruits of an illegal act. The protection of Plaintiffs' rights to their property and money, and the fact that said property was levied illegally, has more constitutional relevance than Plaintiffs' expertise on statute of limitations.


1. First, it would be important to state that Plaintiffs were not sent all of the appropriate notices, they were not informed of their due process rights, and were not given the opportunity to request for a CDP hearing. The IRS attached liens, despite the fact that it recklessly, intentionally, or by reason of negligence pursued unauthorized collection measures. Defendants violated, among other things, the five-day rule under 26 U.S.C. 6320.

2. Plaintiffs believe that Defendants' liens are not legally enforceable. Even if they were, Plaintiffs took action and contested the liens within the two-year period of limitations.

3. According to 26 CFR §301.7432-1(i) and 26 CFR §301.7433-1(g), the period of limitations is similar under both provisions.

> (1) Time for filing. A civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues.

(2) Right of action accrues. A cause of action under paragraph (a) of this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.

4.   Both Plaintiffs and Defendant agree on the two years Statute of limitations. They disagree on when it begins. To address this disagreement, the first question to be asked is: when did the cause of action accrue? According to Regulations, it accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Then, the subsequent questions become: (1) what would be considered "a reasonable opportunity", and (2) what are "all essential elements"? The Courts offer more than one interpretation.

**A.     Case example No. 1**

5.   In *Snyder v. U.S.,* Appellants filed administrative request for a lien release in June 1998. However, they did not file a civil complaint with the District Court seeking damages pursuant to I.R.C. § 7432 until January 5, 2004. The court found Appellants' claim to be time-barred because "Appellants demonstrated they had sufficient knowledge and capacity to file a timely lawsuit by submitting various administrative filings, including their June 1998 administrative request for a lien release." *Snyder v. U.S.*, 260 Fed.Appx. 488 at 493, (C.A.3 (Del.),2008).

6.   In *Snyder*, Appellants' submission of administrative letters implied their "sufficient knowledge" to file a timely lawsuit.

7.    It can be inferred that having sufficient knowledge, shown by submitting a certain filing, goes to a person's "reasonable opportunity to discover all essential elements."

8.    In the present case, the earliest formal filings Plaintiffs did to contest their lien was by filing "Notice of Contest of Lien" with the Clerk of the Circuit Court in the County of Duval, Florida in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH). The present lawsuit was filed within two years from that date.

9.    As in *Snyder*, another date that could be reflective of "sufficient knowledge" is the date Plaintiffs submitted their administrative claims starting in June 2007. This lawsuit was filed within two years from that date as well.

10.    Plaintiffs acted based on the knowledge they had during the time. They took action when they learned the process, and they have not violated that process once they initiated it.

## B.    Case example No. 2

11.    In *Gottlieb*, the Court said: Section 7433(d)(3) clearly provides that claims arising from the IRS's wrongful collection activities "may be brought only within 2 years after the date of the right of action accrues." As the district court correctly explained, Gottlieb's claim accrued once he "had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Accordingly, we agree with

the district court that Gottlieb's claim accrued, at the latest, on November 7, 1995, the date on which the IRS responded unfavorably to his request for administrative relief. *Gottlieb v. I.R.S.*, 4 Fed.Appx. 355, C.A.9 (Cal.), 2001.

12. The Court added: To toll the limitations period under the "continuing wrong" doctrine, Gottlieb must establish that the IRS engaged in repeated collection efforts, occurring after November 7, 1995. *See Nesovic v. United States,* 71 F.3d 776, 778 (9th Cir.1995). However, contrary to Gottlieb's counsel's assertions, [FN1] the record does not demonstrate that the IRS engaged in any collection activities after November 7, 1995. Thus, the district court correctly held that Gottlieb's claim, filed on December 1, 1998, was barred by the two-year statute of limitations under § 7433. *Id.*

13. In Gottlieb, the claim accrued when the IRS responded to the request for administrative relief. In the present case, the IRS never responded to Plaintiffs' administrative claims.

14. In addition, the IRS is engaging in "in repeated collection efforts" or continuous collection activities against Plaintiffs. The IRS never ceased its collection measures and adding new penalties. The illegal liens are continuously ruining Plaintiffs' credit – making it impossible for them to sell their property or enjoy their ownership of it.

### C.    Case example No. 3

15. According to *Kumpman*, the statutory filing period for actions brought under section 7432 and 7433 "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1(I)(2); 301.7433-1(g)(2). Here, the district court correctly found Kumpan was aware of the elements of his claim when he challenged the IRS assessment, and he did not file this action within two years of that date. *Kumpman v. U.S*, 188 F.3d 513, (C.A.9 Cal.,1999).

16. By applying *Kumpman*'s analysis, we may conclude that Plaintiffs in this case became aware of the elements when they contested the lien by filing "Notice of Contest of Lien" with the Clerk of the Circuit Court in the County of Duval, Florida in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH). This lawsuit is filed within two years from that date.

17. Another date that could be considered is the date of submitting administrative claims to the IRS, as of June 2007. This lawsuit has been filed within two years from that date as well.


**D.    Case example No. 4**

18. In *Tenpenny*, both of Plaintiff's filings (certainly her federal lawsuit) required that she have a reasonable basis for the allegations they contained and demonstrate that the Plaintiff "had a reasonable opportunity to discover all essential elements" of her § 7433 cause of

action. Indeed, through her filings, she declared that she had discovered the elements of the cause of action she was asserting. In this regard, the Court takes a slightly more liberal view than the Defendants, who contend that June 12, 2003 (the date the Plaintiff submitted her administrative claim to the IRS) is the latest possible accrual date. In so far as either date yields the same result, however, the distinction is immaterial. *Tenpenny v. U.S.*, 490 F.Supp.2d 852 at 858-859 (N.D.Ohio,2007)

19. In *Tenpenny*, the United States argued that the latest possible accrual date is the date Plaintiff submitted her administrative claim to the IRS. The Court argued that Plaintiff had "discovered" her cause of action, at least as of, the date on which she filed her first lawsuit to that effect. Id at 859

20. In the present case, this lawsuit is timely based on both of these analyses.

**E.    Case example No. 5**

21. In *Bennett*, according to the IRS, the plaintiff had a reasonable opportunity to discover all essential elements of his causes of action by no later than February 18, 1998, when the tax liens on the plaintiff's property were released. *Bennett v. U.S.*, 366 F.Supp.2d 877 at 879 (D.Neb.,2005).

22. In the current case, the tax liens were never released. By applying this analysis, the "all essential elements" have not even accrued yet.

### F.    Case example No. 6

23. In *Nordbrock*, Plaintiffs submitted their Administrative Claim for damages on December 30, 1996. Plaintiffs do not dispute that they had available to them all the essential elements of a possible cause of action on that date. Because Plaintiffs did not file their Complaint until April 21, 1999, well beyond the two year period established by Section 7433, their action is time-barred. *Nordbrock v. U.S.*, 96 F.Supp.2d 944 at 946 (D.Ariz.,2000)

24. Once again, the date of submitting the administrative claims is the date of accrual. Plaintiffs' lawsuit is timely based on this standard.

### G.    Case example No. 7

25. According to the Supreme Court, the right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one. Those who are brought into contest with the Government in a quasijudicial proceeding aimed at the control of their activities are entitled to be fairly advised of what the Government proposes and to be heard upon its proposals before it issues its final

command. *Morgan v. U.S.*, 304 U.S. 1 at 18-19, 58 S.Ct. 773 at 776 (U.S. 1938).

26. In *Morgan*, reasonable opportunity constitutes of (1) to know the claims AND (2) to meet or contest them. The right to submit legal arguments in one's favor is implied within that definition.

27. Plaintiffs knew about the liens on or about November 30, 2004. They did contest them by submitting the administrative claims and then the lawsuit.

## H.     Case example No. 8

28. In *In re Oliver*, the court said: We further hold that failure to afford the petitioner a reasonable opportunity to defend himself against the charge of false and evasive swearing was a denial of due process of law. A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel.

29. (The following decisions of this Court involving various kinds of proceedings are among the multitude that support the above statement: *Snyder v. Massachusetts*, 291 U.S. 97, 116, 54 S.Ct. 330, 336, 78 L.Ed. 674, 90 A.L.R. 575; *Powell v. Alabama*, 287 U.S. 45, 68-70, 53 S.Ct. 55, 63, 64, 77 L.Ed. 158, 84 A.L.R. 527; *Hovey v. Elliot*, 167 U.S. 409, 418,

17 S.Ct. 841, 844, 42 L.Ed. 215; *Holden v. Hardy*, 169 U.S. 366, 390, 391, 18 S.Ct. 383, 387, 42 L.Ed. 780; *Morgan v. United States*, 304 U.S. 1, 14, 15, 58 S.Ct. 773, 774, 775, 82 L.Ed. 1129, and cases there cited.) *In re Oliver*, 333 U.S. 257 at 273-274, 68 S.Ct. 499 at 507-508 (U.S. 1948).

30. Taking plaintiffs' allegations in the light most favorable to them, this court has to conclude that Plaintiffs did prove, under at least one set presented in these cases, that they have filed their lawsuit within the limitations period of Sections 7432 and 7433.

## II.        Plaintiffs meet the Equitable Tolling standards

31. The Supreme Court repeatedly has held that equitable tolling should be permitted in appropriate cases so as to avoid unjust results. *See Jones v. TransOhio Savings Association,* 747 F.2d 1037, 1039 (6th Cir.1984)

32. In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of a statute of limitations, provided it is in conjunction with the legislative scheme. The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court .... Equitable estoppel is a related equitable principle that looks to the conduct of one party in preventing another from exercising her rights or assuming inconsistent positions to the

detriment of another. *Wiltgen v. United States,* 813 F.Supp. 1387, 1394 (N.D.Iowa 1992)

33. There is no clear precedent disallowing equitable tolling in § 7433 actions.... the Plaintiff reasonably may have been mislead and, as such, should not be completely doomed for her failure to develop expertise with regard to knowledge of the admittedly complex regulations governing the statute of limitations applicable in § 7433 actions. *Tenpenny v. U.S.*, 490 F.Supp.2d 852, 860-861 (N.D.Ohio, 2007).

34. In this case, by filing five "Notice of Contest of Lien" with a Florida Circuit Court in the County of Duval in September and October of 2006 (Exhibits DD, EE, FF, GG, and HH), Plaintiffs may have been misled to believe that their action would have been sufficient to remove the illegal lien and restore their rights in their property.   These filings were done within the two-year period from the time they learned about the lien on or about November 30, 2004, and they should still be in court records. By failing to institute a suit to enforce its liens in response to Plaintiffs filings, Defendant's notices of liens were extinguished automatically and are no longer enforceable.

35. As the court stated in *Tenpenny*, plaintiffs in this case should not be doomed if they lack "expertise with regard to knowledge of the admittedly complex regulations governing the statute of limitations."

36. Plaintiffs had actively pursued their remedies in the manner in which they knew how.

37. Courts have ruled that "officials cannot be held to have violated rights of which they could not have known." *Pinder,* 54 F.3d at 1173 (emphasis added); *see also Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984). *Hurt v. U.S.,* 914 F.Supp. 1346 at 1352 (S.D.W.Va.,1996).

38. In that same manner, Plaintiffs cannot be held to have violated procedures of which they are not experts. They acted to the best of their abilities with the information available to them. No one would knowingly delay their own relief.

39. It should also be noted that Plaintiffs never received their notices, or given an opportunity to be heard, before the government placed a lien on their property. It is a fundamental right for a Plaintiff to be heard (and even fairly advised) before the government issues its final command.

40. In addition, Defendants' collection measures did not cease in November 2004. These measures continued. Each collection attempt is a new violation. The IRS never ceased its collection measures, continues to contact Plaintiffs and add new penalties. The illegal liens are continuously ruining Plaintiffs' credit – making it impossible for them to sell their property or enjoy their ownership of it.

**Conclusion**

41. An inability to seek legal relief on time cannot be used as an excuse to deny that relief, while Defendant's inability to act properly in placing a

lien is left unhindered. Plaintiffs' inability to know of their rights does not justify Defendant's continuation in depriving them of their property rights. The protection of Plaintiffs' rights to their property, and the fact that said property was liened using unauthorized measures, has more constitutional relevance than Plaintiffs' expertise about statute of limitations.

42. The Court's Order of March 31, 2009 dismissing Plaintiffs' complaint while upholding Defendants' counterclaim should be reconsidered or vacated – especially since the court failed to grant Plaintiffs adequate due process when it intentionally ignored most of their arguments and acted with bias in favor of Defendants, and the Court accepted inferences drawn by Defendants without any supported facts.

WHEREFORE Plaintiffs request that this Court order of March 31, 2009 be vacated, Defendants' counterclaim be dismissed, and Plaintiffs be granted the relief and damages requested in this case.

Respectfully submitted,

_/s/  Elias Aoun_____     Date: April 16, 2009
**Elias Aoun, Esq. Bar Number 479315**
**2531 Trellis Green**
**Cary, NC 27518**
**E-mail: Lawyer2008@yahoo.com**
**Cell Phone: (202) 257-7796**

## CERTIFICATE OF SERVICE

I hereby certify that on or about April 16, 2009 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

      Benjamin J. Weir, Esq.
      Tax Division
      Department of Justice

      __/s/Elias Aoun_____
      ELIAS AOUN