# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Harold D. Long, | ) | |
| Sherrie K. Long, | ) | |
| | ) | |
| Plaintiffs/Counterdefendants, | ) | |
| v. | ) | CIVIL CASE NO: 1:08-cv-00849 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant/Counterclaimants. | ) | |

## PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM

### First Defense

Plaintiffs respond, by their undersigned counsel, to the numbered paragraphs in Defendants' counterclaim as follows:

60. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 60.

61. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 61.

62. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 62.  As of yet, Plaintiffs are not in the possession of information that would verify that interest and/or penalties received supervisory approval.

63. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 63.

64. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 64.

## Second Defense

65.

66. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 66.  Plaintiffs do not recall filing any returns for the years in question or returns that can be justified as "frivolous."

67. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 67.

68. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 68.  As of yet, Plaintiffs are not in the possession of information that would verify that interest and/or penalties received supervisory approval.

69. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 69.

70. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 70.

### Third Defense

71.

72. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 72.  Plaintiffs do not recall filing any returns for the years in question or returns that can be justified as "frivolous."

73. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 73.

74. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 74.  As of yet, Plaintiffs are not in the possession of information that would verify that interest and/or penalties received supervisory approval.

75. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 75.

76. Lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 76.

### First Affirmative Defense

Defendant's counterclaim violates FRCP Rule 10.  Although the IRS is supposed to be a new party to the counterclaim of August 25, Defendant United States failed to include the IRS' name in the caption as required by FRCP Rule 10 that a pleading "must name all the parties" and to indicate the inclusion of the new party.

### Second Affirmative Defense

Defendant's counterclaim is not plausible on its face and fails under Rule 12(b)(6).

### Third Affirmative Defense

According to Section 6702(a), a person shall pay a penalty if "such person files….." a frivolous return.

Defendants have not proven how they could penalize plaintiffs for "frivolous return penalties" when they did not prove that (1) returns were actually filed for the years listed in the counterclaim, and (2) how these returns fall under Section 6702(c) to be considered frivolous.

Counts II and III "frivolous return penalties" do not apply to Plaintiffs and are based on a faulty premise.

### Fourth Affirmative Defense

Defendant's counterclaim is not plausible on its face and fails under Rule 12(b)(6).  Under Count III, Defendants disregarded 26 USC 6751(a) by failing to name the provision imposing the penalty.

### Fifth Affirmative Defense

It is not verified in the counterclaim that Defendants had fulfilled their obligation under section 6702(b)(3) by providing Plaintiffs with a notice that their submissions were frivolous and an opportunity to withdraw those submissions within 30 days so that the penalties would not apply.

### Sixth Affirmative Defense

It is not verified in the counterclaim that the sums being sought for collection are consistent with the record of assessment as per 26 USC 7214(a).

### Seventh Affirmative Defense

The counterclaim is not timely for years 1991 through 1996, as per 26 USC 6533(1) period of limitation.

### Eighth Affirmative Defense

Defendants did not offer evidence that notice and demand for penalties was given as required by Section 6671(a).

### Ninth Affirmative Defense

Defendants disregarded 26 USC 6751(b)(1) by failing to attach a written verification that the penalties have received supervisory approval.

### Tenth Affirmative Defense

Defendants offered no evidence that they fulfilled the notice of deficiency requirement (by certified mail or registered mail) as per 26 USC 6212 before filing a counterclaim.

### Eleventh Affirmative Defense

Defendants did not state under what provision of the Code they are making their claims for Counts I and III.

### Twelfth Affirmative Defense

Defendants disregarded 26 USC 6751(a) by failing to attach the notice of penalty, the name of the penalty, and how they computed the penalties they wish the court to impose.

### Thirteenth Affirmative Defense

There is no evidence that Defendants offered an opportunity for a hearing to dispute the liability as per 26 USC 6330(c)(2)(B).

### Fourteenth Affirmative Defense

Defendants excluded 1985 thru 1990 (as listed in Exhibits B & D) from their Count II & III computations. Doing so indicates that Defendants had abandoned those years, probably since the amounts for those years are not legally enforceable.  Being legally unenforceable, the liens must be released as per 26 C.F.R. 401.6325 – 1.

To abandon 1985 thru 1990 penalties in the counterclaim is an indication that Defendants were pursuing unauthorized collection measures by seeking to enforce notices that are not legally enforceable since liens self-extinguish at the end of a ten-year period.

WHEREFORE Plaintiffs request from this Honorable Court that Defendants' allegations be dismissed and Plaintiffs be granted the relief requested, along with fees, costs, and other relief the Court deems appropriate.


Respectfully submitted,

 /s/  Elias Aoun_____                          June 3, 2009
**Elias Aoun, Esq. Bar Number 479315**
**2531 Trellis Green**
**Cary, NC 27518**
**Cell Phone 202-257-7796**

**CERTIFICATE OF SERVICE**

I hereby certify that on or about June 3, 2009 a true and correct copy of the

foregoing document was served upon the following via the Court's ECF filing

Protocol:


       Benjamin J. Weir, Esq.
       Tax Division
       Department of Justice


       __/s/Elias Aoun_____
       ELIAS AOUN