UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
HAROLD D. LONG and                              )
  SHERRIE K. LONG,                              )
                                                )
        Plaintiffs,                             )
                                                )
        v.                                      )        Civil Action No. 08-849 (PLF)
                                                )
UNITED STATES OF AMERICA, et al.,               )
                                                )
        Defendants.                             )
_____)


MEMORANDUM OPINION

        This matter is before the Court on the government's motion for partial summary

judgment on its counterclaims against plaintiffs ("Mot."). The Court previously granted the

government's motion to dismiss plaintiffs' complaint. See Long v. United States, 604 F. Supp.

2d 119 (D.D.C. 2009). The government's counterclaims against plaintiff Harold Long are all that

remain in this case.

        Plaintiffs, who are now *pro se,* have not responded to the government's motion,

even though the Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir.

1988) and Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992), directing plaintiffs to respond to

the motion by March 1, 2010, and informing plaintiffs of the risks of failing to respond. See

Order, Dkt. No. 38 (Jan. 26, 2010). Plaintiffs still have not responded to the government's

motion, made any request for an extension of time, or made any other filing with the Court in the

time since the Court's Order. The Court therefore may treat the government's motion as

conceded. The Court also has considered the substance of the government's motion and, after

careful consideration of the motion, the accompanying exhibits, and the relevant case law and

statutes, it has concluded that the motion should be granted on its merits.

## I.  STANDARD OF REVIEW

Summary judgment may be granted if "the pleadings, the discovery and disclosure

materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v.

Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect

the outcome of a suit under the governing law; factual disputes that are 'irrelevant or

unnecessary' do not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d

at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).  An issue is "genuine" if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Scott

v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb

v. Powell, 433 F.3d at 895.  Because plaintiffs have not responded to the government's motion,

the Court has treated all of the facts identified in defendant's Statement of Material Facts as to

Which There is No Genuine Issue as admitted pursuant to Local Civil Rule 7(h)(1).  The only

question before the Court, therefore, is whether these conceded facts entitle the government to

judgment as a matter of law.  See FED. R. CIV. P. 56(c).[1]

---

[1]    That having been said, because plaintiffs are proceeding *pro se*, the Court has
evaluated their filings under "less stringent standards than formal pleadings drafted by lawyers."
Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting
Haines v. Kerner, 404 U.S. 519, 520, (1972)); see also Gray v. Poole, 275 F.3d 1113, 1115 (D.C.
Cir. 2002).

## II. DISCUSSION

The United States moves for summary judgment based on its tax assessments against Mr. Long. These assessments are the IRS's determination that Mr. Long owes the federal government a certain amount of unpaid taxes. See United States v. Fior D'Italia, 536 U.S. 238, 242 (2002). The tax assessments are presumptively correct. See Buaiz v. United States, 521 F. Supp. 2d 93, 96 (D.D.C. 2007) (citing United States v. Fior D'Italia, 536 U.S. at 242-43). A certified transcript which reflects the assessment (known as Form 4340) is presumptive proof of a taxpayer's liability. See id. The certified transcripts are self-authenticating and need no extrinsic evidentiary support as a predicate to admissibility. See id. (citing Fed. R. Ev. 902). They may provide a sufficient basis for summary judgment against Mr. Long. See id.

The government's tax assessments, which are attached to its motion, establish that as of September 28, 2009, Mr. Long owed $13,647 in taxes, interest, and penalties for the tax year ending December 31, 1992. See Mot., Declaration of Benjamin J. Weir, ("Weir Decl.") Ex. 1. He owed $10,397 in taxes, interest, and penalties for the tax year ending December 31, 1994. See Weir Decl., Ex. 2. He owed $30,714 in taxes, interest, and penalties for the tax year ending December 31, 1994. See Weir Decl., Ex. 3. As of September 28, 2009, Mr. Long owed a total amount of $54,758, with additional penalties and interest accruing thereafter. See Weir Decl. ¶ 7. The government sent notices and demand for payment for these tax liabilities in compliance with 28 U.S.C. § 6303. See Mot., Ex. A. Mr. Long has not paid the full amount due and owing.

No genuine issue of material fact exists regarding Mr. Long's liability for unpaid income tax, interest, and penalties for the tax years 1992, 1994, and 1995. Accordingly, the Court will grant the government's motion for partial summary judgment. An Order to accompany this Memorandum Opinion shall issue this same day.


_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 21, 2010